**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-**

In Re:

THE DOCK ON COOLEY LLC             Case No.26-30869
                                   Chapter 11
            Debtor.               Hon. Joel D. Applebaum

_____/

**FIRST DAY MOTION**
**COVER SHEET FOR MOTION FOR USE OF CASH COLLATERAL,**
**REGARDING ADEQUATE PROTECTION AND RELATED RELIEF**

  The debtor has filed the above-captioned motion, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes<br>_x____ No | Page _____, _____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes<br>__x___ No | Page _____, _____ |
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____ Yes<br>___x__ No | Page _____, _____ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | _____ Yes<br>__x___ No | Page _____, ____ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br>__x___ No | Page _____, _____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br>___x__ No | Page _____, _____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | _____ Yes<br>__x___ No | Page _____, _____ |

| | | |
|---|---|---|
| (8) Provisions for the payment of prepetition debt. | _____ Yes<br>__x ___ No | Page _____,   ___ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br>__x___ No | Page _____,   _____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br>__x___ No | Page _____,   _____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br>___x__ No | Page _____,   _____ |
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br>__x___ No | Page _____,   _____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br>__x___ No | Page _____,   _____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | __ ___ Yes<br>__x___ No | Page _____,   _____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br>__x___ No | Page _____,   _____ |
| (16) Provisions that purport to bind a subsequent trustee. | ___ __ Yes<br>___x__ No | Page _____,   _____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br>__x___ No | Page _____,   _____ |

Respectfully submitted,


___/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Prospective Attorneys for Debtor
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

DATED: 4/13/2026

2

In Re:

THE DOCK ON COOLEY LLC

         Debtor.

_____/

Case No. 26-30869
Chapter 11
Hon. Joel D. Applebaum

**DEBTOR'S MOTION FOR USE OF CASH COLLATERAL,**
**REGARDING ADEQUATE PROTECTION AND RELATED RELIEF**

NOW COMES Debtor, through counsel, and states:

### General Averments

1.     Debtor is a debtor in possession.

2.     Debtor files this Motion for the Entry of an Order Authorizing the Debtor to Use Cash Collateral and Providing Adequate Protection (the "Motion") pursuant to Fed. R. Bankr. P. 4001(b) and L.B.R. 4001-2(a) (E.D.M.).

3.     This Court has jurisdiction over the matters relating to this Motion pursuant to 28 U.S.C. §1334(a).

4.     This is a core matter pursuant to 28 U.S.C. §157(b)(2).

5.     Nothing in the Motion is intended to be construed as an admission with respect to liability for any indebtedness, nor should anything within the Motion be construed as an admission with respect to the extent, status, validity and enforceability of any lien against any of the assets of the Debtor.

6.     Kimberly Clayson has been appointed Subchapter V Trustee in this case by the Office of the United States Trustee.

### Description of Debtor

7.     The Debtor is a restaurant located at 8635 Cooley Lake Rd, Commerce Township, MI 48382.

3

8. As of the Petition Date, Debtor's principal assets consisted of the following:

| ASSETS | VALUE[1] |
|---|---|
| Bank accounts and cash | $1,086 |
| Furniture, fixtures, equipment | $20,000 |
| Inventory | $12,103 |
| Prepaid and other current assets | $3,990 |
| Liquor License | $60,000 |
| TOTAL | $97,179 |

9. A significant portion of the value of Debtor's business arises from its ongoing operations.

## Secured Claimants

10. It is contemplated that the following claimants will assert secured claims in the following amounts (the "Secured Claimants"):

| Claimant | Amount likely to be claimed |
|---|---|
| State of Michigan | 17,162.28 |
| Cooley Lake Bar & Grill, Inc. | 143,468.81 |
| Middesk, Inc. | 0 |

## Use of Cash Collateral

11. Debtor's anticipated revenues and anticipated expenses are set forth in the attached spreadsheet.

12. A failure to allow Debtor to use these funds will cause irreparable and immediate harm because its ability to reorganize will be jeopardized.

---

[1] Unless otherwise stated, values are estimations. Debtor has not yet performed a thorough analysis of its assets and reserves its rights to amend these figures.

4

## Adequate Protection

13. Debtor proposes to grant the purported Secured Claimants a replacement lien on postpetition assets of the same type and to the extent they have a perfected security interest on the particular type of prepetition assets, to the extent the prepetition assets constitute cash collateral, to the extent that Debtor will be using those prepetition assets postpetition, and at the same priority as existed prepetition.

14. A court can allow the use of cash collateral under 11 U.S.C. §363. Debtor believes that the secured claimants which assert an interest in cash collateral will be adequately protected.

15. Debtor is confident that its post-petition operations will be profitable and that it will be able to demonstrate its ability to remain profitable during these bankruptcy proceedings and beyond. Debtor has prepared an anticipated budget of necessary expenditures and of revenues going forward.

16. The Projections/Budget demonstrate Debtor's anticipated revenue is sufficient to cover weekly expenses going forward in order to avoid immediate and irreparable harm to the Debtor.

17. Based upon the Projections/Budget the Debtor asserts that it will remain profitable and will thereby be able to provide its secured creditors with adequate protection of their interests in cash collateral of the Debtor through the continuing liens being offered. *See* Matter of Pursuit Athletic Footwear, Inc., 193 B.R. 713 (Bankr. D. Del. 1996).

18. On the basis of the adequate protection submitted above, the Debtor submits that it should be granted authority to use cash collateral.

19. The Debtor contends that without authority to use cash collateral, its operations would cease, which would result in immediate and irreparable harm that would be detrimental to the interests of the estate and to all of its creditors.

20. Furthermore, without the use of cash collateral, the Debtor will be unable to pay vendors and employees who are critical to the operation of Debtor's business.

21. The entry of an order authorizing Debtor's use of cash collateral will minimize disruption of the Debtor's business and will

5

increase the possibility of a successful rehabilitation, and is, therefore, in the best interests of the estate and its creditors.

22.    Pursuant to the proposed Order, Debtor will open a separate DIP bank account earmarked for postpetition professional fees for the Subchapter V Trustee and Debtor's counsel, pursuant to the attached budget and subject to the fee application process.

## Service of Motion and Hearing Date

23.    The Debtor has served this motion upon its matrix, all of its creditors, and the U.S. Trustee. Where possible, entities on the matrix have been served with notice by email or facsimile.

**WHEREFORE**, the Debtor respectfully requests that this Honorable Court enter the attached proposed Order Authorizing the Debtor to Use Cash Collateral and grant such other relief as is just and equitable to Debtor and the estate.

Respectfully submitted,

___/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Prospective Attorneys for Debtor
P.O. Box T
Clinton, MI 49236

DATED: 4/13/2026                (248) 677-1234
bbassel@gmail.com

6

In Re:

THE DOCK ON COOLEY LLC         Case No. 26-30869
                                    Chapter 11
         Debtor.                Hon. Joel D. Applebaum

_____/

## VERIFIED DECLARATION OF PERPARIM (Frank) GJURA

1.     I am the owner of Debtor.

2.     To the best of my knowledge, information and belief, the averments in the motion for use of cash collateral are true and correct.

## VERIFIED UNDER PENALTY OF PERJURY

      /s/ PERPARIM (Frank) GJURA_____
      PERPARIM (Frank) GJURA,  Principal

7

In Re:

THE DOCK ON COOLEY LLC        Case No. 26-30869

                                         Chapter 11

             Debtor.                 Hon. Joel D. Applebaum

_____/

**ORDER GRANTING DEBTOR'S USE OF CASH COLLATERAL**

Upon the above-captioned motion, sufficient cause existing for the relief requested, there being no unresolved objections

IT IS HEREBY ORDERED THAT,

Debtor is authorized to use its funds including cash collateral to pay those expenses attached to the underlying motion in a weekly amount of no more than $20,000 until the Order becomes a final Order.

Debtor is authorized to grant the purported secured claimants listed in the motion a replacement lien on postpetition assets of the same type and to the extent they may have a perfected security interest on the particular type of prepetition assets, to the extent that Debtor will be using those prepetition assets postpetition and to the extent they constitute cash collateral, and at the same priority as existed prepetition.

This protection being afforded to the purported secured claimants is adequate.

Debtor shall open a separate DIP bank account earmarked for postpetition professional fees for the Subchapter V Trustee and Debtor's counsel, pursuant to the budget attached to the underlying motion, as it may be amended over time, and subject to the fee application process.

The underlying motion and this Order shall be served upon the Debtor's matrix within 24 hours of its entry. Upon the filing of a timely objection, a final hearing on this matter will be heard by the Court on _____ at _____.

Objections to the relief provided in this Order must be filed within 14 days from the entry of the order, except that an official committee may file objections within 14 days after it is served with the order. If no objections are timely filed, the order may become a final order.

8

If no objections are made to this order becoming a final order, Debtor may use its funds, including cash collateral, in the ordinary course of business until further Order of the Court.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:

THE DOCK ON COOLEY LLC          Case No. 26-30869
                               Chapter 11
          Debtor.           Hon. Joel D. Applebaum

_____/

## PROOF OF SERVICE

The undersigned served, or caused to be served, copies of Debtor's Motion for Use of Cash Collateral, and related attachments upon the following by electronic mail through the ECF system or U.S. Mail:

Matrix

Subchapter V Trustee and all counsel of record via ECF system

Office of the United States Trustee
211 W. Fort Street, 7th Floor
Detroit, MI 48226


                                  Respectfully submitted,


                                  ___*/s/ Robert Bassel* _____
                                  ROBERT N. BASSEL (P48420)
                                  Prospective Attorneys for Debtor
                                  P.O. Box T
                                  Clinton, MI 49236
DATED: 4/13/2026                   (248) 677-1234
                                  bbassel@gmail.com

In Re:

THE DOCK ON COOLEY LLC        Case No. 26-30869
                                          Chapter 11
            Debtor.                    Hon. Joel D. Applebaum
_____/


**ORDER SETTING HEARING ON DEBTOR'S**
**MOTION FOR USE OF CASH COLLATERAL**

Upon the filing of the above-captioned motion,

IT IS HEREBY ORDERED THAT, a hearing on the above-captioned motion shall be held on _____ at ____.m., in the Courtroom of the Honorable Joel D. Applebaum, United States Bankruptcy Court, 226 W 2nd St, Flint, MI 48502.

IT IS FURTHER ORDERED THAT Debtor shall serve a copy of this Order upon its matrix and the U.S. Trustee within 24 hours of its entry, by email or facsimile, where available, and by U.S. Mail otherwise.

# THE DOCK ON COOLEY LLC

*Projections — Chapter 11 Case No. 26-30869*

| Line Item | Projection(Monthly ÷12) | Projection (Weekly ÷52) |
|---|---|---|
| **INCOME** | | |
| **Sales Revenue (net of sales tax)** | $91,666.67 | $21,153.85 |
| Cost of Goods Sold | ($45,833.33) | ($10,576.92) |
| **GROSS PROFIT** | **$45,833.33** | **$10,576.92** |
| Lottery Commission Income | $1,356.27 | $312.99 |
| **TOTAL INCOME** | **$47,189.60** | **$10,889.91** |
| | | |
| **EXPENSES** | | |
| Advertising & Promotion | $1,416.67 | $326.92 |
| Bookkeeping | $600.00 | $138.46 |
| Bank Service Charges | $1,375.00 | $317.31 |
| Dues & Subscriptions | $22.92 | $5.29 |
| Insurance Expense | $1,685.79 | $389.03 |
| Internet | $709.15 | $163.65 |
| Interest Expense | $514.89 | $118.82 |
| Janitorial Expense | $291.67 | $67.31 |
| Landscaping & Snow Plowing | $120.83 | $27.88 |
| Legal  Fees | $1,666.67 | $384.62 |
| Licenses and Permits | $399.96 | $92.30 |
| Meals Expense | $23.56 | $5.44 |
| Outside Services (1099 workers) | $7,517.37 | $1,734.78 |
| Office Expenses | $479.51 | $110.66 |
| Printing & Reproduction | $85.34 | $19.69 |
| Payroll Processing | $750.00 | $173.08 |
| Property Tax | $10.33 | $2.38 |
| Wages & Salaries | $11,083.33 | $2,557.69 |
| Payroll Taxes | $1,175.00 | $271.15 |
| Other Taxes | $278.75 | $64.33 |
| Rent Expense | $6,000.00 | $1,384.62 |
| Repairs & Maintenance | $1,072.00 | $247.39 |
| Supplies | $875.00 | $201.92 |
| Security | $149.91 | $34.59 |
| Software | $103.53 | $23.89 |
| Telephone & Fax | $362.74 | $83.71 |
| Travel Expense | $20.71 | $4.78 |
| Utilities | $1,125.00 | $259.62 |
| Uniforms & Shoes | $458.33 | $105.77 |
| Waste Management | $7.50 | $1.73 |
| Subchapter V Trustee (est.) | $1,666.67 | $384.62 |
| **TOTAL EXPENSES** | **$42,048.09** | **$9,703.41** |
| | | |
| **NET INCOME / (LOSS)** | **$5,141.51** | **$1,186.50** |