UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

| | |
|---|---|
| In re: | Case No. 26-30869 |
| THE DOCK ON COOLEY LLC | Chapter 11 |
| Debtor. | Hon. Joel D. Applebaum |

**CREDITOR FBZ ENTERPRISES, LLC'S CONTINUING OBJECTION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**

Creditors FBZ Enterprises, LLC, by and through its attorney Xuereb Law Group PC, renews its objection to Debtor's Motion for Use of Cash Collateral ("the Motion") and in support thereof states as follows:

**Preliminary Statement**

The Debtor seeks to use this Federal Bankruptcy Court to reorganize its restaurant and bar business. Creditor is the landlord of the Debtor who was in the process of the evicting the Debtor. Creditor has defaulted on their lease by causing a lien to be recorded against the Leased Premises, by using the Leased Premises to grow marijuana, by failing to continuously maintain insurance coverage pursuant to the lease, by failing to pay the water bill, and by failing to pay for renewal of the liquor license. Creditor served a 30-day notice to quit on March 25, 2026. The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, on April 8, 2026. [Doc. No. 1].

1. The Debtor's primary business is a restaurant and bar operating as Prime 7 Bar & Restaurant at 8635 COOLEY LAKE RD, COMMERCE TOWNSHIP, MI 48382.

2. FBZ Enterprises, LLC, is the landlord and owner of the property at 8635 COOLEY LAKE RD, COMMERCE TOWNSHIP, MI 48382.

3. On April 13, 2026, the Debtor filed its First Day Motion to Use Collateral Cash. [Doc. No. 11].

4. On April 14, 2026, Creditor filed objections to the Debtor's motion [Doc No. 15] and a motion to dismiss [Doc No. 14], in relevant part, because the Debtor had failed to maintain insurance on the Leased Premises.

5. Specifically, the Debtor's insurance policy was set to expire on April 27, 2026.

6. Debtor filed an updated projection for the use of cash collateral on April 14, 2026. [Doc. No. 16].

7. This Court heard arguments on April 15, 2026. The Debtor made assurances that it would obtain insurance before expiration of the prior policy on April 27, 2026.

8. Consistent with this Court's ruling from the bench on April 15, 2026, the parties stipulated to entry of an interim order granting the Debtor leave to use

cash collateral until April 29, 2026, while Creditor's objections were preserved. [Doc. No. 20; Doc. No. 21].

9. The Debtor subsequently filed documents entitled "Evidence of Commercial Property Insurance" and "Certificate of Liability Insurance" as an exhibit to its motion to use cash collateral, which were effective on April 14, 2026. [Doc. No. 25].

10. A stipulation was entered on April 22, 2026, to extend the Debtor's deadline from April 22 to April 23, 2026, to file several documents, including financial documents such as the Statement of Financial Affairs and a Balance Sheet. [Doc. No. 28; Doc. No. 29].

11. On April 23, 2026, the documents filed by Debtor to meet this deadline were incomplete.

12. For example, in lieu of a Balance Sheet, Debtor provided the unaudited draft balance sheet from its 2024 tax return. [Doc. No. 42].

13. In lieu of a Cash Flow Statement, Debtor provided the income statement from its 2024 tax return. [Doc. No. 43].

14. Debtor's Statement of Operations states that Debtor has not yet prepared a Statement of Operations. [Doc. No. 44].

15. As relevant here, Debtor's Statement of Financial Affairs reports that its gross revenue was $948,140.00 in 2024 and $975,291.97 in 2025. However,

Debtor reports just $153,350.15 in gross revenue as of the filing date, roughly 15% of expected annual gross revenue. [Doc. No. 38].

16. As identified in its prior objections, Creditor is concerned that Debtor is permitting or has permitted an illegal marijuana growing operation in the building. Creditor's concerns regarding criminal activity on the premises are compounded by the fact that Creditor has been threatened by Debtor on multiple occasions (Exhibit 1, Affidavit of Rep for Creditor).

17. Debtor also failed to pay to renew the liquor license, and Creditor acted to secure its interest in the liquor license by making that payment itself (Exhibit 2, Proof of Pmt).

18. Debtor has also failed to comply with Commerce Township's annual liquor license review process, which places Creditor's secured interest in the liquor license at risk without adequate protections (Exhibit 3, Commerce Twp Letter)

19. Finally, Debtor is delinquent on its water bill _and_ property taxes (Exhibit 4, Delinquent Bills).

## OBJECTION

20. **Lack of Adequate Protection:** The Debtors' continued use of cash collateral will cause a decline in the value of FBZ Enterprises, LLC's interest in the collateral. Pursuant to 11 U.S.C. § 363(e), the Court must prohibit or condition the Debtor's continued use of cash collateral to provide adequate protection.

21. The Debtor bears the burden of proof of demonstrating that a creditor has adequate protection. 11 U.S.C. § 363(p).

22. The term "adequate protection," as it is used here, may be provided by the Debtor by

> (1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that . . . use, sale, or lease under section 363 of this title . . . results in a decrease in the value of such entity's interest in such property;

> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property. [11 U.S.C. § 361.]

23. A creditor's "interest is not adequately protected if the security is depreciating during the term of the stay." *United Savings Ass'n of Tex v Timbers of Inwood Forest Assocs, Ltd*, 484 U.S. 365, 370; 108 S.Ct 626; 98 L.Ed.2d 740 (1988).

24. Specifically, the Debtor's insurance policy fails to list Creditor as an additional loss payee, additional insured, or a party with an additional interest in the property. [Doc. No. 25-1].

25. Creditor's interests are not adequately secured so long as Creditor is not named on the insurance policy.

26. Additionally, Creditor lacks confidence in the accuracy of Debtor's financial filings and the Debtor's ability to become/remain profitable during

pendency of these proceedings, leaving Creditor without adequate protections. For example, Debtor's updated budget projections regarding its motion for cash collateral identified expected expenses of $5,204.33 for 1099 workers, $300 for janitorial expenses, and $100 for landscaping and snow plowing expenses. But when asked as the motion hearing what the expected 1099 expenses were for, debtor could not adequately answer, suggesting that those fees were potentially for landscaping. Debtor's extreme uncertainty regarding its expected expenses contributes to the lack of adequate protections.

27. Debtor's incomplete financial filings reinforce Creditor's lack of confidence in Debtor's ability to provide Creditor with adequate protection of its interests. For example, the tax records filed by Debtor from the 2024 tax year demonstrate that Debtor has had negative business income for multiple years running [See, *e.g.*, Doc. No. 42; Doc. No. 43]. Debtor was unable to provide this Court with more updated records, including even how much cash Debtor currently has on hand or the value of its current inventory. Debtor's filings also suggest that it lacks a cushion of equity with which it can secure adequate protection of Creditor's interests [Doc. No. 41].

28. The replacement lien authorized by the Stipulated Order Granting Debtor's Interim Use of Cash Collateral [Doc. No. 20; Doc. No. 21] is inadequate protection because Debtor's continued operation with negative income will cause

deterioration of the bankruptcy estate and erosion of Creditor's secured interests to the extent that Creditor lacks adequate protections.

29.     It also appears from Debtor's financial statements that its gross revenue has continued to decline following the murder that took place on the property in November 2025[1].  Debtor reports just $153,350.15 in gross revenue as of the filing date, roughly 15% of expected annual gross revenue.  [Doc. No. 38].

30.     Debtor has not met its burden of proving that it can adequately protect Creditor's secured interests, even with increased revenue during a busy season.

31.     Underscoring the Debtor's financial insecurity is the fact that Debtor failed to make payments necessary to renew its liquor license.  Creditor acted to protect its secured interest in the liquor license (Exhibit 5, Promissory Note) by making the renewal payment itself (Exhibit 2, Proof of Pmt).

32.     The liquor license renewal remains outstanding with Commerce Township, and Debtor remains behind on tax and water bills (Exhibit 3, Commerce Twp Letter; Exhibit 4, Delinquent Bills).

33.     "The whole purpose in providing adequate protection for a creditor is to insure that the creditor receives the value for which the creditor bargained prebankruptcy."  *In re TeVoortwis Dairy, LLC*, 605 B.R. 833, 839 (E.D. Mich.

---

[1] Fox 2 Detroit, Prime 7 general manager killed in restaurant shooting; 65-year-old suspect in custody (2025), <https://www.msn.com/en-us/general/general/howell-man-killed-in-prime-7-restaurant-shooting-65-year-old-suspect-in-custody/ar-AA1QCehc?ocid=BingNewsVerp>.

2019), quoting *MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396 (10th Cir. 1987).

34. Creditor has received no assurances that Debtor has operated within its budget pursuant to the order allowing Debtor to use cash collateral.

35. Creditor objects to Debtor's continued use of cash collateral.

36. Should this Court be inclined to grant Debtor leave to continue to use cash collateral, such use should be conditioned on much more stringent reporting requirements and retention of a financial expert that can provide this Court with a credible assessment of Debtor's finances before further re-authorization of Debtor's use of cash collateral. See *In re TeVoortwis Dairy*, 605 B.R. at 840.

**WHEREFORE**, the Creditor FBZ Enterprises, LLC respectfully requests that this Court to enter an Order denying the use of Cash Collateral the above-captioned case and granting to the Creditor such other and further relief as this Court deems just and property.

Dated: April 27, 2026

Respectfully submitted,
**XUEREB LAW GROUP PC**

By:  /s/ *Peter Behrmann*
Joseph M. Xuereb (P40124)
Peter Behrmann (P71582)
Thomas W. DeLano (P87592)
Attorneys for Defendant
39209 Six Mile, Suite 165
Livonia, Michigan 48152
(734) 455-2000

# Exhibit 1

# AFFIDAVIT OF FRAN ZEFI

STATE OF MICHIGAN    )
                                 ) SS.
COUNTY OF OAKLAND   )

I, FRAN ZEFI, being sworn, state:

1. I make this affidavit based on personal knowledge, and I can testify competently to the facts contained in this affidavit if called upon to do so at a trial or hearing.

2. On or about June 2024, tenant Perparim Gjura threatened me by stating, "people disappear all the time, they get thrown in the ocean, never to be seen again."

3. On or about January 2025, while my wife and I were at the Dock on Cooley Restaurant picking up a check, Francesk threatened me by saying, "you are lucky you are with your wife because I was going to beat you up right now."

4. On or about May 25, 2024, Fatmir came to my house alone and made a "settlement offer" that I would get "some" of the money, but not all of it, if I dismissed the then-pending lawsuit. When I rejected his offer Fatmir threatened that if he gets evicted, he will destroy the restaurant.

[Signatures on the Following Page]

FBZ - Affidavit of Fran Zefi

26-30869-jda   Doc 49   Filed 04/27/26   Entered 04/27/26 16:58:01   Page 10 of 37

I DECLARE UNDER PENALTY OF PERJURY THAT THE STATEMENTS ABOVE ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE, AND BELIEF.

FRAN ZEFI

Subscribed and sworn to before me
this 27th day of April, 2026

Madison Monaco, Notary Public
Macomb County, Michigan
Acting in Wayne County
My commission expires: February 12, 2032

# Exhibit 2

*MLCC Company ID 9044030366 - Please ensure your financial institution has this company ID if they require a company ID to process ACH Transactions. Failure to make these arrangements could result in your payment being returned unpaid.

*All submitted payments are pending until honored by your financial institution. For verification that your submitted payment has been paid, please contact your financial institution.

| | |
|---|---|
| Confirmation # | : 26041881705155 |
| Receipt # | : R-1632801 |
| Payment Amount | : $950.00 |
| Payment Method | : eCheck |
| Receipt Paid By | : Peter Abbo |
| Effective Date | : Apr-18-2026 |

### Fee Payments

| Transaction Fee Code | Type | Fee Amount | Payment Amount | Related To | Business ID |
|---|---|---|---|---|---|
| 02464815 | Sunday Sales Am (7am-12pm Sales) | $160.00 | $160.00 | License: L-000449281 Permit: 22-1383 | 0275872 |
| | | | | License Renewal: RN-26-00002 | |
| 02464822 | Sunday Sales (Sunday Sales Pm) | $90.00 | $90.00 | License: L-000449281 Permit: 22-1384 | 0275872 |
| | | | | License Renewal: RN-26-00002 | |
| 02464828 | Retail Renewal (Current License Or Banquet Facility Permit) | $100.00 | $100.00 | License: L-000449280 | 0275872 |
| | | | | License Renewal: RN-26-00002 | |
| 02464832 | Retail Renewal (Current License Or Banquet Facility Permit) | $600.00 | $600.00 | License: L-000449281 | 0275872 |
| | | | | License Renewal: RN-26-00002 | |

26-30869-jda   Doc 49   Filed 04/27/26   Entered 04/27/26 16:58:01   Page 13 of 37

Law Office
# WEINBAUM & ABBO, P.C.
28545 Orchard Lake Road
Suite B
Farmington Hills, MI 48334-2996

_____

(248) 489-1880
Fax (248) 489-4206

Peter Abbo
Peter Manni

peterabboattorney@gmail.com
April 22, 2026

Pauline Abbo
Legal Assistant

THE DOCK ON COOLEY, LLC
c/o Fran Zefi
Personally Delivered

RE:    License Renewal

## ATTORNEY FEES:

- Processed renewal of Class C and SDM licenses for THE DOCK ON COOLEY, LLC (BID #0275872) – Renewal Fee with MLCC paid by Client

**LEGAL FEES:**          **$175.00**

| | |
|---|---|
| *THANK YOU FOR ALLOWING US TO REPRESENT YOU. WE VALUE YOUR BUSINESS | |

Terms:  Net 30 days.  All delinquent accounts are assessed a finance charge of 1.5% per month.
Federal Tax I.D. #38-3009705
Please make check payable to Peter Abbo

PM\Docs/Invoices/ THE DOCK ON COOLEY



# STATE OF MICHIGAN - LIQUOR CONTROL COMMISSION

This is to certify that a License is hereby granted to the person(s) named with the stipulation that the licensee is in compliance with Commission Rule R 436.1003, which states that a licensee shall comply with all state and local building, plumbing, zoning sanitation, and health laws, rules, and ordinances as determined by the state and local law enforcement officials who have jurisdiction over the licensee. Issuance of this license by the Michigan Liquor Control Commission does not waive this requirement. The licensee must obtain all other required state and local licenses, permits, and approvals for this business before using this license for the sale of alcoholic liquor on the licensed premises.

This License is granted in accordance with the provisions of Act 58 of the Public Acts of 1998 and shall continue in force for the period designated unless suspended, revoked, or declared null and void by the Michigan Liquor Control Commission. The licensee named below freely and voluntarily consents and submits to inspections of the license premises in accordance with MCL 436.1217(2)-(3) and R 436.1011(4). Failure to comply with all laws and rules may result in the revocation of this license.

**Department of Licensing and Regulatory Affairs**

THIS LICENSE SUPERSEDES ANY AND ALL OTHER LICENSES ISSUED PRIOR TO APRIL 18, 2026

BUSINESS ID: 0275872
THE DOCK ON COOLEY, LLC
D/B/A PRIME 7 BAR & GRILL

FILE NUMBER:

8635 COOLEY LAKE RD,
COMMERCE TOWNSHIP, MI 48382-4723

OAKLAND COUNTY
D-115
COMMERCE TWP

| LICENSE # | LICENSE: | ACT: |
|-----------|----------|------|
| L-000449280 | Specially Designated Merchant | MCL 436.1533(5)a (NONTRANSFERABLE) |
| L-000449281 | Class C | N/A |

TOTAL BARS: 1          OUTDOOR SERVICE AREA: 1          ROOMS:
DIRECT-CONNECTIONS: 0  PASSENGERS:

PERMIT
Sunday Sales (AM), Sunday Sales (PM):Class C- Spirits & Mixed Spirit Drink, Outdoor Service Area(1), Entertainment

IN WITNESS WHEREOF, this License has been duly signed and sealed by both the Michigan Liquor Control Commission and the Licensee(s).

LIQUOR CONTROL COMMISSION

LICENSEE(S) SIGNATURE(S)

## LICENSE EFFECTIVE MAY 1, 2026 - EXPIRES APRIL 30, 2027

**2026**
**2027**

Entered 04/27/26 16:58:01    Filed 04/27/26    Doc 49    26-30869-jda

# Exhibit 3



### WRC
**WATER RESOURCES COMMISSIONER**  *Jim Nash*

One Public Works Drive
Building 95 West
Waterford, MI 48328-1907

| Bill Date | Account Number | |
|---|---|---|
| 04/16/26 | 049349 | |
| Amount Due | Due Date | Late Payment |
| $5,392.00 | 05/18/26 | $5,566.20 |
| Service Address | | Amount Enclosed |
| 8635 COOLEY LAKE RD | | |

Make checks payable to: O.C.W.R.C

OAB0416B   2676 1 MB 0.672
7000002685 00.0009.0030 2676/1



FRAN ZEFI
3013 POLO WAY
MILFORD MI 48380-2542

04934900005392000000055566203

*Please detach this portion and return with your payment*
Cash Payment Options are Available!
See the reverse for information about paying online and making cash payments at lo
**7-ELEVEN.  ♥CVS** pharmacy  and  **FAMILY DOLLAR** retailers.

| Account Number | Name | Service Address |
|---|---|---|
| 049349 | CURRENT RESIDENT | 8635 COOLEY LAKE RD |

| Meter Number | Read Dates | | Billing Days | Meter Readings | | Read Type | Usage | Units |
|---|---|---|---|---|---|---|---|---|
| | Previous | Present | | Previous | Present | | | |
| | 01/24/26 | 04/16/26 | 82 | | | | | |



24 Months Consumption History
■ Previous Year ■ Current Year

| | |
|---|---|
| PREVIOUS BALANCE - 01/26/26 | 3,475.85 |
| SEWER PENALTY - 03/02/26 | 174.20 |
| **BALANCE FORWARD** | **3,650.05** |
| SEWER USAGE CHARGE | 1,711.28 |
| INDUSTRIAL PRETREATMENT | 30.67 |
| **CURRENT CHARGES** | $ **1,741.95** |
| **TOTAL AMOUNT DUE** | $ **5,392.00** |

| Amount Due | Due Date | Late Payment |
|---|---|---|
| $5,392.00 | 05/18/26 | $5,566.20 |

## Messages

Billing Questions? 248-858-111(

Billing for water and sewer services is transitioning from Oakland County Water Resources to Commerce Township. Your payment method and/or account information may change. Please visit commercetwp.com for updates.



# WATER RESOURCES COMMISSIONER
# OAKLAND COUNTY

WATER RESOURCES COMMISSIONER
*Jim Nash*

## Convenient Ways to Pay

💧 **Automatic withdrawal** from your checking or savings account. For an application, go to **oakgov.com/waterbilling**.

💧 **E-Checks, Visa, Mastercard, and Discover (debit or credit)** are accepted at **oakgov.com/waterbilling** or by phone at 248-858-1110 using the self service option 24/7.

💧 **A Check/Money Order** can be mailed using the enclosed return envelope or use our dropbox at 2636 Dixie Highway, Waterford (*Cash is not accepted at the dropbox*).

💧 **Pay with cash** at 7-Eleven, CVS Pharmacy, and Family Dollar using the barcodes below. You can also scan the QR code with your smartphone to access ALL participating PayNearMe locations.

---

CASH PAYMENT INSTRUCTIONS - Take barcode and scan at participating stores or scan the QR code.
Payments are CASH ONLY.

STORE INSTRUCTIONS 1. Scan barcode 2. Enter payment amount 3. Take cash payment from customer 4. Give Customer Transaction Receipt

      PayNearMe

Scan for Mobile Pay



Find CVS Pharmacy and 7-Eleven stores at paynearme.com/cashmap      Find Family Dollar stores at paynearme.com/fdmap

Subject to PayNearMe MT, Inc. Terms of Use at paynearme.com/tos

---

Failure to receive a bill does not waive penalty.
Payments must be received by the due date to avoid penalty. Postmarks will not be honored.

**For emergency service on holidays, weekends and nights call (248) 624-6366**

### Important Information Regarding Your Bill

💧 Meter reads with the code MR are actual meter reads.

💧 Meter reads with the codes ME or CE are estimates. If you are receiving estimates, please contact our office.

💧 For water and sewer billing rates, visit **oakgov.com/waterbilling** or call 248-858-1110

💧 100 cubic feet equals approximately 750 gallion.

**Even the smallest of leaks can increase your water consumption!**

High consumption on your water bill may be an indication that you have a leak somewhere within your plumbing. Visit **oakgov.com/waterbilling** to learn about testing for leaks in your home.



# REVISED STATEMENT

04/27/2026

PRIME 7 BAR & RESTAURANT
8635 COOLEY LAKE RD
COMMERCE TOWNSHIP MI 48390

PROPERTY ADDRESS
8635 COOLEY LAKE RD

## TOWNSHIP OF COMMERCE

Parcel: **E -99-00-020-023**

THE FOLLOWING IS A STATEMENT OF DELINQUENT TAXES FOR THE YEAR <u>2026</u> WHICH ARE NOW PAYABLE TO THE OAKLAND COUNTY TREASURER. YOUR COUNTY PROPERTY TAX ADMINISTRATION FEE (4%; $1.00 minimum) AND DELINQUENT INTEREST (1% per month) HAVE BEEN CALCULATED BELOW.

|                          | SUMMER*   | WINTER  |
|--------------------------|-----------|---------|
| UNPAID TAX               | 2,297.06  | 460.90  |
| ADMINISTRATION FEE       | 0.00      | 0.00    |
| SPECIAL ASSESSMENTS      | 0.00      | 0.00    |
| UNPAID TAX BILL          | 2,297.06  | 460.90  |
| INTEREST/PENALTY-6%      | 137.82    | 0.00    |
| SUBTOTAL BY SEASON       | 2,434.88  | 460.90  |

| | |
|---|---|
| TOTAL DELINQUENT ROLL (both seasons) | 2,895.78 |
| 4% COUNTY ADMINISTRATION FEE ($1.00 minimum) | 115.83 |
| 1% COUNTY INTEREST PER MONTH | 28.96 |

| TOTAL DUE (IF PAID IN MARCH) | 3,040.57 | **MARCH*** |
|---|---|---|

OR

| TOTAL DUE (IF PAID IN APRIL) | 3,069.53 | <u>APRIL*</u> |
|---|---|---|

*Return statement with payment to: OAKLAND COUNTY TREASURER*
*\* If applicable, contact VILLAGE treasurer for additional taxes due.*

LEGAL DESCRIPTION

**Ad Valorem**

TR_E REVISED STATEMENT

EGirstR

Tax

# Exhibit 4

4/15/2026

The Dock on Cooley
8635 Cooley Lake Road
Commerce Township, MI 48390

**RE:    ANNUAL LIQUOR LICENSE REVIEW**

**Attn:   Mark Gjura**

Dear Mr. Gjura:

Commerce Township has recently performed the annual liquor license review for your establishment. This review is part of the Township's procedure to either recommend, or not to recommend, to the State of Michigan a renewal of your existing liquor license.

Your review was performed and the following items need to be addressed:

- Please provide the Township with copies of the grease trap clean out receipts for the past year.
- Keep water heater room clear.
- Align Suppression heads over grill.
- Install a Knox-box.

Please correct the above referenced items and contact the Commerce Township Building Department at (248) 960-7060 to arrange for a re-inspection within **21 days** from the date of this letter.   If the items have been completed to the satisfaction of the inspector(s), your recommendation to renew your license will be forwarded to the State.

If you have any questions regarding these or other matters, please feel free to contact us.

Sincerely,
**CHARTER TOWNSHIP OF COMMERCE**


Jay James, P.E.
Building Official

cc:     FBZ ENTERPRISES LLC (owner)- 5394 POND BLUFF DR, WEST BLOOMFIELD, MI 48323-2444
Mark Gall- Commerce Township Fire Marshall
David Campbell- Commerce Township Planning Director

# Exhibit 5

## SETTLEMENT STATEMENT

DATE: 9/19/22

SELLER: COOLEY LAKE BAR & GRILL, INC. 8635 Cooley Lake Rd., Commerce Twp, MI 48382

PURCHASER: THE DOCK ON COOLEY, LLC, 8635 Cooley Lake Rd., Commerce Twp, MI 48382

PROPERTY: Business assets including CLASS C & SDM licenses and permits

### CREDITS TO SELLER

SALE PRICE: $300,000.00

GROSS DUE TO SELLER:

### CREDITS TO PURCHASER

DEPOSIT $ 50,000.00

PROMISSORY NOTE $250,000.00

TOTAL CREDITS TO PURCHASER: $ 300,000.00

NET BALANCE TO SELLER: $ 0.00

*[Signatures are on the following page.]*

26-30869-jda Doc 49 Filed 04/27/26 Entered 04/27/26 16:58:01 Page 23 of 37

SETTLEMENT ACCEPTED AS RENDERED

SELLER: COOLEY LAKE BAR & GRILL, INC.,
a Michigan corporation

By: _____

FRAN ZEFI, President


PURCHASER: THE DOCK ON COOLEY, LLC,
a Michigan limited liability company

By: _____

PERPARIM GJURA, Member


PM/Docs/SETTLEMENTSTATEMENT-COOLEYLAKE

# POST-CLOSING MEMORANDUM

This Closing Memorandum is entered into on _Sept. 19_, 2022, by and between:

SELLER: COOLEY LAKE BAR & GRILL, INC.

and

PURCHASER: THE DOCK ON COOLEY, LLC,

for the purchase of business assets including CLASS C & SDM licenses and permits located at 8635 Cooley Lake Rd., Commerce Twp., MI 48382.

The parties seek to clarify issues that may arise after the closing of this transaction as addressed herein.

The parties further agree:

1. The sewer bill is to be adjusted between the parties after the closing.
2. Current personal property taxes are to paid by Seller when the invoice arrives, and will be prorated, in which Purchaser shall be responsible for personal property taxes as of January 1, 2022 to the date of closing.
3. Inventory has been adjusted between the parties outside of the closing.
4. Rent and security deposit are to be adjusted between the parties outside of closing.
5. The parties agree to a separate set-off agreement in lieu of a tax escrow pending a tax clearance from Michigan Treasury. Purchaser has the option to pay Seller's tax obligations and deduct it from the installments due on the Promissory Note.

SELLER: COOLEY LAKE BAR & GRILL, INC.

FRAN ZEFI, President

PURCHASER: THE DOCK ON COOLEY, LLC

PERPARIM GJURA, Member

26-30869-jda   Doc 49   Filed 04/27/26   Entered 04/27/26 16:58:01   Page 25 of 37

# BILL OF SALE

In consideration of the promises contained herein and according to all the terms and conditions of the AGREEMENT FOR PURCHASE OF BUSINESS ASSETS including the sale of a Class C and SDM licenses with permits, on the _19th_ day of September, 2022,

SELLER:          COOLEY LAKE BAR & GRILL, INC.

for and in consideration of the sum of: THREE HUNDRED THOUSAND AND 00/100 ($300,000.00) DOLLARS plus inventory – alcoholic inventory $ _4,000._ ; other general merchandise $ _3,000._

does sell and transfer to

PURCHASER:          THE DOCK ON COOLEY, LLC

its executors, administrators, assigns and successors all rights, title and interest in the following:

Seller's interest in business assets and Class C and SDM licenses with permits, located at 8635 Cooley Lake Rd., Commerce Twp., MI 48382.

Seller covenants and agrees to warrant and defend the sale of the foregoing license and permit against all persons and claims.

In witness whereof, I have set my hand and seal this _19th_ day of _Sept._ , 2022.

Witness:

_____

_____
FRAN ZEFI, President

STATE OF MICHIGAN }
~~OAKLAND~~ COUNTY } ss.
MACOMB

On the _19th_ of September, 2022, before me, a notary public for and in said County, did personally appear FRAN ZEFI, as President of COOLEY LAKE BAR & GRILL, INC., who acknowledges said instrument to be his free act and deed.

_____
Peter Manni          , Notary Public
MACOMB          County, Michigan
Acting in OAKLAND COUNTY
My commission expires: 02/22/2028

**LIST OF CREDITORS**

FRAN ZEFI, President of COOLEY LAKE BAR & GRILL, INC., a Michigan corporation, and being of lawful age and being duly sworn on oath, states:

1. That it is the transferor in a certain contract dated February 3, 2022, for the sale of business assets including Class C and SDM licenses, located at 8635 Cooley Lake Rd., Commerce Twp., MI 48382, between the corporation and THE DOCK ON COOLEY, LLC, a Michigan limited liability company, as Purchaser;

2. That this affidavit is made and furnished to the above named transferee pursuant to the above mentioned contract;

3. That the following is a true, complete and accurate list of all of the creditors of affiant, and of all persons who have asserted claims against the business assets being transferred:

A) SBA loan

B) Current taxes and utilities

C)

COOLEY LAKE BAR & GRILL, INC.,<br>
a Michigan corporation

by: x _____
      FRAN ZEFI, President

Subscribed and sworn to before me this 19th day of Sept., 2022.

STATE OF MICHIGAN}
~~OAKLAND~~ COUNTY} ss.

MACOMB

_____
Peter Manni , Notary Public
MACOMB County, Michigan
Acting in OAKLAND COUNTY
My commission expires: 02/22/2028

PM/Docs/Creditor'sList-COOLEYLAKE

# PROMISSORY NOTE

$250,000.00                    Date: _Sept. 19, 2022_ **Commerce Township, Michigan**

For value received, the undersigned promises to pay to the order of COOLEY LAKE BAR & GRILL, INC., a Michigan corporation, the principal sum of TWO HUNDRED FIFTY THOUSAND AND 00/100 ($250,000.00) DOLLARS with interest from the date hereof at the rate of five (5 %) percent per annum while the maker is not in default in making the payments herein provided.

In the event the above interest rate is determined to be usurious by a court of competent jurisdiction, then in said event said interest rate shall be retroactively adjusted downward so as to provide for the highest interest allowable by law, the provisions of MCLA 438.32, being hereby expressly waived; said adjustment to be effective as of the date of execution of the Note. Said principal and interest shall be paid by the undersigned in lawful money of the United States of America as follows:

> Installments of $4,717.80 per month beginning one (1) month from execution of this Note and on the same day of each month thereafter. This note shall mature in sixty months, at which time the entire balance of both principal and interest shall be payable in a balloon payment.
>
> If any monthly installment is more than ten (10) days late, there shall be a late fee charged to the account equivalent to five (5) percent of the monthly installment.

Both principal and interest of this Note are payable at _5394 Pond Bluff Dr._ _West Bloomfield_ , Michigan 48_3 23_ , or such address as may from time to time be designated by the holder hereof.

Should default be made in the payment of any installments of interest and/or principle due hereunder for a period of fifteen (15) days, plus ten (10) days after written notice to cure, then such default shall mature the entire indebtedness evidenced hereby, at the option of the holder thereof. Also, in the event of such default, the Payee shall have the option to repurchase the Class C and SDM license located at 8635 Cooley Lake Rd., Commerce Twp., MI 48382. Every person at any time liable for the payment of the debt evidenced hereby waives presentment for payment, demand and notice of nonpayment of this Note, consents that the holder may extend the time of payment in whole or in part at the request of any other person liable.

In the event this Note shall be in default and placed with an attorney for collection, then the undersigned agrees to pay all reasonable attorney fees and costs of collection.

A default in this Promissory Note shall constitute a default in the Security Agreement, Lease, and the Agreement for Reassignment of SDD/SDM Licenses located at 8635 Cooley Lake Rd., Commerce Twp., MI 48382. Likewise a default in the Security Agreement shall constitute a default in this Promissory Note, and Agreement for Reassignment of SDD/SDM Licenses.

If default continues for a period of fifteen (15) days plus ten (10) days written notice to cure the default, the Promissory Note may be accelerated.

Unless consented to in writing by the Secured Party, the Debtor shall not assign the Promissory Note, Security Agreement, and Agreement for Reassignment of SDD/SDM Licenses.

Debtor may pay off the entire principal balance at any time without incurring a prepayment penalty.

In the event that there is any sale or transfer of any portion or all of the business or interest in the Corporation, the entire balance of principal and interest shall be immediately due and payable unless consented to in writing and signed by Secured Party.

Debtor shall not sell, remove, relocate or terminate the MLCC license as long as there are any amounts outstanding on the Promissory Note or the lease.

This Note is secured by a security interest of even date herewith, made by the undersigned to the above payee, which security interest covers chattels located at 8635 Cooley Lake Rd., Commerce Twp., MI 48382.

Dated: 9-19-22

THE DOCK ON COOLEY, LLC
a Michigan limited liability company

by: _____
PERPARIM GJURA, Member

## GUARANTY

The terms and conditions of this Promissory Note are guaranteed by:

_____
PERPARIM GJURA, Individually

# SECURITY AGREEMENT

KNOW ALL MEN by these presents, that THE DOCK ON COOLEY, LLC a Michigan limited liability company, of the Township of Waterford, County of Oakland, State of Michigan, the Debtor herein, being justly indebted unto COOLEY LAKE BAR & GRILL, INC., a Michigan corporation, the secured party herein in the sum of $250,000.00, has for the purpose of securing payment of said debt, and the interest thereof, granted a security interest to the secured party in the following personal property to wit:

All present and hereafter acquired fixtures and equipment, furnishings;
Interest in CLASS C and SDM License and Permits issued by the Michigan Liquor Control
Commission;
All present and hereafter acquired inventory (excluding alcohol inventory);
Tradename or any successor name used by Debtor;
All proceeds of any collateral; accounts receivable; all other business assets used in the operation of the business;

which personal property, at the date hereof, is the property of the Debtor and the said property is in the possession of the Debtor at 8635 Cooley Lake Rd., Commerce Twp, MI 48382, and is free and clear from all security interests or encumbrances and is warranted and will be defended against all lawful claims, security interests and encumbrances of all persons whomsoever. For valuable consideration, said Debtor hereby warrants the above representations to be true.

The Debtor shall not attempt to sell, encumber, assign, dispose of or transfer any interest in said property, or remove the same or any part thereof from the County of Oakland, State of Michigan, except inventory in the normal course of business, without the written consent of the Secured Party.

And it is further agreed, that if the Debtor shall pay or cause to be paid to the Secured Party the debt aforesaid, with interest, according to a Promissory Note and other collateral documents, bearing even date herewith, or any renewals thereof, executed by the Debtor to the Secured Party and to which this Security Agreement is collateral security, then this Security Agreement and said Promissory Note shall be void and of no effect. And said Debtor agrees to pay the same accordingly.

That upon default that is not cured in any of the terms and conditions hereof, the whole amount unpaid on the said Note shall thereupon become due and payable and the said Secured

26-30869-jda    Doc 49    Filed 04/27/26    Entered 04/27/26 16:58:01    Page 30 of 37

Party is hereby authorized to take possession of any or all of the property above described and dispose of said property in accordance with Michigan law. Debtor shall be responsible for legal fees and costs incurred by Secured Party in enforcement of this Agreement.

The Debtor represents that the above described collateral is used in the business.

The Debtor represents that the County of Oakland is its county of principal place of business.

Debtor shall insure said property against fire, theft and windstorm and maintain the said sufficient insurance as may be required by the Secured Party to protect the Secured Party on the unpaid balance, and to list the Secured Party's interest on said policy as a Lenders Loss Payee and Additional Insured. Policies shall be delivered to the Secured Party upon annual renewal.

Unless consented to in writing by the Secured Party, the Debtor shall not assign the Promissory Note, Security Agreement, Promissory Note, and Reassignment of License Agreement.

Upon damage/destruction by fire or other casualty, the insurance proceeds shall be used to repair/replace the above described property, and the balance of the proceeds, if any, be disbursed to the parties as their interest may appear.

Debtor shall pay all taxes or other obligations now or hereafter assessed against or which shall be a lien upon the above described property or any part thereof before the same shall become delinquent.

A default in this Security Agreement shall constitute a default in the Promissory Note, Lease, and Reassignment of Licenses for the business assets located at 8635 Cooley Lake Rd., Commerce Twp, MI 48382. Likewise a default in the Promissory Note, Lease, or Reassignment of Licenses shall constitute a default in the Security Agreement.

In the event that a default is declared by the Secured Party, the Debtor agrees to assign its interest in the CLASS C and SDM Licenses and Permits subject to the approval by the Michigan Liquor Control Commission. Debtor consents to the appointment of a Receiver appointed by the Oakland County Circuit Court to continue to operate the business or otherwise sell the business assets in accordance with applicable statute and case law. Exhibit 1 attached is an Agreement for Reassignment of Licenses to that effect.

*[Signatures continue on next page.]*

26-30869-jda    Doc 49    Filed 04/27/26    Entered 04/27/26 16:58:01    Page 31 of 37

IN WITNESS WHEREOF, the said Debtor has hereunto set its hand and seal this 19th day of Sept. , 2022.

SECURED PARTY:
COOLEY LAKE BAR & GRILL, INC.,
a Michigan corporation

by: _____
FRAN ZEFI, Member

DEBTOR:
THE DOCK ON COOLEY, LLC
a Michigan limited liability company

by: _____
PERPARIM GJURA, Member

# EXHIBIT 1

## AGREEMENT FOR REASSIGNMENT OF LICENSE

THIS AGREEMENT, dated this 19th day of Sept., 2022, by and between THE DOCK ON COOLEY, LLC, a Michigan limited liability company (hereinafter "Debtor"), and COOLEY LAKE BAR & GRILL, INC., a Michigan corporation (hereinafter "Secured Party").

WHEREAS Debtor, directly or indirectly through corporate action, operates or will hereafter operate the business known as PRIME 7 BAR & RESTAURANT, located at 8635 Cooley Lake Rd., Commerce Twp., MI 48382 (hereinafter "Premises"), which business is operated under Class C (#L-000403981) and SDM (#L-000405791) licenses (hereinafter collectively "Licenses") issued by the Michigan Liquor Control Commission which license are held by Debtor, and

WHEREAS, the Secured Party has entered into a Security Agreement as security for a promissory note with Debtor, and

WHEREAS, the parties hereto recognize that additional security is required to secure the promissory note obligations including the Licenses held by the Debtor, and

WHEREAS, the specific performance of an agreement to reassign Debtor's interest in and to said Licenses, is additional security for the Secured Party, and

WHEREAS, the execution of this Agreement is a principal inducement for the Secured Party to loan Debtor by way of promissory note,

NOW THEREFORE, in consideration of the Promissory Note, Security Agreement, and the covenants set forth below, it is mutually agreed as follows:

1.      Upon default in the terms or conditions of the Promissory Note obligations of Debtor to the Secured Party, or upon default of the terms herein, Debtor hereby assigns to Secured Party or its assigns or designee all of Debtor's right, title and interest in and to the License(s), or any renewal thereof, in existence at that time on the Premises, and further agrees to execute and deliver to the Secured Party, or its assigns or designee, any and all instruments necessary to effect a good and sufficient transfer of said interest in and to said License(s) subject only to the consent and approval of the Michigan Liquor Control Commission as provided by law. In the event Debtor fails to execute and deliver such instruments as provided for herein within five (5) business days after Secured Party's written demand for same, Debtor hereby grants Secured Party an irrevocable power of attorney to execute and deliver any and all such instruments to effect a transfer of the License(s) subject only to the consent and approval of the Michigan Liquor Control Commission. The Power of Attorney hereby granted shall not be considered executory in

nature, but is fully effective as of this date. This transfer of the license pursuant to this Agreement is subject to the consent and approval of the Michigan Liquor Control Commission.

2.      Debtor hereby consents to the appointment of a receiver in the event of a default, as described above, and for such receiver to do any and all things necessary to obtain the consent and approval of the Michigan Liquor Control Commission for the sale or other disposition of Debtor's inventory and for such receiver to sell or otherwise dispose of such inventory.

3.      Debtor hereby warrants and represents to Secured Party that Debtor's right, title, interest, powers and privileges, in and to said License(s) are/will be unencumbered; that Debtor has executed no prior assignments, in whole or in part; and that as long as Debtor is indebted or obligated to Secured Party on said Promissory Note or any extensions thereof, Debtor will not execute any assignment, encumbrances or hypothecation of said License(s) without the prior written consent of Secured Party, and Debtor shall do any and all things required to maintain the License(s) in good standing.

4.      No delay of Secured Party in the exercise of any right or remedy which it may have hereunder shall operate as a waiver thereof, and no single or partial exercise of any such right or remedy shall preclude any further exercise thereof.

5.      The parties agree that the subject Licenses shall not be transferred by Debtor to any third party (directly or indirectly) nor to any other location, without the prior written consent of Secured Party. Such consent may be withheld at Secured Party sole discretion, or any reason, or no reason.

6.      The invalidity or unenforceability of any part of this Agreement shall not affect the remainder of the Agreement which will be given full force and effect.

The invalidity or unenforceability of any part of this Agreement shall not affect the remainder of the Agreement which will be given full force and effect

7.      The covenants herein contained shall be binding upon and inure to the benefit of the parties hereto, and their respective heirs, personal representatives, assigns and successors

8.      This Agreement shall be considered a security agreement, and Secured Party is authorized to file a UCC financing statement.

9.      Upon default or breach of the Promissory Note, Tenant agrees to transfer/assign the Liquor Licenses to Secured Party or Secured Party's designee (subject to the approval of the MLCC). Tenant agrees that such transfer, including but not limited to transfer agreements, closing statements, assignments, bills of sale, escrow agreements, and other documents necessary to accomplish the transfer of the Liquor Licenses to Secured Party or Secured Party's designee.

26-30869-jda    Doc 49    Filed 04/27/26    Entered 04/27/26 16:58:01    Page 34 of 37

10. In the event that Debtor receives ___Serious___ violation(s) from the MLCC within _____ after the License is issued, or that Debtor's License is subject to revocation, Debtor hereby assigns to Secured Party or its assigns or designee all of Debtor's right, title and interest in and to the License(s), or any renewal thereof, in existence at that time on the Premises, and further agrees to execute and deliver to the Secured Party, or its assigns or designee, any and all instruments necessary to effect a good and sufficient transfer of said interest in and to said License(s) subject only to the consent and approval of the Michigan Liquor Control Commission as provided by law.

IN WITNESS WHEREOF, the parties have hereunto set their hands the day and year first written above.

SECURED PARTY: COOLEY LAKE BAR & GRILL, INC., a Michigan corporation

FRAN ZEFI, President

DEBTOR: THE DOCK ON COOLEY, LLC, a Michigan limited liability company

PERPARIM GJURA, Member

# MICHIGAN DEPARTMENT OF STATE

Uniform Commercial Code
P.O. Box 30197
Lansing, Michigan 48909
www.michigan.gov/sosucc

## Filing Acknowledgement

September 21, 2022 04:35 PM

**Work Order Number**
WO202209210000586

**Initial Filing Number**
20220921000739-5

**Filing Description**
UCC-1

**Document Filing Number**
20220921000739-5

**Debtors**
The Dock on Cooley, LLC

8635 Cooley Lake Rd.
Commerce Township, MI 48382 USA

**Secured Parties**
FBZ Enterprises, LLC

5394 Pond Bluff Dr.
West Bloomfield, MI 48323 USA

The Michigan Secretary of State, Uniform Commercial Code office has filed the attached documents. The filing number, date, and time are shown on each document. The filing number can be used to reference the document in the future.

Jocelyn Benson
Secretary of State

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

Michigan Department of State - Uniform Commercial Code

Filing Number: 20220921000739-5

Filing Date and Time: 09/21/2022 04:35 PM

Total Number of Pages: 1

*(This document was filed electronically)*

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Weinbaum & Abbo, P.C.

**B. E-MAIL CONTACT AT FILER (optional)**
peterabboattorney@gmail.com

**C. SEND ACKNOWLEDGEMENT TO: (Name and Address)**
Weinbaum & Abbo, P.C.
28545 Orchard Lake Road
Suite B
Farmington, MI 48334-2996 USA

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| The Dock on Cooley, LLC | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 8635 Cooley Lake Rd. | Commerce Township | MI | 48382 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name; if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| FBZ Enterprises, LLC | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 5394 Pond Bluff Dr. | West Bloomfield | MI | 48323 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

All present and hereafter acquired fixtures, equipment, and furnishings;

Interest in Class C and SDM Licenses and Permits issued by the Michigan Liquor Control Commission;

All present and hereafter acquired inventory (excluding alcohol inventory);

Tradename or any successor tradename used by Debtor;

All proceeds of any collateral;

Accounts receivable;

All other business assets, tangible or intangible, used in the operation of the business.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☑ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)