**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:

THE DOCK ON COOLEY LLC        Case No. 26-30869
                                   Chapter 11

        Debtor.               Hon. Joel D. Applebaum

_____/

**FINAL ORDER AUTHORIZING DEBTOR'S USE OF CASH**
**COLLATERAL THROUGH JULY 28, 2026**

The Debtor and Debtor in Possession, The Dock on Cooley LLC, a Michigan limited liability company (the "Debtor"), having filed its Motion for Authority to Use Cash Collateral and for Related Relief pursuant to 11 U.S.C. § 363 [ECF No. 11] (the "Motion"); the Court having reviewed the Debtor's 13-week budget filed at ECF No. 47 (the "Budget"), the objections and responses filed in connection with the Motion, and the record made at the April 29, 2026 hearing; the Debtor having an immediate need to use cash collateral to continue operations during its Chapter 11 bankruptcy proceeding; proper notice having been provided; this Court being fully advised in the premises; and the Debtor, the Subchapter V Trustee, the Office of the United States Trustee, FBZ Enterprises, LLC, and Cooley Lake Bar & Grill, Inc. having stipulated and agreed to the form of this Order, as follows:

A.     On April 8, 2026 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). Since that time, the Debtor has remained in possession of its assets and has continued to operate and manage its business as debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

B.     On April 13, 2026, the Debtor filed the Motion. The Court entered its Order Granting Debtor's Interim Use of Cash Collateral and other relief on April 15, 2026 [ECF No. 21] and thereafter entered its Order Granting Debtor's Interim Use of Cash Collateral on April 30, 2026 [ECF No. 56] (collectively, the "Interim Orders").

C.     The Debtor previously entered into financing arrangements with Cooley Lake Bar & Grill, Inc. ("Secured Lender"), which asserts an estimated amount outstanding as of the Petition Date of $143,468.81 (the "Asserted Prepetition

Indebtedness") and asserts that such indebtedness is secured by assets of the Debtor, including cash and proceeds (the "Asserted Prepetition Collateral").

D.     The Debtor has filed its 13-week Budget for the period commencing on April 29, 2026 and ending at the close of business on July 28, 2026 (the "Budget Period"). The Budget reflects, on a line-item basis, the Debtor's anticipated receipts and expenses during each week of the Budget Period.

E.     To continue the operation of its business during the Chapter 11 reorganization process, the Debtor represents that it must use cash collateral to operate its business and pay postpetition obligations incurred by the Debtor in the ordinary course of its business.

F.     Good cause has been shown for entry of this Order. Among other things, entry of this Order will minimize disruption of the Debtor's business as a going concern and will increase the possibility of a successful rehabilitation, and, therefore, is in the best interests of the Debtor, the bankruptcy estate, and creditors.

G.     This Order is entered in a "core" proceeding within the meaning of 28 U.S.C. § 157, and this Court has jurisdiction over this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1.     The Motion be, and hereby is, granted to the extent set forth below.

2.     Nothing in this Order constitutes a waiver or release of any claim, cause of action, or right that the Debtor, the estate, or any party in interest may hold against any other party, except as otherwise expressly set forth herein.

3.     The Debtor is hereby authorized to use cash collateral and is ordered to perform its obligations hereunder in accordance with the terms hereof. The Debtor may use cash collateral only for ordinary-course expenses and adequate-protection items reflected in the Budget, subject to a ten percent (10%) cumulative variance per line item, and may not use cash collateral for expenses not allowed in the Budget or this Order without further Court order or the written consent of each party whose asserted interest in cash collateral is affected. The Debtor shall not use cash collateral for any unlawful purpose.

**ADEQUATE PROTECTION**

4.     As adequate protection for the Debtor's use of cash collateral and to protect Cooley Lake Bar & Grill, Inc. ("Secured Lender"), FBZ Enterprises, LLC ("Landlord"), and any other creditor that has asserted an interest in the Debtor's cash collateral (collectively, the "Purported Secured Creditors") against any diminution in value of their respective interests, if any, in the Asserted Prepetition Collateral, the Purported Secured Creditors are granted replacement liens only in postpetition collateral of the same type, validity, extent, and priority as the liens and security interests, if any, that such Purported Secured Creditors held as of the Petition Date, subject to all existing, valid, perfected, unavoidable, and senior liens, claims, and interests (the "Replacement Liens"). Notwithstanding anything to the contrary, this Order does not grant any lien or security interest in Chapter 5 causes of action, proceeds of Chapter 5 causes of action, professional retainers, or property of the estate that was not subject to a valid and perfected prepetition lien as of the Petition Date.

5.     As additional adequate protection, the Debtor shall remit adequate-protection payments to Secured Lender in the monthly amount of $4,717 per month, to be applied against the Asserted Prepetition Indebtedness in a manner consistent with the terms for application of payments contained in the underlying loan documents, without prejudice to the Debtor's rights under paragraph 24 below.

6.     Additionally, as adequate protection, the Debtor shall remit monthly lease payments to Landlord, when due under the Debtor's commercial real estate lease for the premises where the Debtor operates its business, in the budgeted amount of $6,000 per month.

7.     The Replacement Liens granted by this Order shall be deemed perfected without the need for further filing or recordation, but only to the extent such Replacement Liens are expressly granted by this Order. This perfection provision is not an admission, stipulation, or finding regarding the amount, validity, extent, priority, perfection, enforceability, or avoidability of any prepetition lien, claim, security interest, lease right, or asserted interest in cash collateral. Any Purported Secured Creditor may make filings or recordations it reasonably deems appropriate to evidence the Replacement Liens granted by this Order, provided that any such filing or recordation shall be consistent with, and shall not expand, the rights granted by this Order.

8.     The Budget may not be modified without further order of this Court or the prior written consent of each Secured Lender. Any expense that is budgeted for payment in one week but is not paid in that week may be carried over for payment by the Debtor in subsequent weeks, subject to the Budget and this Order, except that

monthly adequate-protection payments to Secured Lender and monthly lease payments to Landlord shall be made as provided in the Budget and this Order.

9. Nothing in this Order constitutes any Purported Secured Creditor's consent to a surcharge under 11 U.S.C. § 506(c).

10. The Debtor shall permit Secured Lender, Landlord, the Office of the United States Trustee, and Kimberly Ross Clayson, the Subchapter V Trustee appointed in this case on April 9, 2026 (the "Trustee"), and any authorized representatives designated by the Trustee, including auditors and appraisers engaged by the Trustee, reasonable access, upon reasonable prior notice and during normal business hours, to visit and inspect the Debtor's business premises, to review the Debtor's financial and accounting records, to make copies and take extracts therefrom, and to discuss the Debtor's affairs, finances, and business with the Debtor's officers, consultants, and accountants. Without limiting the foregoing, the Debtor shall promptly provide to the Trustee, the Office of the United States Trustee, Secured Lender, and Landlord such information or data as is reasonably requested and reasonably related to monitoring the Debtor's compliance with this Order, the Budget, or the Purported Secured Creditors' asserted interests in collateral.

11. The Trustee is hereby granted expanded powers and duties set forth in 11 U.S.C. §§1183(b)(2) with respect to 11 U.S.C. §1106(a)(3) ,(4) and (7). .

12. The Debtor shall, on a weekly basis, no later than the Monday following the close of each budget period ending on Tuesday, provide the Trustee, the Office of the United States Trustee, Secured Lender, and Landlord with a report of the Debtor's income and expenses for the prior week (Wednesday through Tuesday), in a manner consistent with the format of the Budget, including an item-by-item comparison of projected income and expenses to the Budget for the corresponding week and a brief explanation of any material variance.

13. The Debtor shall, within 14 days after entry of this Order, produce to the Trustee and Secured Lender's counsel copies of all bank account statements, canceled checks, and financial reports for the period from January 1, 2025 through the Petition Date that are in the Debtor's possession, custody, or control.

14. The rights and obligations arising under this Order are in addition to, and are not intended as a waiver or substitution for, any rights, obligations, claims, liens, security interests, priorities, defenses, claims, or causes of action existing outside this Order, except to the extent expressly set forth herein.

15. The provisions of this Order shall be binding upon and inure to the benefit of the Purported Secured Creditors, the Debtor, and their respective successors and assigns, including any trustee appointed in this case or in any superseding case under Chapter 7 of the Bankruptcy Code.

16. Nothing in this Order shall constitute a waiver by the Debtor or the estate of any avoidance action or other claim, defense, counterclaim, setoff, recoupment, surcharge right, or cause of action under Chapter 5 of the Bankruptcy Code or otherwise.

17. The Debtor, at its expense and subject to the Budget, shall (a) maintain all required insurance policies on its property and regarding liability; request that Landlord and Secured Lender be listed as additional insureds and loss payees, as applicable; request that Landlord, Secured Lender, the Trustee, and the Office of the United States Trustee receive 30 days' advance written notice of any scheduled cancellation of insurance, to the extent available from the applicable carrier; and provide certificates of insurance reflecting the requested additional insureds and loss payees within five business days after the Debtor receives such certificates from its insurance carrier(s); and (b) pay postpetition taxes, assessments, and governmental charges by the time they become due without penalty, except to the extent such obligations are being contested in good faith by appropriate proceedings. Copies of federal tax returns, federal tax deposits, and other tax payments made by the Debtor during the pendency of this Order shall be provided to Secured Lender, the Trustee, and the Office of the United States Trustee upon reasonable request.

**DEFAULT, RIGHTS AND REMEDIES OF PURPORTED SECURED CREDITORS AND SERVICE**

18. Each of the following events shall constitute an event of default (an "Event of Default") hereunder:

(a) An order dismissing the case, converting the case to Chapter 7 of the Code, or terminating the authority of the Debtor to conduct business;

(b) Failure of the Debtor to make any payment when due to Secured Lender or Landlord, which failure is not cured within five business days after written notice from Secured Lender or Landlord to Debtor's counsel at bbassel@gmail.com and Debtor's principal at prime7cooleylake@gmail.com;

(c) Failure to maintain insurance coverage or pay taxes as

provided in this Order, which failure is not cured within five business days after written notice from the affected party to Debtor's counsel and Debtor's principal;

(d) Payments or other distributions by the Debtor outside the itemized projected disbursements set forth in the Budget in excess of the permitted ten percent (10%) cumulative line-item variance without further Court order or the prior written consent of Secured Lender provided, however, that de minimis payments made by the Debtor in the ordinary course of its business shall not constitute an Event of Default under this paragraph.

19. Upon an uncured Event of Default, the Trustee, the Office of the United States Trustee, Secured Lender, Landlord, or any affected Purported Secured Creditor may seek emergency relief from the Court upon notice and a hearing, including termination or modification of the Debtor's authority to use cash collateral or relief from the automatic stay. The Debtor reserves the right to oppose such relief and to seek further authority to use cash collateral on an expedited basis.

20. Unless extended by further order of the Court or by the written consent of all entities whose asserted interests in cash collateral are affected, the Debtor's authority to use cash collateral under this Order shall terminate on July 28, 2026, without prejudice to the Debtor's right to seek further authority to use cash collateral on different or additional terms.

## OTHER RIGHTS, OBLIGATIONS AND PROVISIONS

21. The Debtor is authorized to take such ministerial actions as are reasonably necessary to implement the terms of this Order; provided, however, that the Debtor shall not be required to execute any document that expands, perfects, validates, cures, or otherwise improves any asserted prepetition lien, claim, security interest, or title matter except as expressly authorized by this Order or further order of the Court.

22. Liquor License Renewal Costs. The Debtor shall reimburse FBZ Enterprises, LLC and/or Cooley Lake Bar & Grill, Inc., as applicable, up to $1,100 for documented costs advanced in connection with renewal of the Debtor's liquor license, consisting of up to $950 in license fees and up to $150 in related legal fees. Payment shall be made promptly after submission of reasonable documentation and

subject to available funds under the Budget. The reimbursement is not an admission that any prepetition claim is secured, priority, or administrative in nature.

23.   Utilities and Property Taxes. The Debtor shall remain current on postpetition utility obligations, including water service, and shall pay 2026 postpetition property taxes and sales taxes as they come due, subject to the Budget. The Debtor shall provide written evidence of payment of such obligations to the Trustee, the Office of the United States Trustee, Secured Lender's counsel, and Landlord weekly. To the extent of available funds and without prejudice to the Debtor's rights under 11 U.S.C. § 366, the Debtor may pay prepetition water charges or provide a utility deposit in an amount not to exceed $7,500, if necessary to preserve utility service.

24.   Preservation of Rights; No Admissions or Findings. Nothing in this Order constitutes: (a) a stipulation, admission, finding, or adjudication regarding the amount, allowance, validity, extent, priority, perfection, enforceability, or avoidability of any lien, claim, security interest, lease right, or asserted interest in cash collateral; (b) a waiver or release of any claim, defense, counterclaim, setoff, recoupment, surcharge right, avoidance action, or other cause of action held by the Debtor, the estate, or any party in interest; (c) consent by the Debtor or the estate to the allowance of any claim under 11 U.S.C. § 507(b), except upon further order of the Court after notice and a showing of actual diminution in value; (d) a waiver of any rights under 11 U.S.C. §§ 506(c), 552, or 553; or (e) a determination regarding assumption, rejection, cure, or plan treatment of any lease, executory contract, secured claim, priority claim, or unsecured claim. The burdens of proof under 11 U.S.C. § 363(p) are preserved.

25.   Nothing in this Order limits the Debtor's right to seek authority to use cash collateral on different or additional terms.

26.   Service. The Debtor shall serve this Order upon all creditors and parties in interest identified on the Debtor's mailing matrix within 24 hours after entry of this Order.

27.   No Stay. This Order is effective and enforceable immediately upon entry and shall not be stayed under Bankruptcy Rule 6004(h) or otherwise.

28. Retention of Jurisdiction. The Court retains jurisdiction over all matters arising from or relating to the implementation, interpretation, modification, and enforcement of this Order.

29. Consent to this Order may be given by counterparts and/or facsimile signatures.

**Signed on May 6, 2026**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum**
**United States Bankruptcy Judge**