**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

THE DOCK ON COOLEY LLC,

    Debtor,

Case No. 26-30869

Chapter 11

Hon. Joel D. Applebaum

---

### SECURED CREDITORS' CORRECTED
### MOTION TO CONVERT TO CHAPTER 7 PROCEEDINGS

Creditors, FBZ ENTERPRISES, LLC and COOLEY LAKE BAR & GRILL, INC ("Secured Creditors"), through their attorneys, XUEREB LAW GROUP PC, by Thomas W. DeLano and Joseph M. Xuereb, moves this court to convert this case to a Chapter 7 proceeding for cause, and for their motion, states:

1.    The Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1), and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This motion is filed under 11 U.S.C. § 1112(b).

2.    The Debtor filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code, on April 8, 2026. [Doc. No. 1].

3.      The Debtor's primary business is a restaurant and bar operating as Prime 7 Bar & Restaurant at 8635 COOLEY LAKE RD, COMMERCE TOWNSHIP, MI 48382.

4.      FBZ Enterprises, LLC. is the landlord and owner of the property at 8635 COOLEY LAKE RD, COMMERCE TOWNSHIP, MI 48382.

5.      Cooley Lake Bar and Grill is a secured creditor of debtor.

6.      There is cause to convert this case to a Chapter 7 proceeding under 11 USC § 1112(b).

7.      As more particularly stated in the brief submitted in support of this motion, cause for conversion exists because debtor's unauthorized use of cash collateral is substantially harmful to debtor's secured creditors, because financial documents demonstrate substantial and continuing losses without a reasonable likelihood of rehabilitation, because debtor has grossly mismanaged the estate, and because this bankruptcy was filed in bad faith.

8.      Financial records demonstrate that the business has not met revenue projections but instead has, once again, run out of money.  One busy season will not save this business.

9.      Conversion, rather than dismissal, is in the best interests of creditors and the estate, and there are no unusual circumstances that weigh against liquidation.

## CONCLUSION AND REQUEST FOR RELIEF

THEREFORE, Secured Creditors request that this Court convert this action into a proceeding under Chapter 7 and issue any other relief deemed just and equitable.

Dated: June 25, 2026

Respectfully submitted,

**XUEREB LAW GROUP PC**

By: /s/Thomas W. DeLano
Thomas W. DeLano (P87592)
Attorneys for Creditors
39209 Six Mile, Suite 165
Livonia, Michigan 48152
(734) 455-2000

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:                                                    Case No. 26-30869

THE DOCK ON COOLEY LLC                                    Chapter 11

    Debtor.                                              Hon. Joel D. Applebaum

_____/

**ORDER COVERT TO CHAPTER 7 PROCEEDING**

    **THIS MATTER** came before the Court on the Creditor FBZ Enterprises, LLC's Motion to Convert to Chapter 7 Proceeding in the above-captioned Chapter 11 case under 11 U.S.C. § 1112(b). All parties in interest have received notice of this Motion and the Court is otherwise fully advised in this matter.

    **NOW, THEREFORE,**

    **IT IS ORDERED** that this case is **CONVERTED TO CHAPTER 7 PROCEEDING**.

# Exhibit 1

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:                                              Case No. 26-30869

THE DOCK ON COOLEY LLC                              Chapter 11

　　　Debtor.                                        Hon. Joel D. Applebaum

_____/

## NOTICE OF MOTION TO CONVERT TO CHAPTER 7 PROCEEDING

FBZ Enterprises, LLC has filed papers with the court for an Order to convert to chapter 7 proceeding in this Chapter 11 bankruptcy proceeding.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to convert the case to a chapter 7 proceeding, or if you want the court to consider your views on the motion, **within 14 days**, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:

> U.S. Bankruptcy Court
> 226 West 2nd Street
> Flint, MI 48502

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:　　　Xuereb Law Group PC
　　　　　　　　　　　　　　　　　39209 Six Mile, Suite 165
　　　　　　　　　　　　　　　　　Livonia, MI 48152

2.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

**XUEREB LAW GROUP PC**

/s/ Thomas W. Delano_____
Thomas W. Delano (P87592)
Xuereb Law Group PC
39209 Six Mile, Suite 165
Livonia, MI 48152
(734)455-2000
Dated: June 25, 2026　　　　　　　tdelano@xuereblawgroup.com

# Exhibit 3

In re:

THE DOCK ON COOLEY LLC,

  Debtor,

Case No. 26-30869
Chapter 11
Hon. Joel D. Applebaum

---

**SECURED CREDITORS' BRIEF IN SUPPORT OF CORRECTED MOTION TO CONVERT TO CHAPTER 7 PROCEEDINGS**

Creditors, FBZ ENTERPRISES, LLC and COOLEY LAKE BAR & GRILL, INC ("Secured Creditors"), through their attorneys, XUEREB LAW GROUP PC, by Thomas W. DeLano and Joseph M. Xuereb, submit this brief in support of their motion for conversion of this case to a Chapter 7 proceeding for cause.

26-30869-jda   Doc 82   Filed 06/25/26   Entered 06/25/26 16:20:04   Page 6 of 71

# TABLE OF CONTENTS

Secured Creditors' Brief in Support of Motion

to Convert to Chapter 7 Proceedings ............................................................. i

Table of Contents ............................................................................................ ii

Table of Authorities ...................................................................................... iii

Statement of Question Presented ...................................................................v

Controlling Authorities ................................................................................. vi

Facts ................................................................................................................1

Legal Arguments ............................................................................................1

 I.  There is cause to convert this case to Chapter 7 ......................................3

  A. Debtor's unauthorized use of cash collateral is substantially harmful to debtor's secured creditors. ...............................................................5

  B. Debtor's financial documents demonstrate a substantial and continuing loss or diminution of the estate without a reasonable likelihood of rehabilitation. .................................................................18

  C. Debtor's failure to understand, anticipate, and report business expenses demonstrates gross mismanagement of the estate. ...................................20

  D. Debtor filed this bankruptcy in bad faith. ...............................................21

 II.  Conversion, rather than dismissal, is in the best interests of the estate. .22

 III. There are no unusual circumstances that would warrant continuing under Chapter 11. ..................................................................................24

Conclusion and Request for Relief ...............................................................25

FBZ/Cooley Lake B&G                        26-30869

26-30869-jda   Doc 82   Filed 06/25/26   Entered 06/25/26 16:20:04   Page 7 of 71

# TABLE OF AUTHORITIES

**Cases**

*In re Brown*, 55 F4th 945 (1st Cir 2022) ...................................................................14

*In re Charfoos*, 979 F2d 290 (6th Cir 1992).........................................................10

*In re City of Detroit, Mich*, 504 BR 97  (Bankr ED Mich 2013) ............................1

*In re EarthSnap, Inc*, 670 BR 49 (Bankr ED Tex 2025) ................................. 14, 15

*In re Exigent Landscaping, LLC*, 656 BR 757 (Bankr ED Mich 2024).......... passim

*In re Schwartz*, 622 F Appx 485 (6th Cir 2015) ....................................................23

*In re SHAP, LLC*, 457 BR 625 (Bankr ED Mich 2011) ................................... 23, 24

*In re Shefa, LLC*, 649 BR 510 (Bankr ED Mich 2023) ..........................................22

*In re SI Grand Traverse LLC*, 450 BR 703 (Bankr WD Mich 2011).......................5

*In re TAJ Graphics Enters, LLC*, 600 BR 1 (Bankr ED Mich 2019) ............... 23, 24

*In re Wilderness Crossings, LLC*, 440 BR 484 (Bankr. WD Mich 2010)........ 24, 25

*Trident Assocs Ltd P'ship v Metro Life Ins Co (In re Trident Assocs Ltd P'ship)*,
52 F3d 127 (6th Cir 1995) .............................................................................5, 22

**Statutes**

11 USC § 308.............................................................................................................14

11 USC § 1112 .................................................................................................. passim

11 USC § 1116 ................................................................................................... 14, 15

11 USC § 1124.........................................................................................................23

11 USC § 2004 ................................................................................................15

FBZ/Cooley Lake B&G                                                                                    26-30869

## STATEMENT OF QUESTION PRESENTED

I. Whether this Court should convert this matter to a Chapter 7 proceeding where debtor has made unauthorized use of cash collateral, failed to make required disclosures, allowed for substantial and continuing losses without a reasonable likelihood of rehabilitation, and grossly mismanaged the estate?

FBZ/Cooley Lake B&G
26-30869

26-30869-jda Doc 82 Filed 06/25/26 Entered 06/25/26 16:20:04 Page 10 of 71

# <u>CONTROLLING AUTHORITIES</u>

11 USC § 1112

*In re Exigent Landscaping, LLC*, 656 BR 757 (Bankr ED Mich 2024)

## FACTS

Facts are set forth as necessary to discuss the issues presented.

## LEGAL ARGUMENTS

With the information provided to Secured Creditors by debtor, it has become apparent that the business remains operating below projected revenue and is still running out of money. Conversion of this matter into a Chapter 7 proceeding is in the best interests of the debtor and its creditors.

The conversion or dismissal statute, 11 USC § 1112, provides, first:

> (b)(1) Except as provided in paragraph (2) and subsection (c), <u>on request of a party in interest</u>, and after notice and a hearing, <u>the court shall convert</u> a case under this chapter to a case under chapter 7 <u>or dismiss</u> a case under this chapter, <u>whichever is in the best interests of creditors and the estate</u>, <u>for cause</u> unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate. [(Emphasis added).]

Breaking the statute down, a creditor is a party in interest. *In re City of Detroit, Mich*, 504 BR 97, 139-140 (Bankr ED Mich 2013) ("A creditor has a direct, personal stake in the outcome of a bankruptcy case and thus has standing to challenge the bankruptcy filing.") (internal quotation marks omitted). Subject to an enumerated exception (discussed below), where a party in interest demonstrates cause for conversion or dismissal, statutorily defined by 11 USC § 1112(b)(4), the court must then determine which outcome is in the best interests of creditors and the estate. *In re Exigent Landscaping, LLC*, 656 BR 757, 774 (Bankr ED Mich 2024). "In making this choice, there is no bright line test to determine whether conversion

or dismissal is in the best interest of creditors and the estate. The decision is left to the Court's discretion." *Id*. (quotation marks, alteration, and citation omitted). The Bankruptcy Court for the Eastern District of Michigan has explained,

> Creditors are generally best served by the course of action that results in the largest number of them being paid the largest amount of money in the shortest amount of time. The best interest of the estate turns on whether its economic value is greater in or out of bankruptcy. [*Id*. (quotation marks, alteration, and citation omitted).]

Regarding the exceptions, subsection (c), concerning farming and non-monied businesses, is not applicable. Subsection 2 provides,

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that--
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> >
> > (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
> >
> > > (i) for which there exists a reasonable justification for the act or omission; and
> > >
> > > (ii) that will be cured within a reasonable period of time fixed by the court. [11 USC § 1112(b)(2).]

In other words, under subsection 2, even if cause for conversion or dismissal is established, the court will not do so if (1) it finds specific unusual circumstances establishing that such relief is not in the best interests of the creditors and the estate <u>and</u> (2) the debtor can establish that its plan will be confirmed within a reasonable period of time <u>and</u> (3) the grounds for conversion or dismissal were either justified or cured within a reasonable time.

The entity seeking dismissal or conversion carries the burden of establishing sufficient grounds for the relief sought by a preponderance of the evidence. *Exigent Landscaping*, 656 BR at 764. As explained below, there is cause to convert this case to Chapter 7, conversion is in the best interests of the debtor and its secured creditors, and there are no unusual circumstances that weigh against conversion.

**I.      There is cause to convert this case to Chapter 7.**

"Section 1112(b)(4) contains a nonexhaustive list of examples of 'cause' justifying dismissal or conversion of a Chapter 11 case." *Exigent Landscaping*, 656 BR at 764 (quotation marks, citation, and alteration omitted). Section 1112(b)(4) provides:

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

> (B) gross mismanagement of the estate;

> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;

(D) unauthorized use of cash collateral substantially harmful to 1 or more creditors;

(E) failure to comply with an order of the court;

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);

(I) failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief;

(J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court;

(K) failure to pay any fees or charges required under chapter 123 of title 28 [(Fees and Costs)];

(L) revocation of an order of confirmation under section 1144;

(M) inability to effectuate substantial consummation of a confirmed plan;

(N) material default by the debtor with respect to a confirmed plan;

(O) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition. [§ 1112(b)(4).]

Cause exists to convert this case under the statutory grounds and also because this bankruptcy was brought in bad faith. See *Trident Assocs Ltd P'ship v Metro Life Ins Co (In re Trident Assocs Ltd P'ship)*, 52 F.3d 127, 130 (6th Cir 1995) (holding that bad faith was cause to dismiss a matter).

**A.    Debtor's unauthorized use of cash collateral is substantially harmful to debtor's secured creditors.**

"Under 11 U.S.C. § 1112, the Debtor's unauthorized use of cash collateral is cause to convert or dismiss, provided such use was 'substantially harmful' to [creditors of the estate]." *In re SI Grand Traverse LLC*, 450 B.R. 703, 709 (Bankr WD Mich 2011). Debtor has violated the cash collateral order on multiple occasions.

Following several proceedings regarding Secured Creditors' objections regarding their adequate protection, a final order authorizing use of cash collateral was entered on May 6, 2026 (Final CC O; ECF No. 62). The order places several conditions on debtor's use of cash collateral, including an allowable budget variance of 10% per line item and the provision of weekly budget variance reports with explanations of any variances, monthly adequate protection payments to Secured Creditors in addition to rent due under the applicable lease, all financial documents dating back to January 1, 2025, and adequate insurance with Secured Creditors named as loss payees (Final CC O, ¶¶ 3, 5-6, 12-13, 17; ECF No. 62). Debtor was also ordered to reimburse Secured Creditors for its liquor license renewal expenses and to remain current on taxes and utility obligations (Final CC O, ¶¶ 22-23; ECF

No. 62).  Expenses made in excess of the ten percent line-item variance allowed by the order "without further Court order or the prior written consent of Secured Lender" constitute an Event of Default "provided, however, that de minimis payments made by the Debtor in the ordinary course of its business shall not constitute an Event of Default under this paragraph" (Final CC O, ¶ 18(d); ECF No. 62).

Review of the budget variance reports made as a condition of continued use of cash collateral demonstrates that debtor has consistently made expenses in excess of the 10% variance threshold allowed by the order.  But closer review of the reports also demonstrates that revenue is vastly underperforming expectations, cost-saving measures have not offset the revenue deficit, reported labor expenses appear inaccurate, reported taxes appear delinquent, and—somewhat suspiciously— according to the budget variance reports, the enterprise has not required any maintenance expenses since at least April 29.  Debtor's continued excessive variances, together with other incidents of mismanagement, underreporting, and violations of the cash collateral order constitute cause for conversion.  11 U.S.C. § 1112(b).

### i.  Debtor has consistently exceeded allowable budget variances.

A review of debtor's budget variance reports (Exhibit 5, Budg Var Rpts) establishes that debtor has violated the cash collateral order <u>every week</u> by exceeding

the 10% line-item variance level established by the order in some manner. Debtor neither sought Secured Creditors' nor this Court's approval for these excessive expense variances in violation of the cash collateral order (Final CC O, ¶ 3; ECF No. 62).

For the week of April 29 to May 5, 2026 (Week 1), debtor exceeded the allowable variance levels regarding insurance costs by 21% (Budg Var Rpts, 1).

For the week of May 6 to May 12, 2026 (Week 2), debtor again exceeded the allowable variance levels regarding insurance costs by 13%, as well as for payroll processing and telephone/fax, which were not budgeted for in Week 2 (Budg Var Rpts, 4-5).

For the week of May 13-May 19, 2026 (Week 3), debtor exceeded the allowable variance levels regarding supply costs by 30%, telephone/fax (not budgeted for in Week 3), and wages/salaries by 17% (Budg Var Rpts, 6).

For the week of May 20-May 26, 2026 (Week 4), debtor exceeded the allowable variance levels regarding software by 1300% and supplies by 463% (Budg Var Rpts, 7). Curiously, debtor did not state it paid any janitorial, repair/maintenance, office, wage/salary, or payroll tax expenses in Week 4 (Budg Var Rpts, 7-8). And debtor had not identified any payroll tax expenses in Weeks 1 through 3, either (Budg Var Rpts, 2, 4, 6).

For the week of May 27-June 2, 2026 (Week 5), debtor exceeded the allowable variance levels regarding wages/salaries by 24%, payroll taxes by 13% (the first entry on a variance report that payroll taxes had been paid), and utilities by 521% (Budg Var Rpts, 10-11).

For the week of June 3-June 9, 2026 (Week 6), debtor exceeded the allowable variance levels regarding rent and the adequate protection payment because those payments were late. Debtor also exceeded the allowable variance level regarding utilities by 70%. (Budg Var Rpts, 14). Debtor's variance reports for Weeks 2-6 have all been submitted a day late (See Final CC O, ¶ 12; ECF No. 62) (requiring debtor to provide a weekly variance report "no later than Monday following the close of each budget period ending on Tuesday.").

> **ii.** **Debtor's inadequate explanations regarding its excessive expenses demonstrate ineffective management of the estate, substantially harming Secured Creditors.**

Pursuant to the Final Cash Collateral Order, debtor provided several explanations for these material variances. These explanations do not excuse the violations. Debtor's excessive wage, salary, and supply expenses substantially harm Secured Creditors, and its excessive insurance and payroll processing expenses threaten further risk to Secured Creditors and demonstrate serious limitations in debtor's ability to effectively manage its enterprise.

First, and most concerningly, debtor's excessive wage and salary expenses substantially harm Secured Creditors because revenue has not warranted spending more on labor than is budgeted. The 13-Week Budget attempts to project varying revenue levels depending on holidays and the seasons. But rather than projecting wages and salary (labor) costs relative to expected revenue, which is the typical practice in the industry, the Budget's projected weekly wage and salary expenses were set at a constant $2,952.27 across all thirteen weeks (Budget, ECF No. 47).

Debtor's Week 1 sales revenue of $13,364.34 was below projections by almost $4,000, but labor was over-budget by about $25 (Budg Var Rpts, 1-2). In Week 2, both labor and sales revenue were under the projection by about $500 with sales revenue of $13,686.88 (Budg Var Rpts, 4). In Week 3, however, revenue of just $12,821.03 missed projections by $7,748.61. Nevertheless, labor was still <u>over</u> budget by $500. Debtor explained that its labor costs were excessive because of demand, even though revenue was below projections and lower than in both the prior weeks. (Budg Var Rpts, 6). In Week 4, sales revenue of $14,331.87 was below projections by $6,565.28. <u>In Week 4, debtor did not report paying labor expenses</u>. Debtor did not explain this omission. (Budg Var Rpts, 7-8). In Week 5, where sales revenue of $15,820.51 was below projections by $6,218.92, labor costs of $3,648.46 were 24% above budget. Debtor explained that wages now appeared higher because they were being paid every other week, a change that was made without

communication to stakeholders.  In light of debtor's own projections and reports from weeks prior, debtor's apparent suggestion that its Week 5 labor costs included labor costs for Week 4 or 6, as well, strains credulity; average weekly labor costs of $1,324.23 would be $1,600 below projections.  (Budg Var Rpts, 10).

Debtor projected five-week sales revenue of $94,955.05.  Debtor reported five-week sales revenue of just $70,024.63, which is under budget by 26%.  Debtor projected five-week labor costs of $14,761.35.  Despite not reporting labor costs in Week 4, debtor reported labor costs of $12,565.34, just 15% under projections (Budget, 2-4; ECF No. 47).  Debtor's comments do not clarify the situation.  Secured Creditors cannot arrive at any credible conclusions regarding the labor-cost strategy: Either debtor is misreporting its expenses by omitting Week 4's labor costs, its employees were not paid, or it very suddenly decided to cut projected labor costs by 55%.  And each case exemplifies debtor's mismanagement because an inability to pay staff would demonstrate gross mismanagement and substantial losses harmful to Secured Creditors, 11 USC § 1112(b)(4)(A) and (B), while misreported expenses could be considered a fraud on this Court indicative of bad faith, *In re Charfoos*, 979 F2d 290, 393 (6th Cir 1992), and labor cuts in excess of 55% strike Secured Creditors as unsustainable without further explanation.

Second, the 13-Week Budget expected weekly "supplies" expenses of $115, providing a five-week budget of $575 (Budget, 2-4; ECF No. 47).  Debtor blew

through that budget with room to spare during Week 4, when it spent $648.03 on supplies (Budg Var Rpts, 8).  Debtor explained only that the expenditure was "needed" and is "oftentimes paid in lump sums and thus [is] harder to accurately budget" (Budg Var Rpts, 9).  It remains unclear exactly what "supplies" are (especially where there are separate line-items for goods sold, office expenses, uniforms and shoes, and more), but to the extent these supplies were necessary, debtor spent 95% more on supplies than was budgeted over the course of the first five reported weeks, a pace that is certainly not sustainable.

Third, the 13-Week Budget filed April 24, 2026 provides for weekly insurance expenses in the amount of $745.68 (Budget; ECF No. 47).  But in the first week, starting just five days later, debtor reported spending $902 on insurance, exceeding the variance threshold by 21%, merely explaining that "insurance is required" (Exhibit 5, Budg Var Rpts, 1, 3).  The following week, insurance costs went down, but they remained 13% in excess of the budgeted amount (Budg Var Rpts, 4). Inexplicably, debtor now carries two new insurance policies, effective June 1 (Exhibit 6, Insurance Docs, 3-4), but the Budget Variance Reports somehow reflect that no further insurance payments have been made between May 13 and June 2 (Budg Var Rpts, 6,8, 10).  These over-budget and inconsistent insurance costs, along with debtor's inadequate explanations regarding the status of its insurance policies, substantially harm Secured Creditors' interests.  Secured Creditors agree that

FBZ/Cooley Lake B&G                                                                                                      26-30869

insurance is required; however, debtor's inability to adequately project insurance costs is a product of debtor's failed management. Further, debtor's insurance transactions have not complied with this Court's orders, have placed the estate at risk, and appear to have wasted estate assets on a policy that did not afford Secured Creditors or the bankruptcy estate adequate insurance protections (See *infra*, Subsection I(A)(iv)).

Fourth, debtor has both exceeded projected utility expenses and remains severely behind on its water bill (Exhibit 7, Water Bill, April 16, 2026; Budg Var Rpts). On April 16, 2026, debtor owed a total of $5,392.00 for its water bill. Between Weeks 1 (beginning April 29) through Week 6 (ending June 9), debtor made only $2,645.75 in payments (Budg Var Rpts, 11, 13). The six-week utility projection was just $1,658.16 (Budget). This delinquency poses a risk to the bankruptcy estate that debtor has not addressed.

Fifth (and finally), debtor budgeted payroll processing as a monthly expense in the amount of $235 to be made at the beginning of each month (Budget, 2-6; ECF No. 47). Week 1, payroll processing was $150 (Budg Var Rpts, 2). Week 2, payroll processing was an unexpected expense of $150 with an explanation that "payroll processing were paid in this period and not other periods where budgeted" (Budg Var Rpts, 4-5). But Week 1 was under projections by only $85, and $300 in payroll processing expenses is still 28% higher than the monthly budgeted amount. In Week

3, payroll processing was $225, below projections, but in Week 4, debtor remarked that "payroll is being paid every other week now, [and] was higher last week because [it] had 2 weeks in it" (Budg Var Rpts, 6, 9). Speaking frankly, this explanation is also inadequate. The 13-Week Budget does not call for weekly payroll processing expenses, but the budget variance reports apparently do. Further, there has been no explanation for the varying amount and frequency of debtor's payroll processing expenses, and debtor has never sought Secured Creditors' consent to exceed the budget. Much like the supplies and insurance issues, debtor should have a firm expectation of what payroll processing costs will be and when they will occur, and its failure to have a grasp on its regular expenses is not only concerning but places the estate and its creditors at risk.

### iii. Debtor violated the Bankruptcy Code and this Court's orders by failing to timely disclose records.

Debtor remains in violation of reporting requirements imposed by the Bankruptcy Code and this Court's orders. These failures impede the ability of the trustees and creditors to understand the financial health of debtor's business and are, accordingly, substantially harmful to creditors.

"Under 11 U.S.C. § 1112(b)(4)(F), 'cause' exists to convert or dismiss a case where there is an unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." *Exigent Landscaping*, 656 BR at 770. Failure to comply with court orders

constitutes cause under section 1112(b)(4)(E).  *In re Brown*, 55 F4th 945, 949 (1st Cir 2022).

The Bankruptcy Code required that debtor file "periodic financial and other reports" containing information regarding profitability, updated forward projections, the accuracy of prior projections, and compliance with its post-petition requirements. 11 USC § 308(b); see also 11 USC § 1116.  Bankruptcy Form 425C was designed to aid small businesses with these disclosures.  Bankruptcy courts have held,

> Monthly operating reports provide necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's reorganization efforts.  The requirement to file these reports on a timely basis, no later than twenty days following the reporting period, assures that current information is regularly and easily available to anyone with an interest in monitoring the progress of a case toward confirmation.  Late filings complicate this task, and missing filings may render it impossible.  [*In re EarthSnap, Inc*, 670 BR 49, 54 (Bankr ED Tex 2025) (quotation marks and citations omitted).]

In the present matter, the debtor only filed ONE monthly report for the month of April, and that was filed a month later than the 20 days following the end of the reporting period.  The April Report was due on May 20th but was not provided until June 19th.  The monthly report for May is now past due.  These failures impede the ability of interested entities to monitor debtor's progress.  These omissions are particularly pressing where, in lieu of filing "its most recent balance sheet, statement of operations, cash-flow statement, and Federal income tax return," § 1116(A), debtor filed portions of his unaudited **2024** tax return (effectively reflecting the state

FBZ/Cooley Lake B&G                                                                              26-30869

26-30869-jda    Doc 82    Filed 06/25/26    Entered 06/25/26 16:20:04    Page 25 of 71

of business <u>three years ago</u>) as its balance sheet (Doc 42) and cash-flow statement (Doc 43) and failed to prepare a statement of operations at all (Doc 44). See § 1116(B). Debtor's non-compliance with its statutory duties is cause for conversion. *EarthSnap*, 670 BR at 54.

Additionally, the Final Cash Collateral Order provides, in relevant part:

> 12. The Debtor shall, on a weekly basis, no later than Monday following the close of each budget period ending on Tuesday, provide . . . Secured Lender, and Landlord with a report of the Debtor's income and expenses for the prior week (Wednesday through Tuesday), . . . including an item-by-item comparison . . . to the Budget for the corresponding week and a brief explanation of any material variance.
>
> * * *
>
> 13. The Debtor shall, within 14 days after entry of this Order, product to . . . Secured Lender's counsel copies of all bank account statements, canceled checks, and financial reports for the period from January 1, 2025 through the Petition Date that are in the Debtor's possession custody or control. [(Final CC O, ¶¶ 12-13

Debtor's variance reports are consistently late. More concerning is the extent to which reported actual revenue and expenditures bear no relation to the projections in the Budget. But most concerning is debtor's failure to provide full versions of the <u>current</u> financial reports, likely because the business ran out of money and because debtor's owner is using personal funds to keep the business afloat.

In addition to the documents identified by the Final Cash Collateral Order, debtor has also requested other documents in relation to the 11 USC § 2004 exam that has been adjourned multiple times due to the lack of documentation.

FBZ/Cooley Lake B&G 26-30869
26-30869-jda   Doc 82   Filed 06/25/26   Entered 06/25/26 16:20:04   Page 26 of 71

Specifically, debtor has not provided Secured Creditors with the following documents: the January 2026 sales report, the first, fifth, and sixth pages of the May 2026 statement for the business checking account ending in 0342, the May 2026 statement for business checking account ending in 1180, complete copies of all Sales and Withholding Tax payments and returns for 2022 forward, monthly sales reports from the point of sale system from before July 2025, daily sales reports (or Z-reports) from January 1, 2025 to present, a fixed asset register (or document showing asset purchase prices, depreciation, sale prices, etc. for assets owned and/or sold by the LLC since 2022), and bank ledgers and cancelled checks from January 1, 2025 until present.

For purposes of this motion, debtor's omission of pages one, five, and six from one of its May 2026 bank statements and failure to provide the other account's May 2026 statement is particularly problematic because the first and last pages would have shown the amount of cash on hand at the end of May. Debtor did not timely issue checks for its required rental and adequate protection payments (Final CC O, ¶¶ 5-6), probably because debtor did not have sufficient cash on hand at the end of May for its June payment.

Debtor's failure to timely make all required financial disclosures obfuscates debtor's financial health and establishes cause for conversion. § 1112.

### iv. Debtor obtained new insurance policies without providing notice to Secured Creditors

Secured Creditors are not confident that debtor has obtained adequate insurance, in violation of the Final Cash Collateral Order, which provides:

> 17. The Debtor, at its expense and subject to the Budget, shall (a) maintain all required insurance policies on its property and regarding liability; request that Landlord and Secured Lender be listed as additional insureds and loss payees, as applicable; request that Landlord, Secured Lender, the Trustee, and the Office of the United States Trustee receive 30 days' advance written notice of any scheduled cancellation of insurance, to the extent available from the applicable carrier; and provide certificates of insurance reflecting the requested additional insureds and loss payees within five business days after the Debtor receives such certificates from its insurance carrier(s) . . . . [Final CC O, ¶ 17.]

Secured Creditors are in receipt of <u>three</u> insurance policies. Recall that debtor's prepetition insurance policy was set to expire on April 27, 2026, but that debtor purported to obtain a new policy to avoid a lapse in insurance coverage on April 14, 2026 (Exhibit 6, Insurance Docs, 1-2). This Court has relied on that policy, in part, as a basis for allowing debtor to proceed with these Chapter 11 proceedings. Secured Creditors have not received notice that the April policy was set for cancellation or was cancelled, but it appears that debtor obtained two new insurance policies on May 21, 2026, without any prior notice to Secured Creditors (Exhibit 6, Insurance Docs, 3-4). Further, Debtor has never received ANY insurance policy that provides the Landlord, Secured Lender, the Trustee, and the Office of the United States Trustee receive 30 days' advance written notice of any scheduled cancellation

of insurance as ordered. These continuing insurance issues, cumulatively, support that this matter should be converted.  11 USC §§ 1112(b)(4)(C) and (D).

> **B.**     **Debtor's financial documents demonstrate a substantial and continuing loss or diminution of the estate without a reasonable likelihood of rehabilitation.**

"In order to demonstrate that cause exists to dismiss a case pursuant to § 1112(b)(4)(A), the moving party must demonstrate that there is both (1) a substantial or continuing loss to or diminution of estate assets and (2) an absence of a reasonable likelihood of rehabilitation." *Exigent Landscaping*, 656 BR at 765 (quotation marks, alteration, and citation omitted).  A movant may satisfy the first prong by demonstrating "that the debtor continues to incur losses or maintains a negative cash-flow position after the entry of the order for relief or that the debtor's assets have declined in value since the case was commenced." *Id*. (quotation marks and citation omitted).  "The loss may be substantial or continuing.  It need not be both in order to constitute cause under § 1112(b)(4)(A)." *Id*.  The second prong is satisfied by a showing "that the debtor does not have a reasonable likelihood of rehabilitation." *Id*.  "Rehabilitation" is a different and "much more demanding standard than 'reorganization.' " *Id*. at 766.  "Rehabilitation has been described "as 'to put back in good condition; re-establish on a firm, sound basis.' " *Id*. at 765-766.  "If the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's enterprise back on a solid financial footing within a reasonable amount of

time, then the debtor may have a reasonable likelihood of rehabilitation." *Id*. at 766 (quotation marks and citation omitted).

In the present case, debtor's financial reports demonstrate substantial and continuing losses. On April 30, debtor reported cash on hand of $30.83 in account 1180 and $5,755.97 in cash on hand in account 0342. Debtor did not produce a May statement for account 1180, but the partial statement for account 0342 shows $50,564.19 in external deposits and $56,811.26 in total withdrawals, which is a difference of $6,247.07. Debtor covered this $491.10 overage with transfers from account 1180, which is primarily funded from DoorDash receipts. These calculations do not take into account that debtor was also charged at least nine $38 overdraft fees in May, but the statement provided to debtor was incomplete. Notably, debtor received a $1,569.00 Zelle deposit on May 28, the day after the 0342 account ran out of funds (Exhibit 8, April and May Stmts). Secured Creditors believe that the Zelle payment was a personal payment from debtor's owner to keep the business afloat. In any event, debtor projected that, by the end of Week 5, it would have $14,597.77 in cash on hand after paying June rent and adequate assurance payments (Budget, 3; ECF No. 47). Debtor has not just failed to save enough cash on hand, debtor appears to be operating at a deficit. There has been a substantial diminution of estate assets. *Exigent Landscaping*, 656 BR at 765.

There is no path to rehabilitation, and better management cannot save this operation. Six weeks into proceedings, the projections bear almost no relationship to actual revenue and expenditures, and the business appears solvent only because of personal contributions from the owner. Debtor has not stemmed the losses, and the debtor's owner personally funding the enterprise with personal income from work in a different restaurant is not sustainable. Debtor cannot establish that rehabilitation is reasonably likely. *Id*. at 765-766.

**C.  Debtor's failure to understand, anticipate, and report business expenses demonstrates gross mismanagement of the estate.**

Debtor's gross mismanagement of the estate is cause for conversion in this matter. "Section 1112(b)(4)(B) provides that gross mismanagement of the estate is cause for dismissal or conversion." *Exigent Landscaping*, 656 BR at 769. Only post-petition management is subject to scrutiny. *Id*. "Gross mismanagement" is not defined by the Bankruptcy Code, but a "variety of conduct can establish gross mismanagement." *Id*. (collecting cases). For example, using cash collateral without court authority, failing to maximize estate assets by pursuing accounts receivable, and failing to provide the court with an accurate financial picture has also constituted gross mismanagement of the estate. *Id*. at 770. As discussed thoroughly above, debtor has not provided interested entities and this Court with an accurate financial picture. *Id*. Debtor has also regularly been surprised by the cost of necessary expenses and has failed to seek or obtain the permission necessary to make expenses

out of compliance with applicable orders. *Id*. Notably, debtor would have allowed its liquor license to lapse, but Secured Creditors stepped in and renewed the license; this Court ordered that debtor reimburse Secured Creditors $1,100 for its expenses associated with the renewal (Final CC O, ¶ 22). And in May, the business appears to have, at least temporarily, run out of money—again (Exhibit 8, April and May Stmts). Meanwhile, debtor remains behind on utilities (Exhibit 7, Water Bill, April 16, 2026; Budg Var Rpts, 11, 13).

Secured Creditors also note that debtor represented to the Court that it had remedied the issues with its facilities that were holding up Commerce Township's renewal of debtor's liquor license (Gjura Declaration, April 28, 2026; ECF No. 51, 3, 10-11). However, debtor did not provide evidence that the grease trap was fixed; debtor merely provided evidence that it was paid for the sale of leftover grease (Gjura Declaration, 10-11). Secured Creditors are concerned that debtor is not in compliance with applicable regulations and that the liquor license could inadvertently be forfeited.

Therefore, debtor's failure to remain solvent and caught up on bills while leaving uncertainty regarding one of the estate's largest assets demonstrates gross mismanagement of the estate. *Exigent Landscaping*, 656 BR at 769.

**D.      Debtor filed this bankruptcy in bad faith.**

"[T]he general term 'cause' in § 1112(b)(1) includes bad faith by the debtor in filing the Chapter 11 case." *In re Shefa, LLC*, 649 BR 510, 515 (Bankr ED Mich 2023). Determining whether the debtor filed in bad faith requires consideration of the totality of the circumstances. *Id*. Lack of a possibility of reorganization is considered bad faith. *Id*., citing *Trident Assocs*, 52 F3d at 131. To the extent that debtor has cut expenses to make up for larger deficits in revenue, debtor has still ran out of money, made rent and adequate assurance payments late, and remained behind on utility bills. Under the best of scenarios, one busy season will not make this business profitable. Without the possibility of reorganization, there is cause to convert this matter for bad faith. *Id*.

## II.   Conversion, rather than dismissal, is in the best interests of the estate.

As the Bankruptcy Court for the Eastern District of Michigan has explained,

> Creditors are generally best served by the course of action that results in the largest number of them being paid the largest amount of money in the shortest amount of time. The best interest of the estate turns on whether its economic value is greater in or out of bankruptcy. [*Exigent Landscaping*, 656 BR at 774 (quotation marks, alteration, and citation omitted).]

Conversion has been favored over dismissal where the terms of dismissal would leave the creditors with "nothing on their claims." Specifically, proceeding under Chapter 7 instead of allowing dismissal provides a greater opportunity for creditors to "end up receiving a meaningful distribution . . . because there are assets that may be property of the bankruptcy estate in this case, which a Chapter 7 trustee may be

Page **22** of **25**

able to monetize for substantial value, for the benefit of the creditors and the estate."
*In re TAJ Graphics Enters, LLC*, 600 BR 1, 4 (Bankr ED Mich 2019). In *TAJ Graphics*, those assets with substantial liquidation value were rights to debts related to prior restructuring agreements and a $1.5 million claim owed to the debtor that was secured by residential real estate. *Id*. The court recognized that it was

> not certain that these assets [would] result in the realization of substantial value for the creditors, if this case is converted to Chapter 7. But at this point there is enough of a possibility of realizing substantial value, in the Court's view, to make it in the best interest of the creditors and the estate to convert this case to Chapter 7, rather than dismiss it. [*Id*.]

But liquidation through Chapter 7 was not in the best interests of the creditors or the estate where the debtor was unable to confirm its Chapter 11 plan over the objection of a primary secured creditor being treated as an impaired creditor. *In re SHAP, LLC*, 457 BR 625, 629 (Bankr ED Mich 2011). "The Bankruptcy Code treats a claim as impaired unless the debtor's plan 'leaves unaltered the legal, equitable, and contractual rights' of the creditor." *In re Schwartz*, 622 F Appx 485, 493 (6th Cir 2015), quoting 11 USC § 1124(1). In *SHAP*, the court dismissed the case, explaining,

> dismissal, rather than conversion, is in the best interests of creditors and the estate. There is only one non-administrative creditor of the estate, IberiaBank, the secured creditor, and that creditor seeks dismissal rather than conversion. The land which is the only asset of the estate is mortgaged to IberiaBank, and the parties agree that the value of the land is far less than the amount of the mortgage debt—while the parties disagree over the numbers, they agree that the value of the land is not

more than about 17 % of the mortgage debt. IberiaBank already has pending a state court foreclosure proceeding. There is no reason to doubt that the liquidation of Debtor's land can be done efficiently through the state court proceeding. [*SHAP*, 457 BR at 629.]

In the present matter, conversion is in the best interests of the creditors and the estate because the oversight and certainty provided by Chapter 7 proceedings would be greater than that provided by the availability of state court proceedings. Unlike in *SHAP*, where state foreclosure proceedings were already in progress, Secured Creditors served a notice to quit on Debtor (Notice to Quit, March 24, 2026; ECF No. 14-2) just prior to Debtor's initiation of this matter and before Secured Creditors had an opportunity to initiate state judicial proceedings. But much like in *TAJ Graphics*, debtor remains in possession of assets with potential substantial value for creditors, and realizing that value is more likely through conversion than dismissal. *TAJ Graphics*, 600 BR at 4.

## III. There are no unusual circumstances that would warrant continuing under Chapter 11.

Where there is cause to dismiss or convert a bankruptcy action, the existence of "unusual circumstances" may nevertheless allow the debtor to proceed in Chapter 11. 11 USC § 1112(b)(2). "The undefined term 'unusual circumstances' as used in the statute contemplates conditions that are not common in Chapter 11 cases." *In re Wilderness Crossings, LLC*, 440 B.R. 484, 485 (Bankr. WD Mich 2010). The court explained,

26-30869-jda   Doc 82   Filed 06/25/26   Entered 06/25/26 16:20:04   Page 35 of 71

Although section 1112(b) does not define the phrase 'unusual circumstances,' it clearly contemplates conditions that are not common in most chapter 11 cases. Although each chapter 11 case is to some extent unique, and unusual circumstances may exist in any particular case regardless of its size or complexity, the import of section 1112(b) is that, if cause exists, the case should be converted or dismissed unless unusual facts or circumstances demonstrate that the purposes of chapter 11 would be better served by maintaining the case as a chapter 11 proceeding. [*Id*. at 485-486 (quotation marks and citations omitted).]

In *Wilderness Crossings*, the parties stipulated that there was cause to dismiss or convert because the debtor had a history of negative net monthly income after the petition date, had failed to make court-ordered adequate protection payments, and had failed to pay post-petition taxes, but allowed debtor was allowed to proceed with Chapter 11 because it had secured additional financing such "that conversion is not in the best interests of the creditors and the estate." *Id*. at 485, 489.

## CONCLUSION AND REQUEST FOR RELIEF

Secured Creditors request that this Court convert this action into a proceeding under Chapter 7 and issue any other relief deemed just and equitable.

Dated: June 25, 2026                    Respectfully submitted,

**XUEREB LAW GROUP PC**

By:  /s/ *Thomas W. DeLano*
Thomas W. DeLano (P87592)
Attorneys for Creditors
39209 Six Mile, Suite 165
Livonia, Michigan 48152
(734) 455-2000

# Exhibit 4

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

In re:                                           Case No. 26-30869

THE DOCK ON COOLEY LLC                           Chapter 11

    Debtor.                                      Hon. Joel D. Applebaum

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2026, I served copies as follows:

1.    Documents Served:          *Secured Creditors' Corrected Motion to Conver to Chapter 7 Proceedings, Notice of Motion* and *Certificate of Service.*

2.    Served Upon:

                                             The Dock On Cooley LLC
                                             3674 Golf Club Rd
                                             Howell, MI 48843

                                             and parties on attached mailing matrix

3.    Method of Service:          First Class Mail or Electronic Court Notification

                                             **XUEREB LAW GROUP PC**

                                             /s/ Thomas W. DeLano
                                             Thomas W. DeLano (P87592)
                                             Xuereb Law Group PC
                                             39209 Six Mile, Suite 165
                                             Livonia, MI 48152
                                             (734)455-2000
                                             tdelano@xuereblawgroup.com

Dated: June 25, 2026

Label Matrix for local noticing
0645-4
Case 26-30869-jda
Eastern District of Michigan
Flint
Wed Jun 24 15:51:55 EDT 2026

State of Michigan Department of Treasury
3030 W. Grand Blvd., Ste 10-200
Detroit, MI 48202-6030

The Dock On Cooley LLC
3674 Golf Club Rd
Howell, MI 48843-9001

COOLEY LAKE BAR & GRILL, INC.,
 ALAN APPLEBAUM, PC
31555 W. 14 Mile Rd., Ste. 212
Farmington Hills, MI 48334-1287

FBZ ENTERPRISES, LLC
 The Band Law Firm, PLC
4521 Patrick Rd.
West Bloomfield, MI 48322-1659

Jessica L. Rundle
Assistant Attorney General
Revenue & Tax Division
P.O. Box 30754
Lansing, MI 48909-8254

THE RUBINSTEIN LAW FIRM
30665 Northwestern Hwy., Ste. 165
Farmington Hills, MI 48334-3145

jaris Lending, LLC
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Kimberly Ross Clayson
Taft Stettinius & Hollister, LLP
27777 Franklin Rd. Suite 2500
Southfield, MI 48034-8222

Robert N. Bassel
Robert Bassel, Attorney at Law
Pobox T
49236
Clinton, MI 49236-0018

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Cooley Lake Bar & Grill, Inc.

(u)FBZ Enterprises, LLC

(u)MICHIGAN DEPARTMENT OF TREASURY/BANKRUTPCY

(u)Andrew R. Vara

End of Label Matrix
Mailable recipients     9
Bypassed recipients     4
Total                  13

# Exhibit 5
## THE DOCK ON COOLEY LLC - WEEKLY CASH COLLATERAL
## RECONCILIATION

Case No. 26-30869 | Final Court Order | WEEK 1: April 29 - May 5, 2026 | DUE: Monday, May 11, 2026

- 
- 
- 
- 
- 

| WEEK COVERED (Wed - Tue): April 29, 2026 to May 5, 2026 | REPORT DUE (Monday): May 11, 2026 |
|---|---|
| COMPLETED BY: Perparim Gjura | DATE SUBMITTED: 05/11/2026 |

## PART A - INCOME (Money Coming In This Week)

| Income Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget - Actual) | |
|---|---|---|---|---|
| Sales Revenue (after sales tax) | $17,258.44 | $13,364.34 | $3,894.10 | |
| Cost of Goods Sold (subtract this) | ($7,848.40) | $3,670.57 | $4,177.83 | |
| GROSS PROFIT | $9,410.04 | $9,693.77 | ($283.73) | |
| Lottery Commission Income | $131.04 | $135.05 | ($4.01) | |
| TOTAL INCOME | $9,541.08 | $9,828.82 | ($287.74) | |

## PART B - EXPENSES (Money Going Out This Week) R

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget - Actual) | OVER 10%? |
|---|---|---|---|---|
| Advertising & Promotion | $419.46 | $248.75 | $170.71 | NO |
| Automobile Expense | $64.57 | $53.15 | $11.42 | NO |
| Bank Service Charges | $25.00 | $25.00 | $0.00 | NO |
| Bookkeeping | $1,000.00 | $0.00 | $1,000.00 | NO |
| Insurance | $745.68 | $902.00 | ($156.32) | YES |
| Internet | $156.89 | $0.00 | $156.89 | NO☒ |
| Janitorial | $30.00 | $0.00 | $30.00 | NO |

| | | | | |
|---|---|---|---|---|
| Landscaping / Snow | $50.00 | $0.00 | $50.00 | NO |
| Legal Fees | $500.00 | $0.00 | $500.00 | NO |
| Licenses & Permits | $160.00 | $0.00 | $160.00 | NO |
| Office Expenses | $93.09 | $0.00 | $93.09 | NO |
| Payroll Processing | $235.00 | $150.00 | $85.00 | NO |
| Wages & Salaries | $2,952.27 | $2,977.22 | ($24.95) | NO |
| Payroll Taxes | $323.27 | $0.00 | $323.27 | NO |
| Printing & Reproduction | $30.77 | $0.00 | $30.77 | NO |
| RENT - Business Premises ■ **COURT-ORDERED** | $6,000.00 | $6,000 | $0 | NO |
| Repairs & Maintenance | $90.00 | $0.00 | $90.00 | NO |
| SECURED NOTE PAYMENT ■ **COURT-ORDERED - $4,717/mo** | $4,000.00 | $4717 | $(717) | Ordered |
| Security | $64.61 | $50.00 | $14.61 | NO |
| Software | $40.00 | $0.00 | $40.00 | NO |
| Subchapter V Trustee Fee | $300.00 | $0.00 | $300.00 | NO |
| Supplies | $115.00 | $95.00 | $20.00 | NO⊠ |
| Telephone & Fax | $216.52 | $0.00 | $216.52 | NO |
| Uniforms & Shoes | $0 (not scheduled W1) | $0.00 | $0.00 | **NO** |
| Utilities | $276.36 | $275.00 | $1.36 | **NO** |
| Waste Management | $0 (not scheduled W1) | $0.00 | $0.00 | **NO** |
| OTHER (describe in Part E) | $0 | $0.00 | $0.00 | **NO** |
| **TOTAL EXPENSES** | $17,888.49 | $ | $ | |

| | | |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

## PART D - EXPLAIN ANY VARIANCES OVER 10%

| Line Item | Budget $ | Actual $ | Explanation — What happened and why |
|---|---|---|---|
| Insurance | $ | $ | insurance is required |
|  | $ | $ |  |
|  | $ | $ |  |
|  | $ | $ |  |

|  |  |  |  |
|---|---|---|---|
|  | $ |  |  |
|  | $ |  |  |

_____

_____    _____

_____    _____

# THE DOCK ON COOLEY LLC - WEEKLY CASH COLLATERAL RECONCILIATION

- Enter ACTUAL dollar amounts in each blue-outlined box in the ACTUAL column.
- Calculate DIFFERENCE as: Budget minus Actual (positive = under budget, negative = over budget).
- In the OVER 10%? column write YES or NO based on whether the variance exceeds 10% of budget.
- Explain any YES items in Part D on page 3.
- 

| WEEK COVERED (Wed – Tue): | May 6, 2026 to May 12, 2026 | ( SUBMITTED: |
|---|---|---|
| COMPLETED BY: Perparim Gjura | | 05/19/2026 |

## PART A - INCOME (Money Coming In This Week)

| Income Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget-Actual) |
|---|---|---|---|
| Sales Revenue (after sales tax) | $14,190.39 | $13,686.88 | |
| Cost of Goods Sold (subtract this) | ($4,914.53) | $4,397.34 | |
| GROSS PROFIT | $9,275.86 | $9,289.54 | |
| Lottery Commission Income | $107.74 | $152.71 | |
| TOTAL INCOME | $9,383.60 | $9,442.25 | |

## PART B - EXPENSES (Money Going Out This Week)

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget-Actual) | OVER 10%? |
|---|---|---|---|---|
| Advertising & Promotion | $419.46 | $255.00 | | |
| Automobile Expense | $64.57 | $0.00 | | |
| Bank Service Charges | $25.00 | $25.00 | | |
| Bookkeeping | $0 | $0.00 | | |
| Insurance | $745.68 | $840.20 | | yes |
| Internet | $156.89 | 0 | | |
| Janitorial | $30.00 | $0.00 | | |
| Landscaping / Snow | $50.00 | $0.00 | | |
| Legal Fees | $500.00 | 0 | | |
| Licenses & Permits | $0 ( | 0 | | |
| Office Expenses | 93.09 | $0.00 | | |
| Payroll Processing | $0 | $150.00 | | yes |
| Wages & Salaries | 2,952.27 | $2,485.75 | | |
| Payroll Taxes | $323.27 | $0.00 | | |
| Printing & Reproduction | $30.77 | $0.00 | | |

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget-Actual) | OVER 10%? |
|---|---|---|---|---|
| RENT – Business Premises ■ COURT-ORDERED | $0 (not scheduled W2) | paid prior | | |
| Repairs & Maintenance | $90.00 | $0.00 | | |
| SECURED NOTE PAYMENT ■ COURT-ORDERED – $4,717/mo | $0 (not scheduled W2) | paid prior | | |
| Security | $0 (not scheduled W2) | $50.00 | | |
| Software | $40.00 | $0.00 | | |
| Subchapter V Trustee Fee | $300.00 | $300.00 | | |
| Supplies | $115.00 | $95.00 | | |
| Telephone & Fax | $0 (not scheduled W2) | $196.50 | | yes |
| Uniforms & Shoes | $0 (not scheduled W2) | $0.00 | | |
| Utilities | $276.36 | $0.00 | | |
| Waste Management | $0 (not scheduled W2) | $0.00 | | |
| OTHER (describe in Part E) | $0 | $0.00 | | |
| **TOTAL EXPENSES** | $6,212.36 | | | |

| | $ | | | Notes |
|---|---|---|---|---|

| insurance is required and was paid, telephone and fax, and payroll | | | | |
|---|---|---|---|---|
| processing were paid in this period and not | | | | |
| other periods where budgeted | | | | |
| | | | | |

# THE DOCK ON COOLEY LLC — WEEKLY CASH COLLATERAL BUDGET VARIANCE REPORT

Case No. 26-30869  |   | WEEK 3: May 13 – May 19, 2026  |  |

Completed By:  Perparim Gjura                              Title:  Owner

| Line Item | Budget ($) | Actual ($) | Variance ($) | Variance (%) | > 10%? |
|---|---|---|---|---|---|
| **PART A — INCOME  (Money Coming In This Week)** | | | | | |
| Sales Revenue (after sales tax) | $20,569.64 | $12,821.03 | | | |
| Cost of Goods Sold (subtract)  [Both shown as p | $9,869.51 | $5,716.78 | | | |
| **GROSS PROFIT** | **$10,700.13** | **$7,104.25** | | | |
| Lottery Commission Income | $156.18 | $157.00 | | | |
| **TOTAL INCOME** | **$10,856.31** | **$7,261.25** | | | |
| **PART B — EXPENSES  (Money Going Out This Week)  |** | | | | | |
| Advertising & Promotion | $419.46 | $385.00 | ($34.46) | (8.2%) | NO |
| Automobile Expense | $64.57 | - | ($64.57) | (100.0%) | |
| Bank Service Charges | $25.00 | $25.00 | - | - | NO |
| Bookkeeping  [not scheduled W3] | - | - | - | | — |
| Insurance | $745.68 | - | ($745.68) | (100.0%) | |
| Internet | $156.89 | $150.00 | ($6.89) | (4.4%) | NO |
| Janitorial | $30.00 | - | ($30.00) | (100.0%) | |
| Landscaping / Snow | $50.00 | - | ($50.00) | (100.0%) | |
| Legal Fees | $500.00 | $500.00 | - | - | NO |
| Licenses & Permits  [not scheduled W3] | - | - | - | | — |
| Office Expenses | $93.09 | - | ($93.09) | (100.0%) | |
| Payroll Processing | $235.00 | $225.00 | ($10.00) | (4.3%) | NO |
| Printing & Reproduction | $30.77 | - | ($30.77) | (100.0%) | |
| ■ RENT — Business Premises (COURT-ORDEF | - | - | - | | — |
| Repairs & Maintenance | $90.00 | - | ($90.00) | (100.0%) | |
| ■ SECURED NOTE PAYMENT ($4,717/mo) (CC | - | - | - | | — |
| Security | $64.61 | $50.00 | ($14.61) | (22.6%) | |
| Software | $40.00 | - | ($40.00) | (100.0%) | |
| Subchapter V Trustee Fee | $300.00 | - | ($300.00) | (100.0%) | |
| Supplies | $115.00 | $150.00 | $35.00 | 30.4% | YES |
| Telephone & Fax  [not scheduled W3] | - | $210.00 | $210.00 | | YES |
| Uniforms & Shoes  [not scheduled W3] | - | - | - | | — |
| Utilities | $276.36 | - | ($276.36) | (100.0%) | |
| Wages & Salaries  [ see note] | $2,952.27 | $3,453.91 | $501.64 | 17.0% | YES |
| Payroll Taxes  [see note] | $323.27 | - | ($323.27) | (100.0%) | |
| Waste Management  [not scheduled W3] | - | - | - | | — |
| **TOTAL EXPENSES** | **$6,511.97** | **$5,148.91** | **($1,363.06)** | **(20.9%)** | |

---

## PART D — VARIANCE EXPLANATIONS

Line Item | Budget $ | Actual $ | Explanation

| | Budget | Actual | Explanation |
|---|---|---|---|
| **Supplies** | $115.00 | $150.00 | Supplies ($35.00 / +30.4%) over budget. Operational needs exceeded estimate. |
| **Telephone & Fax** | $0.00 | $210.00 | Not scheduled in W3 budget but payment made.  business necessity. |
| **Wages & Salaries + Payroll Taxes** | $3,275.54 | $3,453.91 | needed employees because of demand |

# THE DOCK ON COOLEY LLC – WEEKLY CASH COLLATERAL RECONCILIATION

Case No. 26-30869 | Final Court Order | WEEK 4: May 20 – May 26, 2026

## HOW TO COMPLETE THIS FORM

- Enter **ACTUAL** dollar amounts in each blue-outlined box in the ACTUAL column.
- Calculate **DIFFERENCE** as: Budget minus Actual *(positive = under budget, negative = over budget)*.
- In the **OVER 10%?** column write **YES** or **NO** based on whether the variance exceeds 10% of budget.
- Explain any YES items in **Part D** on page 3.

**WEEK COVERED (Wed – Tue):** May 20, 2026 to May 26, 2026

COMPLETED BY: _____P_____

SUBMITTED: _____06/01/2026_____

## PART A – INCOME (Money Coming In This Week)

| Income Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget – Actual) |
|---|---|---|---|
| Sales Revenue *(a er sales tax)* | $20,897.15 | $14,331.87 | |
| Cost of Goods Sold *(subtract this)* | ($6,516.38) | $4,853.56 | |
| **GROSS PROFIT** | $14,380.77 | $9,478.31 | |
| Lottery Commission Income | $158.66 | $147.00 | |
| **TOTAL INCOME** | $14,539.43 | $9,625.31 | |

## PART B – EXPENSES (Money Going Out This Week)

### Page 1 of Expenses

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget – Actual) | OVER 10%? |
|---|---|---|---|---|
| Advertising & Promotion | $419.46 | $0.00 | | |
| Automobile Expense | $64.57 | $0.00 | | |

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget – Actual) | OVER 10%? |
|---|---|---|---|---|
| Bank Service Charges | $25.00 | $25.00 | | |
| Bookkeeping | $0 *(not scheduled W4)* | $0.00 | | |
| Insurance Expense | $745.68 | $0.00 | | |
| Internet | $156.89 | $0.00 | | |
| Janitorial Expense | $30.00 | $0.00 | | |
| Landscaping / Snow Plowing | $50.00 | $0.00 | | |
| Legal Fees | $500.00 | | | |
| Licenses & Permits | $160.00 | $0.00 | | |
| Office Expenses | $93.09 | $0.00 | | |
| Payroll Processing | $235.00 | $0.00 | | |
| Wages & Salaries | $2,952.27 | $0.00 | | |
| Payroll Taxes | $323.27 | $0.00 | | |
| Printing & Reproduction | $30.77 | $0.00 | | |

## Page 2 of Expenses

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget – Actual) | OVER 10%? |
|---|---|---|---|---|
| RENT – Business Premises ◆ COURT-ORDERED | $0 *(not scheduled W4)* | | | |
| Repairs & Maintenance | $90.00 | $0.00 | | |
| SECURED NOTE PAYMENT ◆ COURT-ORDERED – $4,717/mo | $0 *(not scheduled W4)* | | | |
| Security | $64.61 | $50.00 | | |
| Software | $40.00 | $560 | | yes |
| Subchapter V Trustee Fee | $300.00 | | | |
| Supplies | $115.00 | $648.03 | | yes |
| Telephone & Fax | $0 *(not scheduled W4)* | $0.00 | | |
| Uniforms & Shoes | $0 *(not scheduled W4)* | | | |
| Utilities | $276.36 | $0.00 | | |

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget – Actual) | OVER 10%? |
|---|---|---|---|---|
| Waste Management | $0 *(not scheduled W4)* | | | |
| OTHER *(describe in Part E)* | $0 | | | |
| **TOTAL EXPENSES** | **$6,276.97** | | | |

## PART C – NET INCOME / CASH POSITION

| Item | BUDGET | ACTUAL | DIFFERENCE |
|---|---|---|---|
| Total Income | $14,539.43 | | |
| Total Expenses | $6,276.97 | | |
| **NET INCOME / (LOSS)** | **$8,262.46** | | |
| Initial Cash (carried from Week 3) | $9,307.77 | | |
| **ENDING CASH** | **$17,570.24** | | |

## PART D – EXPLAIN ANY VARIANCES OVER 10%

| Line Item | Budget $ | Actual $ | Explanation — What happened and why |
|---|---|---|---|
| | | | |

software and supplies were for needed expenditures and are oftentimes paid in lump sums and thus harder to accurately budget

fyi, payroll is being paid every other week now, was higher last week because had 2 weeks in it, this week has a zero amount

## PART E – OTHER / UNUSUAL PAYMENTS (NOT IN BUDGET)

| Description | Amount | Payee | Reason / Notes |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

*The Dock on Cooley LLC | Case No. 26-30869 | Week 4: May 20–26, 2026 | Due: June 2, 2026*

# THE DOCK ON COOLEY LLC - WEEKLY CASH COLLATERAL RECONCILIATION

Enter ACTUAL dollar amounts in each blue-outlined box in the ACTUAL column.

DIFFERENCE = Budget minus Actual  (positive = under budget; negative = over budget).

OVER 10%? column: write YES or NO based on whether the variance exceeds 10% of budget.

Explain all YES variances in Part D (page 3).

**WEEK COVERED (Wed - Tue):  May 27, 2026  to  June 2, 2026**

**COMPLETED BY:** Perparim Gjura          **SUBMITTED:** 06/08/2026

## PART A - INCOME (Money Coming In This Week)

| Income Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget-Actual) |
|---|---|---|---|
| Sales Revenue (after sales tax) | $22,039.43 | $15,820.51 | |
| Cost of Goods Sold (subtract this) | ($7,355.35) | $5,153.35 | |
| **GROSS PROFIT** | **$14,684.08** | $10,667.16 | |
| Lottery Commission Income | $167.34 | $150.00 | |
| **TOTAL INCOME** | **$14,851.42** | $10,817.16 | |

## PART B - EXPENSES (Money Going Out This Week)

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Bgt-Actual) | OVER 10%? |
|---|---|---|---|---|
| Advertising & Promotion | $419.46 | $0.00 | | |
| Automobile Expense | $64.57 | $60.01 | | |
| Bank Service Charges | $25.00 | $25.00 | | |
| Bookkeeping | $1,000.00 | $150.00 | | |
| Insurance | $745.68 | $0.00 | | |
| Internet | $156.89 | $0.00 | | |
| Janitorial | $30.00 | $0.00 | | |
| Landscaping / Snow | $50.00 | $0.00 | | |
| Legal Fees | $500.00 | $0.00 | | |
| Licenses & Permits | $160.00 | $0.00 | | |
| Office Expenses | $93.09 | $83.59 | | |
| Payroll Processing | $235.00 | $235.00 | | |
| Wages & Salaries | $2,952.27 | $3,648.46 | | |
| Payroll Taxes | $323.27 | $364.84 | | |
| Printing & Reproduction | $30.77 | $18.50 | | |

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Bgt-Actual) | OVER 10%? |
|---|---|---|---|---|
| **RENT - Business Premises**<br>(!) COURT-ORDERED | **$6,000.00** | $0.00 | | |
| Repairs & Maintenance | $90.00 | $0.00 | | |
| **SECURED NOTE PAYMENT**<br>(!) COURT-ORDERED \| budget $4,000; ct.ord $4,717 | **$4,000.00** | $0.00 | | |
| Security<br>(not scheduled W5) | $0<br>(not sched. W5) | $0.00 | | |
| Software | $40.00 | $0.00 | | |
| Subchapter V Trustee Fee | $300.00 | $0.00 | | |
| Supplies | $115.00 | $105.00 | | |
| Telephone & Fax | $216.52 | $0.00 | | |
| Uniforms & Shoes<br>(not scheduled W5) | $0<br>(not sched. W5) | $0.00 | | |
| Utilities | $276.36 | $1,717.45 | | |
| Waste Management<br>(not scheduled W5) | $0<br>(not sched. W5) | $0.00 | | |
| OTHER | $0 | $0.00 | | |
| **TOTAL EXPENSES** | **$17,823.88** | $6,407.85 | | |

## PART D - EXPLAIN ANY VARIANCES OVER 10%

| Line Item | Budget $ | Actual $ | Explanation - What happened and why |
|---|---|---|---|
| utilities paid monthly budgeted week | | | |
| wages being paid every other week | so appear higher | | |
| paid rent, secured note and 1100 | in the next week | | |
| | | | |
| | | | |

# THE DOCK ON COOLEY LLC - WEEKLY CASH COLLATERAL RECONCILIATION

Case No. 26-30869 | Final Court Order | WEEK 6: June 3, 2026 - June 9, 2026 | HOW TO COMPLETE THIS FORM

Enter ACTUAL dollar amounts in each blue-outlined box in the ACTUAL column.

DIFFERENCE = Budget minus Actual  (positive = under budget; negative = over budget).

OVER 10%? column: write YES or NO based on whether the variance exceeds 10% of budget.

Explain all YES variances in Part D (page 3).

**WEEK COVERED (Wed - Tue):  June 3, 2026  to  June 9, 2026**

**COMPLETED BY:**    Perparim Gjura 06/15/202    **SUBMITTED:**

## PART A - INCOME (Money Coming In This Week)

| Income Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Budget-Actual) |
|---|---|---|---|
| Sales Revenue (after sales tax) | $15,561.79 | $15,914.01 | |
| Cost of Goods Sold (subtract this) | ($11,048.18) | $3401.01 | |
| **GROSS PROFIT** | **$4,513.61** | $12,513 | |
| Lottery Commission Income | $118.16 | $145.00 | |
| **TOTAL INCOME** | **$4,631.77** | $12,658 | |

## PART B - EXPENSES (Money Going Out This Week)

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Bgt-Actual) | OVER 10%? |
|---|---|---|---|---|
| Advertising & Promotion | $419.46 | $0.00 | | |
| Automobile Expense | $64.57 | $51.04 | | |
| Bank Service Charges | $25.00 | $25.00 | | |
| Bookkeeping | $0 (not sched. W6) | | | |
| Insurance | $745.68 | $0.00 | | |
| Internet | $156.89 | $152.83 | | |
| Janitorial | $30.00 | $0.00 | | |
| Landscaping / Snow | $50.00 | $0.00 | | |
| Legal Fees | $500.00 | $0.00 | | |
| Licenses & Permits | $0 (not sched. W6) | | | |
| Office Expenses | $93.09 | $0.00 | | |
| Payroll Processing | $0 (not sched. W6) | | | |
| Wages & Salaries | $2,952.27 | $2,570.84 | | |
| Payroll Taxes | $323.27 | $0.00 | | |
| Printing & Reproduction | $30.77 | $0.00 | | |

| Expense Item | BUDGET (pre-filled) | ACTUAL (you fill in) | DIFFERENCE (Bgt-Actual) | OVER 10%? |
|---|---|---|---|---|
| **RENT - Business Premises** (!) COURT-ORDERED | $0 (not sched. W6) | $6,000.00 | | |
| Repairs & Maintenance | $90.00 | | | |
| **SECURED NOTE PAYMENT** (!) COURT-ORDERED - $4,717/mo | $0 (not sched. W6) | $4,717.00 | | |
| Security | $0 (not sched. W6) | $50.00 | | |
| Software | $40.00 | $0.00 | | |
| Subchapter V Trustee Fee | $300.00 | $0.00 | | |
| Supplies | $115.00 | $115.00 | | |
| Telephone & Fax | $0 (not sched. W6) | $0.00 | | |
| Uniforms & Shoes | $0 (not sched. W6) | $0.00 | | |
| Utilities | $276.36 | $929.94 | | |
| Waste Management | $0 (not sched. W6) | $0.00 | | |
| OTHER | $0 | $0.00 | | |
| **TOTAL EXPENSES** | **$6,212.36** | $14,611.65 | | |

**PART D - EXPLAIN ANY VARIANCES OVER 10%**

| Line Item | Budget $ | Actual $ | Explanation - What happened and why |
|---|---|---|---|
| paid 1100 per Court Order | | | |
| | | | |
| | | | |
| | | | |
| | | | |

# Exhibit 6

DOBP765316

## ACORD® EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

| DATE (MM/DD/YYYY) |
| --- |
| 04/15/2026 |

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| PRODUCER NAME, CONTACT PERSON AND ADDRESS | PHONE (A/C, No, Ext): 248-737-0022 | COMPANY NAME AND ADDRESS | NAIC NO: |
| --- | --- | --- | --- |
| United Insurance Services, LLC 28230 Orchard Lake, Suite 203 Farmington Hills MI 48334 | | AmGUARD Insurance Company 39 Public Square Wilkes-Barre, PA 18701 | |

| FAX (A/C, No): 248-737-2244 | E-MAIL ADDRESS: unitedinsuranceservicesLLC@gmail.cc | IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH |
| --- | --- | --- |

| CODE: | SUB CODE: | POLICY TYPE |
| --- | --- | --- |
| AGENCY CUSTOMER ID #: | | Businessowner's Policy |

| NAMED INSURED AND ADDRESS The Dock On Cooley, LLC DBA PRIME 7 BAR & RESTAURANT 8635 Cooley Lake Rd Commerce Township MI 48382 | LOAN NUMBER | POLICY NUMBER DOBP765316 |
| --- | --- | --- |
| | EFFECTIVE DATE 04/14/2026 | EXPIRATION DATE 04/14/2027 | CONTINUED UNTIL TERMINATED IF CHECKED |
| ADDITIONAL NAMED INSURED(S) | THIS REPLACES PRIOR EVIDENCE DATED: | |

## PROPERTY INFORMATION (ACORD 101 may be attached if more space is required)  BUILDING OR ☐ BUSINESS PERSONAL PROPERTY

LOCATION / DESCRIPTION

8635 Cooley Lake Rd, Commerce Township, MI 48382

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION      PERILS INSURED   ☐ BASIC   ☑ BROAD   ☐ SPECIAL

| COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE: $1,464,651 | | | | | DED: $5,000 | |
| --- | --- | --- | --- | --- | --- | --- |
| | YES | NO | N/A | | | |
| ☑ BUSINESS INCOME ☐ RENTAL VALUE | ☑ | | | If YES, LIMIT: | ☑ Actual Loss Sustained; # of months: 12 | |
| BLANKET COVERAGE | | | ☑ | If YES, indicate value(s) reported on property identified above: $ | | |
| TERRORISM COVERAGE | | ☑ | | Attach Disclosure Notice / DEC | | |
| IS THERE A TERRORISM-SPECIFIC EXCLUSION? | | | | | | |
| IS DOMESTIC TERRORISM EXCLUDED? | | | | | | |
| LIMITED FUNGUS COVERAGE | ☑ | | | If YES, LIMIT: $15,000 | DED: $5,000 | |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | ☑ | | | | |
| REPLACEMENT COST | ☑ | | | | | |
| AGREED VALUE | | | | | | |
| COINSURANCE | | | | If YES, % | | |
| EQUIPMENT BREAKDOWN (If Applicable) | ☑ | | | If YES, LIMIT: | DED: | |
| ORDINANCE OR LAW - Coverage for loss to undamaged portion of bldg | ☑ | | | If YES, LIMIT: $10,000 | DED: | |
| - Demolition Costs | | | | If YES, LIMIT: | DED: | |
| - Incr. Cost of Construction | | | | If YES, LIMIT: | DED: | |
| EARTH MOVEMENT (If Applicable) | | ☑ | | If YES, LIMIT: | DED: | |
| FLOOD (If Applicable) | | ☑ | | If YES, LIMIT: | DED: | |
| WIND / HAIL INCL ☑ YES ☐ NO Subject to Different Provisions: | | | | If YES, LIMIT: | DED: | |
| NAMED STORM INCL ☐ YES ☑ NO Subject to Different Provisions: | | | | If YES, LIMIT: | DED: | |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | | ☑ | | | | |

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| ☐ CONTRACT OF SALE ☐ LENDER'S LOSS PAYABLE ☐ LOSS PAYEE | LENDER SERVICING AGENT NAME AND ADDRESS |
| --- | --- |
| ☐ MORTGAGEE | |
| NAME AND ADDRESS The Dock On Cooley, LLC DBA PRIME 7 BAR & RESTAURANT 8635 Cooley Lake Rd Commerce Township MI 48382 | |
| | AUTHORIZED REPRESENTATIVE Mohammad Hoque |

© 2003-2015 ACORD CORPORATION. All rights reserved.

DOBP765316

ACORD

# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
04/15/2026

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER United Insurance Services, LLC<br>28230 Orchard Lake, Suite 203<br>Farmington Hills MI 48334 | CONTACT NAME: Mohammad Hoque | | |
|---|---|---|---|
| | PHONE (A/C, No, Ext): 248-737-0022 | | FAX (A/C, No): 248-737-2244 |
| | E-MAIL ADDRESS: unitedinsuranceservicesLLC@gmail.com | | |
| | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : AmGUARD Insurance Company | | |
| INSURED The Dock On Cooley, LLC DBA PRIME 7 BAR & RESTAURANT<br>8635 Cooley Lake Rd<br>Commerce Township MI 48382 | INSURER B : | | |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES CERTIFICATE NUMBER: REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. *LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS. LIMITS SHOWN ARE INCLUSIVE OF AMOUNTS REQUESTED BY THE CERTIFICATE HOLDER AND MAY NOT REFLECT POLICY LIMIT AMOUNTS IN EXCESS OF THOSE REQUESTED. *Not Applicable in WY

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | COMMERCIAL GENERAL LIABILITY ✓<br>CLAIMS-MADE ☐ OCCUR ✓ | | | DOBP765316 | 04/14/2026 | 04/14/2027 | EACH OCCURRENCE | $1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $50,000 |
| | | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $Included |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>✓ POLICY ☐ PRO-JECT ☐ LOC<br>OTHER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | | | | | | | | $ |
| | AUTOMOBILE LIABILITY<br>ANY AUTO<br>OWNED AUTOS ONLY SCHEDULED AUTOS<br>HIRED AUTOS ONLY NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB ☐ OCCUR<br>EXCESS LIAB ☐ CLAIMS-MADE<br>DED ☐ RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N<br>ANYPROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? N/A<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | PER STATUTE ☐ OTH-ER ☐ | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

BAR & RESTAURANT
8635 Cooley Lake Rd, Commerce Township, MI 48382

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| The Dock On Cooley, LLC DBA PRIME 7 BAR & RESTAURANT<br>8635 Cooley Lake Rd<br>Commerce Township MI 48382 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE<br>Mohammad Hoque |

ACORD 25 (2025/12)

© 1988-2025 ACORD CORPORATION. All rights reserved.

The ACORD name and logo are registered marks of ACORD

DPK0000369200



# EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

| DATE (MM/DD/YYYY) |
|---|
| 05/21/2026 |

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS EVIDENCE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE ADDITIONAL INTEREST.

| PRODUCER NAME, CONTACT PERSON AND ADDRESS | PHONE (A/C, No, Ext): 248-737-0022 | COMPANY NAME AND ADDRESS | NAIC NO: |
|---|---|---|---|
| United Insurance Services, LLC<br>28230 Orchard Lake, Suite 203<br>Farmington Hills MI 48334 | | Dellwood Specialty Insurance Company<br>47 Maple Street, Suite 401<br>Summit, NJ 07901 | |

| FAX (A/C, No): 248-737-2244 | E-MAIL ADDRESS: unitedinsuranceservicesLLC@gmail.c | IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH |
|---|---|---|

| CODE: | SUB CODE: | POLICY TYPE |
|---|---|---|
| AGENCY CUSTOMER ID #: | | Businessowner's Policy |

| NAMED INSURED AND ADDRESS The Dock On Cooley, LLC DBA Prime 7 Bar & Restaurant<br>8635 Cooley Lake Rd<br>Commerce Township MI 48382 | LOAN NUMBER | | POLICY NUMBER<br>DPK0000369200 |
|---|---|---|---|
| | EFFECTIVE DATE<br>06/01/2026 | EXPIRATION DATE<br>06/01/2027 | CONTINUED UNTIL TERMINATED IF CHECKED |

| ADDITIONAL NAMED INSURED(S) | THIS REPLACES PRIOR EVIDENCE DATED: |
|---|---|

**PROPERTY INFORMATION** (ACORD 101 may be attached if more space is required) | BUILDING OR | BUSINESS PERSONAL PROPERTY

LOCATION / DESCRIPTION

8635 Cooley Lake Rd, Commerce Township, MI 48382

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

## COVERAGE INFORMATION     PERILS INSURED | BASIC | BROAD ✓ | SPECIAL

COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE: **$1,450,000**                    DED: **$5,000**

| | | YES | NO | N/A | | |
|---|---|---|---|---|---|---|
| ✓ BUSINESS INCOME | RENTAL VALUE | ✓ | | | If YES, LIMIT: 250,000 | Actual Loss Sustained; # of months: |
| BLANKET COVERAGE | | | | | If YES, indicate value(s) reported on property identified above: $ | |
| TERRORISM COVERAGE | | | ✓ | | Attach Disclosure Notice / DEC | |
| IS THERE A TERRORISM-SPECIFIC EXCLUSION? | | | | | | |
| IS DOMESTIC TERRORISM EXCLUDED? | | | | | | |
| LIMITED FUNGUS COVERAGE | | | ✓ | | If YES, LIMIT: $ | DED: |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | | ✓ | | | |
| REPLACEMENT COST | | ✓ | | | | |
| AGREED VALUE | | | | | | |
| COINSURANCE | | ✓ | | | If YES, 90 % | |
| EQUIPMENT BREAKDOWN (If Applicable) | | | | | If YES, LIMIT: | DED: |
| ORDINANCE OR LAW - Coverage for loss to undamaged portion of bldg | | | | | If YES, LIMIT: | DED: |
| - Demolition Costs | | | | | If YES, LIMIT: | DED: |
| - Incr. Cost of Construction | | | | | If YES, LIMIT: | DED: |
| EARTH MOVEMENT (If Applicable) | | | ✓ | | If YES, LIMIT: | DED: |
| FLOOD (If Applicable) | | | ✓ | | If YES, LIMIT: | DED: |
| WIND / HAIL INCL ✓ YES NO Subject to Different Provisions: | | | | | If YES, LIMIT: | DED: |
| NAMED STORM INCL YES ✓ NO Subject to Different Provisions: | | | | | If YES, LIMIT: | DED: |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | | ✓ | | | | |

## CANCELLATION

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

## ADDITIONAL INTEREST

| CONTRACT OF SALE | ✓ LENDER'S LOSS PAYABLE | ✓ LOSS PAYEE | LENDER SERVICING AGENT NAME AND ADDRESS |
|---|---|---|---|
| MORTGAGEE | | | |

| NAME AND ADDRESS<br># FBZ Enterprises, LLC (Landlord)<br>3013 Polo Way, Milford, Michigan 48380<br># Cooley Lake Bar & Grill, Inc (Creditor)<br>3013 Polo Way, Milford, Michigan 48380<br># The Dock on Cooley, LLC. (Debtor in Possession)<br>8635 Cooley Lake Rd, Commerce Township, MI 48382 | |
|---|---|
| | AUTHORIZED REPRESENTATIVE<br>05/21/2026 |

© 2003-2015 ACORD CORPORATION. All rights reserved.

ACORD 28 (2016/03)         The ACORD name and logo are registered marks of ACORD

# ACORD CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
05/21/2026

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Mohammad Hoque |
|---|---|
| United Insurance Services, LLC<br>28230 Orchard Lake, Suite 203<br>Farmington Hills MI 48334 | PHONE (A/C, No, Ext): 248-737-0022  FAX (A/C, No): 248-737-2244 |
| | E-MAIL ADDRESS: unitedinsuranceservicesLLC@gmail.com |

| | INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURER A : | Dellwood Specialty Insurance Company | |
| INSURER B : | AmGUARD Insurance Company | |
| INSURER C : | | |
| INSURER D : | | |
| INSURER E : | | |
| INSURER F : | | |

INSURED
The Dock On Cooley, LLC DBA Prime 7 Bar & Restaurant
8635 Cooley Lake Rd
Commerce Township MI 48382

## COVERAGES     CERTIFICATE NUMBER:     REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. *LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS. LIMITS SHOWN ARE INCLUSIVE OF AMOUNTS REQUESTED BY THE CERTIFICATE HOLDER AND MAY NOT REFLECT POLICY LIMIT AMOUNTS IN EXCESS OF THOSE REQUESTED. *Not Applicable in WY

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | ✓ COMMERCIAL GENERAL LIABILITY | ✓ | ✓ | | | | EACH OCCURRENCE | $1,000,000 |
| | ☐ CLAIMS-MADE ✓ OCCUR | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $100,000 |
| | | | | | | | MED EXP (Any one person) | $5,000 |
| | | | | DPK0000369200 | 06/01/2026 | 06/01/2027 | PERSONAL & ADV INJURY | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $2,000,000 |
| | ✓ POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $2,000,000 |
| | ☐ OTHER: | | | | | | | $ |
| | AUTOMOBILE LIABILITY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | ☐ EXCESS LIAB ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| B | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? Y<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | ✓ | DOWC772094 | 04/16/2026 | 04/16/2027 | ✓ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $500,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $500,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $500,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

Bar & Restaurant
8635 Cooley Lake Rd, Commerce Township, MI 48382

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| # FBZ Enterprises, LLC (Landlord)<br>3013 Polo Way, Milford, MI 48380<br># Cooley Lake Bar & Grill, Inc. (Creditor)<br>3013 Polo Way, Milford, MI 48380<br># The Dock on Cooley, LLC (Debtor-in-Possession)<br>8635 Cooley Lake Rd, Commerce Township, MI 48382 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE<br>_[signature]_     05/21/2026 |

ACORD 25 (2025/12)

© 1988-2025 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD

# Exhibit 7



**WRC**
WATER RESOURCES COMMISSIONER
*Jim Nash*

One Public Works Drive
Building 95 West
Waterford, MI 48328-1907

| Bill Date | Account Number | |
|---|---|---|
| 04/16/26 | 049349 | |
| **Amount Due** | **Due Date** | **Late Payment** |
| $5,392.00 | 05/18/26 | $5,566.20 |
| **Service Address** | | **Amount Enclosed** |
| 8635 COOLEY LAKE RD | | |

Make checks payable to: O.C.W.R.C

04934900005392000000055566203

FRAN ZEFI
3013 POLO WAY
MILFORD, MI 48380

*Please detach this portion and return with your payment*
**Cash Payment Options are Available!**
See the reverse for information about paying online and making cash payments at local
**7-ELEVEN.** **♥CVS** pharmacy and **FAMILY DOLLAR** retailers.

| Account Number | Name | Service Address |
|---|---|---|
| 049349 | CURRENT RESIDENT | 8635 COOLEY LAKE RD |

| Meter Number | Read Dates | | Billing Days | Meter Readings | | Read Type | Usage | Units |
|---|---|---|---|---|---|---|---|---|
| | Previous | Present | | Previous | Present | | | |
| | 01/24/26 | 04/16/26 | 82 | | | | | |



24 Months Consumption History
■ Previous Year ■ Current Year

MAY JUN JUL AUG SEP OCT NOV DEC JAN FEB MAR APR

| | PREVIOUS BALANCE - 01/26/26 | 3,475.85 |
|---|---|---|
| | SEWER PENALTY - 03/02/26 | 174.20 |
| | **BALANCE FORWARD** | **3,650.05** |
| | SEWER USAGE CHARGE | 1,711.28 |
| | INDUSTRIAL PRETREATMENT | 30.67 |
| | **CURRENT CHARGES** | **$ 1,741.95** |
| | **TOTAL AMOUNT DUE** | **$ 5,392.00** |

| Amount Due | Due Date | Late Payment |
|---|---|---|
| $5,392.00 | 05/18/26 | $5,566.20 |

## Messages

Billing Questions? 248-858-1110

Billing for water and sewer services is transitioning from Oakland County Water Resources to Commerce Township. Your payment method and/or account information may change. Please visit commercetwp.com for updates.

# Exhibit 8

80309

‖.‖..‖‖..‖‖‖.‖..‖..‖.‖.‖.‖.‖

THE DOCK ON COOLEY LLC DBA
PRIME 7 BAR & RESTAURANT
8635 COOLEY LAKE RD
COMMERCE TOWNSHIP MI 48382

*Basic Business Checking*
**statement**

**April 1, 2026** to **April 30, 2026**
**Account number** 1853631180

## Account summary

| | |
|---|---|
| **Beginning balance on April 1, 2026** | **$468.83** |
| Plus deposits | |
| Electronic deposits | $1,430.81 |
| Transfers from other accounts | $3,385.19 |
| Less withdrawals | |
| Checks | -$2,509.99 |
| ATM/Debit Card withdrawals | -$1,103.42 |
| Electronic (EFT) withdrawals | -$386.59 |
| Fees and service charges | -$1,254.00 |
| **Ending balance on April 30, 2026** | **$30.83** |

**To contact us**

**Call**
(800) 266-3742
Hearing impaired (TDD 800 822-6546)

**Visit our web site**
www.comerica.com

**Write to us**
COMERICA BANK
PO BOX 75000
DETROIT, MI 48275-8309

**Important information**

The Account Balance Fee for this statement period for this account is $0.00/$1,000.

**Thank you**

## *Basic Business Checking* account details: XXXXXX1180

### Electronic deposits this statement period

| Date | Amount | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Apr 01 | 10.72 | Doordash, Inc. 8635 Coole St-d1y7w9d6c7i9 | | 9488165746 |
| Apr 02 | 50.84 | Doordash, Inc. 8635 Coole St-p6w2t7b0d6n5 | | 9488303722 |
| Apr 03 | 8.32 | Doordash, Inc. 8635 Coole St-i6m5k3j5w1h3 | | 9488787842 |
| Apr 06 | 39.97 | Doordash, Inc. 8635 Coole St-q5b1k8n6w4v0 | | 9488620150 |
| Apr 07 | 161.36 | Doordash, Inc. 8635 Coole St-h3e4k5t6t3c1 | | 9488404535 |
| Apr 09 | 37.32 | Doordash, Inc. 8635 Coole St-z5j8q5b4o8c5 | | 9488004907 |
| Apr 10 | 63.82 | Doordash, Inc. 8635 Coole St-l0a5j6s6a3m9 | | 9488252782 |
| Apr 14 | 208.33 | Doordash, Inc. 8635 Coole St-p9k5u5l1w3h6 | | 9488668250 |
| Apr 15 | 70.76 | Doordash, Inc. 8635 Coole St-z9d4e4z6l9p9 | | 9488964713 |
| Apr 16 | 66.85 | Doordash, Inc. 8635 Coole St-t5x2o0q6q0x9 | | 9488141212 |
| Apr 17 | 30.37 | Doordash, Inc. 8635 Coole St-y7v6y7f1b2b5 | | 9488064684 |
| Apr 17 | 23.00 | Grubhub Inc Apr Actvty 26041715h_5djdi | | 9488544413 |
| Apr 20 | 61.20 | Doordash, Inc. 8635 Coole St-g9s8d5v4q0x7 | | 9488104564 |
| Apr 21 | 67.68 | Doordash, Inc. 8635 Coole St-p5t3m7f9h6n7 | | 9488143567 |
| Apr 22 | 39.24 | Doordash, Inc. 8635 Coole St-a8e4w1y9v3h9 | | 9488296497 |
| Apr 23 | 116.23 | Doordash, Inc. 8635 Coole St-p0b9j0y1q9o5 | | 9488525055 |
| Apr 24 | 141.50 | Doordash, Inc. 8635 Coole St-d3o1o4b6u1w7 | | 9488578906 |
| Apr 24 | 7.87 | Grubhub Inc Apr Actvty 26042422h_5djdi | | 9488918902 |
| Apr 27 | 40.01 | Doordash, Inc. 8635 Coole St-a1f8r7a2p6r6 | | 9488214618 |
| Apr 28 | 10.68 | Doordash, Inc. 8635 Coole St-e3n9v0s5y3g2 | | 9488709830 |
| Apr 29 | 11.70 | Doordash, Inc. 8635 Coole St-y2e0v0a0p9r0 | | 9488947273 |
| Apr 30 | 163.04 | Doordash, Inc. 8635 Coole St-r4l3n9f7b1o5 | | 9488695371 |

**Total Electronic Deposits: $1,430.81**

**Total Number of Electronic Deposits: 22**

### Transfer from other accounts this statement period

| Date | Amount | Activity | Bank reference number |
|---|---|---|---|
| Apr 03 | 2,000.00 | Web Funds Transfer From Account      Xxxxxx0342 | WB10406241 |
| Apr 20 | 1,346.30 | Phone Transfer From: Xxxxxxxxxxx0342 | SAC627 |
| Apr 22 | 38.89 | Phone Transfer From: Xxxxxxxxxxx0342 | SAC627 |

**Total Transferred from Other Accounts: $3,385.19**

**Total Number of Transfers from Other Accounts: 3**

### Checks paid this statement period

* Symbol indicates a break in check number sequence

# Symbol indicates an original item not enclosed

@ Symbol indicates a break in check number sequence and an original item not enclosed

| Check Number | Amount | Date Paid | Bank Reference Number | Check Number | Amount | Date Paid | Bank Reference Number |
|---|---|---|---|---|---|---|---|
| #4806 | -225.00 | Apr 01 | 0440015964 | @4813 | -90.76 | Apr 06 | 0970065734 |
| #4807 | -229.35 | Apr 01 | 0970148368 | @4817 | -687.24 | Apr 06 | 0970279426 |
| @4809 | -560.00 | Apr 03 | 0970188929 | #4818 | -200.00 | Apr 03 | 0970184658 |
| #4810 | -171.44 | Apr 03 | 0970221288 | @4822 | -346.20 | Apr 27 | 0970251017 |

**Total checks paid this statement period: -$2,509.99**

**Total number of checks paid this statement period: 8**

# Basic Business Checking: XXXXXX1180

## ATM/Debit Card transactions this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Apr01 | -47.94 | Kroger #729 Commerce Twp MI USA 7326 | MP10402198 |
| Apr02 | -400.00 | Town Center Refrigerat Howell MI USA 7326 | MS10307484 |
| Apr02 | -12.26 | Six Lakes Party Store White Lake MI USA 7326 | MS10401667 |
| Apr02 | -12.26 | Six Lakes Party Store White Lake MI USA 7326 | MS10406909 |
| Apr08 | -248.70 | Uniquephys Balanceblen Baton Rouge LA USA 7326 | MS10402513 |
| Apr08 | -65.48 | Uniquephys Balanceblen Baton Rouge LA USA 7326 | MS10405858 |
| Apr08 | -51.90 | Uniquephys Balanceblen Baton Rouge LA USA 7326 | MS10406108 |
| Apr08 | -19.88 | Uniquephys Balanceblen Baton Rouge LA USA 7326 | MS10408737 |
| Apr08 | -245.00 | Town Center Refrigerat Howell MI USA 7326 | MS10406383 |

**Total ATM/Debit Card Withdrawals: -$1,103.42**

**Total Number of ATM/Debit Card Withdrawals: 9**

## Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Apr 03 | -250.74 | ADP Payroll Fees ADP Fees 260403 362601496213 | | 9488345264 |
| Apr 03 | -66.04 | ADP Payroll Fees ADP Fees 260403 362601496212 | | 9488345229 |
| Apr 20 | -69.81 | Adt Security Ser Adtpapach | | 9488069539 |

**Total Electronic Withdrawals: -$386.59**
**Total Number of Electronic Withdrawals: 3**

## Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|---|---|---|---|
| Apr 02 | -38.00 | Fee - Overdraft | 0440015964 |
| Apr 02 | -38.00 | Fee - Overdraft | 0970148368 |
| Apr 03 | -38.00 | Fee - Overdraft | MS10307484 |
| Apr 03 | -38.00 | Fee - Overdraft | MS10401667 |
| Apr 03 | -38.00 | Fee - Overdraft | MS10406909 |
| Apr 07 | -38.00 | Fee - Returned Item | 9488504936 |
| Apr 07 | -38.00 | Fee - Returned Item | 0310167999 |
| Apr 07 | -38.00 | Fee - Returned Item | 0310170194 |
| Apr 07 | -38.00 | Fee - Returned Item | 0970023017 |
| Apr 07 | -38.00 | Fee - Returned Item | 0970028740 |
| Apr 07 | -38.00 | Fee - Returned Item | 0970068423 |
| Apr 07 | -38.00 | Fee - Returned Item | 0970292354 |
| Apr 07 | -38.00 | Fee - Overdraft | 0970065734 |
| Apr 07 | -38.00 | Fee - Overdraft | 0970279426 |
| Apr 09 | -38.00 | Fee - Returned Item | 0970141102 |
| Apr 09 | -38.00 | Fee - Returned Item | 0970182996 |
| Apr 09 | -38.00 | Fee - Overdraft | MS10402513 |
| Apr 09 | -38.00 | Fee - Overdraft | MS10405858 |
| Apr 09 | -38.00 | Fee - Overdraft | MS10406108 |
| Apr 09 | -38.00 | Fee - Overdraft | MS10408737 |
| Apr 09 | -38.00 | Fee - Overdraft | MS10406383 |
| Apr 13 | -38.00 | Fee - Returned Item | 9488908901 |
| Apr 13 | -38.00 | Fee - Returned Item | 0970003006 |
| Apr 13 | -38.00 | Fee - Returned Item | 0970207371 |
| Apr 14 | -38.00 | Fee - Returned Item | 9488612545 |
| Apr 14 | -38.00 | Fee - Returned Item | 0970021256 |
| Apr 15 | -38.00 | Fee - Returned Item | 0970032549 |
| Apr 17 | -38.00 | Fee - Returned Item | 0970138191 |
| Apr 20 | -38.00 | Fee - Returned Item | 0970002749 |

# Basic Business Checking: XXXXXX1180

## Fees and service charges this statement period (continued)

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|----------------------|
| Apr 21 | -38.00 | Fee - Overdraft | 9488069539 |
| Apr 22 | -38.00 | Fee - Returned Item | 0970035934 |
| Apr 24 | -38.00 | Fee - Returned Item | 0970037532 |
| Apr 28 | -38.00 | Fee - Overdraft | 0970251017 |

**Total Fees and Service Charges: -$1,254.00**

**Total Number of Fees and Service Charges: 33**

 **Lowest daily balance**

Your lowest daily balance this statement period was **$-1,654.81** on **April 13, 2026**.

# Basic Business Checking: XXXXXX1180

PLEASE EXAMINE THIS STATEMENT PROMPTLY
Reporting Errors and Unauthorized Transactions

**Electronic Fund Transfers (Personal Accounts)**: Call us at 800.572.6620 or write to us at Comerica Bank, Electronic Processing, P.O. Box 75000, Detroit, MI 48275 as soon as you can, if you think your statement or receipt is incorrect or if you need more information about a transfer listed on your statement or receipt. We must hear from you no later than 60 days after we sent or otherwise made available to you the FIRST statement on which the error or problem appeared.

When reporting the error: (1) tell us your name and account number (if any); (2) describe the error or the transfer you are unsure about and explain as clearly as you can why you believe it is an error or why you need more information; and (3) tell us the dollar amount of the suspected error or the transaction you question. If you tell us orally, we may require that you send us your complaint or question in writing within 10 business days.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (20 business days for new accounts) to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account. See the Comerica Business and Personal Deposit Account Contract for details.

**Electronic Fund Transfers (Business Accounts)**: Call us at 800.572.6620 or write to us at Comerica Bank, MC 7603, P.O. Box 75000, Detroit, MI 48275 immediately if you think your statement or receipt is incorrect or an electronic fund transfer has been made without your permission. It is important that you review your statements closely and immediately report unauthorized transactions to mitigate your possible losses. See the Comerica Business and Personal Deposit Account Contract for details.

**Checks and Other Non-Electronic Fund Transfers**: Contact us at the phone number or address listed on the first page of this statement if you need a copy of a check or additional information about a transaction shown on your statement, or to report an unauthorized transaction or error involving a check or other non-electronic funds transfer. The best way to limit your possible losses is to report any issue as soon as possible, but always within 30 days of when we sent the statement to you or otherwise made the information available to you. See the Comerica Business and Personal Deposit Account Contract for further details.

**Balancing Your Account**: For assistance on how to balance your account, please call us at the phone number listed on your account statement or visit your local Comerica banking center.

Equal Opportunity Lender  Rev. 07-25  MEMBER FDIC
www.comerica.com
26-30869-jda   Doc 82   Filed 06/25/26   Entered 06/25/26 16:20:04   Page 63 of 71   Page 5 of 5

80309

THE DOCK ON COOLEY LLC DBA
PRIME 7 BAR & RESTAURANT
8635 COOLEY LAKE RD
COMMERCE TOWNSHIP MI 48382

*Basic Business Checking*
**statement**

**April 1, 2026** to **April 30, 2026**
**Account number** 1854020342

# Account summary

| | |
|---|---|
| **Beginning balance on April 1, 2026** | **$369.20** |
| Plus deposits | |
| Electronic deposits | $47,037.43 |
| Paper deposits | $768.00 |
| Less withdrawals | |
| Checks | -$12,740.09 |
| Electronic (EFT) withdrawals | -$24,041.68 |
| Other withdrawals | -$2,200.00 |
| Fees and service charges | -$51.70 |
| Transfers to other accounts | -$3,385.19 |
| **Ending balance on April 30, 2026** | **$5,755.97** |

**To contact us**

**Call**
(800) 266-3742
Hearing impaired (TDD 800 822-6546)

**Visit our web site**
www.comerica.com

**Write to us**
COMERICA BANK
PO BOX 75000
DETROIT, MI 48275-8309

**Important information**

The Account Balance Fee for this statement period for this account is $0.00/$1,000.

**Thank you**

## *Basic Business Checking* account details: XXXXXX0342

### Electronic deposits this statement period

| Date | Amount | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| Apr 01 | 2,086.44 | Shift4 Pymt Proc 260401 068880022573731 | | 9488886979 |
| Apr 02 | 883.31 | Shift4 Pymt Proc 260402 068880022573731 | | 9488186044 |
| Apr 03 | 1,118.50 | Shift4 Pymt Proc 260403 068880022573731 | | 9488506477 |
| Apr 06 | 2,253.96 | Shift4 Pymt Proc 260405 068880022573731 | | 9488601586 |
| Apr 06 | 1,496.23 | Shift4 Pymt Proc 260405 068880022573731 | | 9488601587 |
| Apr 06 | 1,326.89 | Shift4 Pymt Proc 260406 068880022573731 | | 9488247541 |
| Apr 07 | 1,167.04 | Shift4 Pymt Proc 260407 068880022573731 | | 9488469278 |
| Apr 08 | 1,373.00 | Shift4 Pymt Proc 260408 068880022573731 | | 9488668144 |
| Apr 09 | 662.70 | Shift4 Pymt Proc 260409 068880022573731 | | 9488722055 |
| Apr 10 | 2,051.67 | Shift4 Pymt Proc 260410 068880022573731 | | 9488932181 |
| Apr 13 | 2,791.51 | Shift4 Pymt Proc 260412 068880022573731 | | 9488969507 |
| Apr 13 | 2,465.98 | Shift4 Pymt Proc 260412 068880022573731 | | 9488969508 |
| Apr 13 | 1,401.22 | Shift4 Pymt Proc 260413 068880022573731 | | 9488508207 |
| Apr 14 | 1,240.90 | Shift4 Pymt Proc 260414 068880022573731 | | 9488634971 |
| Apr 15 | 1,152.94 | Shift4 Pymt Proc 260415 068880022573731 | | 9488782729 |
| Apr 16 | 1,528.84 | Shift4 Pymt Proc 260416 068880022573731 | | 9488887623 |
| Apr 16 | 7.33 | Owner.com Owner.com St-c6c0n5e8f3z8 | | 9488675164 |
| Apr 20 | 2,902.37 | Shift4 Pymt Proc 260419 068880022573731 | | 9488071064 |
| Apr 20 | 2,412.49 | Shift4 Pymt Proc 260417 068880022573731 | | 9488844273 |
| Apr 20 | 1,675.36 | Shift4 Pymt Proc 260419 068880022573731 | | 9488071065 |
| Apr 20 | 1,226.73 | Shift4 Pymt Proc 260420 068880022573731 | | 9488721415 |
| Apr 21 | 705.56 | Shift4 Pymt Proc 260421 068880022573731 | | 9488865262 |
| Apr 22 | 661.21 | Shift4 Pymt Proc 260422 068880022573731 | | 9488233683 |
| Apr 23 | 1,345.66 | Shift4 Pymt Proc 260423 068880022573731 | | 9488410265 |
| Apr 24 | 2,440.63 | Shift4 Pymt Proc 260424 068880022573731 | | 9488347462 |
| Apr 27 | 2,494.76 | Shift4 Pymt Proc 260426 068880022573731 | | 9488184153 |
| Apr 27 | 1,580.75 | Shift4 Pymt Proc 260426 068880022573731 | | 9488184154 |
| Apr 27 | 1,463.33 | Shift4 Pymt Proc 260427 068880022573731 | | 9488486871 |
| Apr 28 | 1,075.89 | Shift4 Pymt Proc 260428 068880022573731 | | 9488601492 |
| Apr 29 | 1,100.97 | Shift4 Pymt Proc 260429 068880022573731 | | 9488164628 |
| Apr 30 | 943.26 | Shift4 Pymt Proc 260430 068880022573731 | | 9488497826 |

**Total Electronic Deposits: $47,037.43**
**Total Number of Electronic Deposits: 31**

### Paper deposits this statement period

| Date | Amount ($) | Reference numbers Customer | Bank | Date | Amount ($) | Reference numbers Customer | Bank |
|---|---|---|---|---|---|---|---|
| Apr 01 | 750.00 | | 0310063056 | Apr 01 | 18.00 | | 0310061119 |

**Total Paper Deposits: $768.00**
**Total Number of Paper Deposits: 2**

### Checks paid this statement period

* Symbol indicates a break in check number sequence

# Symbol indicates an original item not enclosed

@ Symbol indicates a break in check number sequence and an original item not enclosed

| Check Number | Amount | Date Paid | Bank Reference Number | Check Number | Amount | Date Paid | Bank Reference Number |
|---|---|---|---|---|---|---|---|
| #527 | -180.00 | Apr 30 | 0970193104 | #652 | -1,483.27 | Apr 24 | 0970002248 |
| @632 | -500.00 | Apr 02 | 0970031727 | #653 | -350.00 | Apr 27 | 0970265030 |
| @651 | -450.00 | Apr 22 | 0970030193 | #654 | -327.59 | Apr 28 | 0970219606 |

# Basic Business Checking: XXXXXX0342

## Checks paid this statement period (continued)

\* Symbol indicates a break in check number sequence

\# Symbol indicates an original item not enclosed

@ Symbol indicates a break in check number sequence and an original item not enclosed

| Check Number | Amount | Date Paid | Bank Reference Number | Check Number | Amount | Date Paid | Bank Reference Number |
|---|---|---|---|---|---|---|---|
| @656 | -400.00 | Apr 28 | 0970218323 | #9361 | -303.41 | Apr 17 | 0970195313 |
| #657 | -352.20 | Apr 29 | 0970125123 | #9362 | -250.00 | Apr 20 | 0970093623 |
| @662 | -176.63 | Apr 30 | 0970186906 | #9363 | -540.00 | Apr 17 | 0310110129 |
| @9356 | -605.34 | Apr 20 | 0970319195 | #9364 | -288.42 | Apr 21 | 0970009778 |
| #9357 | -413.06 | Apr 20 | 0970293729 | #9365 | -262.62 | Apr 20 | 0970073944 |
| #9358 | -136.17 | Apr 20 | 0970070933 | @9758 | -420.00 | Apr 28 | 0310111514 |
| #9359 | -279.69 | Apr 20 | 0970281988 | #9759 | -550.00 | Apr 24 | 0310099875 |
| #9360 | -1,959.29 | Apr 20 | 0310172055 | #9760 | -437.30 | Apr 27 | 0970032991 |
| | | | | @9763 | -2,075.10 | Apr 24 | 0310092844 |

**Total checks paid this statement period: -$12,740.09**

**Total number of checks paid this statement period: 23**

## Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Customer | Bank |
|---|---|---|---|---|
| | | | **Reference numbers** | |
| Apr 01 | -711.06 | MI Lottery MI Lottery 260401 0115941 | | 9488740861 |
| Apr 01 | -425.60 | State Of Michnws Liquorsale   #005926787 | | 9488362556 |
| Apr 02 | -297.38 | Great Lakes Wine Fintecheft 040126 87-4384621 | | 9488902546 |
| Apr 02 | -105.96 | Shift4 Shift4 I26040139616 | | 9488496777 |
| Apr 02 | -19.98 | Shift4 Fees 260331 068880022573731 | | 9488605859 |
| Apr 03 | -552.60 | Premium Distribu Fintecheft 040226 87-4384621 | | 9488321334 |
| Apr 06 | -969.65 | Comcast-xfinity Cable Svcs 260403 | | 9488564585 |
| Apr 06 | -759.00 | Fabiano Brothers Invoices 4522104/02/26 | | 9488223239 |
| Apr 07 | -110.00 | Sporcle, Inc. Purchase N3t6cngqxb5r83g | | 9488877560 |
| Apr 08 | -1,436.17 | MI Lottery MI Lottery 260408 0115941 | | 9488627683 |
| Apr 09 | -408.00 | Tri-county Bever Fintecheft 040826 87-4384621 | | 9488671937 |
| Apr 09 | -195.00 | Great Lakes Wine Fintecheft 040826 87-4384621 | | 9488671714 |
| Apr 10 | -1,596.26 | Www.ilcasco.com Direct Pay 260410 242129 | | 9488435410 |
| Apr 10 | -721.20 | Premium Distribu Fintecheft 040926 87-4384621 | | 9488859474 |
| Apr 10 | -378.00 | Rave Associates, Fintecheft 040926 87-4384621 | | 9488919834 |
| Apr 13 | -452.70 | Fabiano Brothers Invoices 4522104/09/26 | | 9488618147 |
| Apr 13 | -207.70 | State Of Michgwl Liquorsale   #005488947 | | 9488898947 |
| Apr 14 | -356.32 | Prog Michigan Ins Prem 260413 | | 9488317507 |
| Apr 14 | -110.00 | Sporcle, Inc. Purchase Zz557xcwlgrn2pf | | 9488125072 |
| Apr 15 | -1,354.28 | MI Lottery MI Lottery 260415 0115941 | | 9488819185 |
| Apr 15 | -485.85 | State Of Michnws Liquorsale   #006230346 | | 9488599128 |
| Apr 16 | -249.82 | Great Lakes Wine Fintecheft 041526 87-4384621 | | 9488785418 |
| Apr 17 | -322.00 | Westguard Ins CO Ins Prem Dowc772094 | | 9488419632 |
| Apr 20 | -945.20 | Westguard Ins CO Ins Prem Dobp765316 | | 9488684777 |
| Apr 20 | -43.20 | Fabiano Brothers Invoices 4522104/16/26 | | 9488716795 |
| Apr 21 | -113.00 | Sporcle, Inc. Purchase Vjxgd26bb4zjhwf | | 9488302710 |
| Apr 22 | -1,118.60 | MI Lottery MI Lottery 260422 0115941 | | 9488006261 |
| Apr 23 | -2,420.00 | Spoton Minpmt Jpmvxhhc | | 9488458759 |
| Apr 23 | -246.29 | Great Lakes Wine Fintecheft 042226 87-4384621 | | 9488235603 |
| Apr 24 | -453.70 | Premium Distribu Fintecheft 042326 87-4384621 | | 9488400242 |
| Apr 27 | -669.80 | Fabiano Brothers Invoices 4522104/23/26 | | 9488859910 |
| Apr 27 | -593.25 | State Of Michgwl Liquorsale   #005529166 | | 9488320411 |
| Apr 27 | -56.00 | National Wine & Fintecheft 042426 87-4384621 | | 9488843766 |
| Apr 28 | -140.00 | Ad Tax & Account ACH Debit 260428 9030915933 | | 9488057653 |
| Apr 28 | -110.00 | Sporcle, Inc. Purchase Gpzpm87nj89ntch | | 9488000435 |
| Apr 29 | -1,659.11 | State Of Michnws Liquorsale   #006522650 | | 9488552601 |
| Apr 29 | -1,111.44 | MI Lottery MI Lottery 260429 0115941 | | 9488804600 |
| Apr 30 | -1,493.08 | DTE Energy Billpay 260429 | | 9488260184 |
| Apr 30 | -429.48 | Great Lakes Wine Fintecheft 042926 87-4384621 | | 9488223362 |

# Basic Business Checking: XXXXXX0342

## Electronic withdrawals this statement period (continued)

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|------|-----------|----------|----------|------|
| Apr 30 | -140.00 | Ad Tax & Account ACH Debit 260430 9030929119 | | 9488101029 |
| Apr 30 | -75.00 | Ad Tax & Account ACH Debit 260430 9030952499 | | 9488101031 |

**Total Electronic Withdrawals: -$24,041.68**
**Total Number of Electronic Withdrawals: 41**

## Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|------------|
| Apr06 | -2,200.00 | Withdrawal | 0310147582 |

**Total Other Withdrawals: -$2,200.00**
**Total Number of Other Withdrawals: 1**

## Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|------------|
| Apr 13 | -51.70 | Service Charge | 0000015930 |

**Total Fees and Service Charges: -$51.70**
**Total Number of Fees and Service Charges: 1**

## Transfers to other accounts this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|------------|
| Apr 03 | -2,000.00 | Web Funds Transfer To Account     Xxxxxx1180 | WB10406241 |
| Apr 20 | -1,346.30 | Phone Transfer To:  Xxxxxxxxxxx1180 | SAC627 |
| Apr 22 | -38.89 | Phone Transfer To:  Xxxxxxxxxxx1180 | SAC627 |

**Total Transferred to Other Accounts: -$3,385.19**
**Total Number of Transfers to Other Accounts: 3**

## $ Lowest daily balance

Your lowest daily balance this statement period was **$369.20**
on **April 1, 2026**.

—— ——— ———

———

# Basic Business Checking: XXXXXX0342

PLEASE EXAMINE THIS STATEMENT PROMPTLY
Reporting Errors and Unauthorized Transactions

**Electronic Fund Transfers (Personal Accounts)**: Call us at 800.572.6620 or write to us at Comerica Bank, Electronic Processing, P.O. Box 75000, Detroit, MI 48275 as soon as you can, if you think your statement or receipt is incorrect or if you need more information about a transfer listed on your statement or receipt. We must hear from you no later than 60 days after we sent or otherwise made available to you the FIRST statement on which the error or problem appeared.

When reporting the error: (1) tell us your name and account number (if any); (2) describe the error or the transfer you are unsure about and explain as clearly as you can why you believe it is an error or why you need more information; and (3) tell us the dollar amount of the suspected error or the transaction you question. If you tell us orally, we may require that you send us your complaint or question in writing within 10 business days.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (20 business days for new accounts) to do this, we will credit your account for the amount you think is in error, so that you will have the use of the money during the time it takes us to complete our investigation. If we ask you to put your complaint or question in writing and we do not receive it within 10 business days, we may not credit your account. See the Comerica Business and Personal Deposit Account Contract for details.

**Electronic Fund Transfers (Business Accounts)**: Call us at 800.572.6620 or write to us at Comerica Bank, MC 7603, P.O. Box 75000, Detroit, MI 48275 immediately if you think your statement or receipt is incorrect or an electronic fund transfer has been made without your permission. It is important that you review your statements closely and immediately report unauthorized transactions to mitigate your possible losses. See the Comerica Business and Personal Deposit Account Contract for details.

**Checks and Other Non-Electronic Fund Transfers**: Contact us at the phone number or address listed on the first page of this statement if you need a copy of a check or additional information about a transaction shown on your statement, or to report an unauthorized transaction or error involving a check or other non-electronic funds transfer. The best way to limit your possible losses is to report any issue as soon as possible, but always within 30 days of when we sent the statement to you or otherwise made the information available to you. See the Comerica Business and Personal Deposit Account Contract for further details.

**Balancing Your Account**: For assistance on how to balance your account, please call us at the phone number listed on your account statement or visit your local Comerica banking center.

26-30869-jda    Doc 82    Filed 06/25/26    Entered 06/25/26 16:20:04    Page 68 of 71

# *Basic Business Checking* account details: XXXXXX0342

## Electronic deposits this statement period

| Date | Amount | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| May 01 | 1,289.01 | Shift4 Pymt Proc 260501 068880022573731 | | 9488808636 |
| May 04 | 2,066.10 | Shift4 Pymt Proc 260503 068880022573731 | | 9488843380 |
| May 04 | 1,799.32 | Shift4 Pymt Proc 260503 068880022573731 | | 9488843379 |
| May 04 | 1,284.57 | Shift4 Pymt Proc 260504 068880022573731 | | 9488476063 |
| May 04 | 0.56 | Owner.com Owner.com St-s2j8u4h3i9d7 | | 9488929172 |
| May 05 | 905.61 | Shift4 Pymt Proc 260505 068880022573731 | | 9488820452 |
| May 06 | 874.71 | Shift4 Pymt Proc 260506 068880022573731 | | 9488952165 |
| May 07 | 1,042.20 | Shift4 Pymt Proc 260507 068880022573731 | | 8488012474 |
| May 08 | 1,409.34 | Shift4 Pymt Proc 260508 068880022573731 | | 9488125538 |
| May 08 | 4.48 | Owner.com Owner.com St-u9f2z3v5n9p4 | | 9488820369 |
| May 11 | 3,758.05 | Shift4 Pymt Proc 260511 068880022573731 | | 9488674631 |
| May 11 | 3,356.16 | Shift4 Pymt Proc 260510 068880022573731 | | 9488185340 |
| May 11 | 2,038.51 | Shift4 Pymt Proc 260510 068880022573731 | | 9488185341 |
| May 11 | 3.34 | Owner.com Owner.com St-h1n7d0w2x7y0 | | 9488241441 |
| May 12 | 550.67 | Shift4 Pymt Proc 260512 068880022573731 | | 9488765685 |
| May 13 | 945.64 | Shift4 Pymt Proc 260513 068880022573731 | | 9488776438 |
| May 13 | 10.63 | Owner.com Owner.com St-c6p1q6d6s0t0 | | 9488412796 |
| May 14 | 1,545.49 | Shift4 Pymt Proc 260514 068880022573731 | | 9488831980 |
| May 15 | 1,889.85 | Shift4 Pymt Proc 260515 068880022573731 | | 9488985074 |
| May 18 | 2,152.08 | Shift4 Pymt Proc 260518 068880022573731 | | 9488638486 |
| May 18 | 2,095.36 | Shift4 Pymt Proc 260517 068880022573731 | | 9488109024 |
| May 18 | 2,002.12 | Shift4 Pymt Proc 260517 068880022573731 | | 9488109023 |
| May 19 | 629.50 | Shift4 Pymt Proc 260519 068880022573731 | | 9488710807 |
| May 19 | 14.07 | Owner.com Owner.com St-m6v7t0v4c1w6 | | 9488258676 |
| May 20 | 1,669.07 | Shift4 Pymt Proc 260520 068880022573731 | | 9488726170 |
| May 21 | 1,660.85 | Shift4 Pymt Proc 260521 068880022573731 | | 9488076174 |
| May 22 | 2,889.45 | Shift4 Pymt Proc 260522 068880022573731 | | 9488359491 |
| May 22 | 7.36 | Owner.com Owner.com St-o0l6n5t3m1a3 | | 9488002438 |
| May 26 | 2,760.00 | Shift4 Pymt Proc 260524 068880022573731 | | 9488270358 |
| May 26 | 1,600.39 | Shift4 Pymt Proc 260526 068880022573731 | | 9488386338 |
| May 26 | 1,589.17 | Shift4 Pymt Proc 260524 068880022573731 | | 9488270359 |
| May 26 | 1,467.53 | Shift4 Pymt Proc 260525 068880022573731 | | 9488270618 |
| May 27 | 190.00 | Returned Check Fee Refund | | GMS000 |
| May 27 | 114.00 | Overdraft Fee Refund | | GMS000 |
| May 27 | 2,420.00 | ACH Return 0017-a052726 | | 9488284781 |
| May 28 | 1,569.00 | Zelle The Dock On C | | ZPC000KTW1 |

**Total Electronic Deposits: $49,604.19**

**Total Number of Electronic Deposits: 36**

## Paper deposits this statement period

| Date | Amount ($) | Reference numbers Customer | Bank |
|---|---|---|---|
| May 20 | 960.00 | | 0310054671 |

**Total Paper Deposits: $960.00**

**Total Number of Paper Deposits: 1**

## Transfer from other accounts this statement period

| Date | Amount | Activity | Bank reference number |
|---|---|---|---|
| May 20 | 400.00 | Web Funds Transfer From Account Xxxxxx1180 | WB10506255 |

# Basic Business Checking: XXXXXX0342

## Transfer from other accounts this statement period (continued)

| Date | Amount | Activity | Bank reference number |
|---|---|---|---|
| May 28 | 97.76 | Phone Transfer From. Xxxxxxxxxxx1180 | SAC627 |

**Total Transferred from Other Accounts: $497.76**
**Total Number of Transfers from Other Accounts: 2**

## Checks paid this statement period

\* Symbol indicates a break in check number sequence
\# Symbol indicates an original item not enclosed
@ Symbol indicates a break in check number sequence and an original item not enclosed

| Check Number | Amount | Date Paid | Bank Reference Number | Check Number | Amount | Date Paid | Bank Reference Number |
|---|---|---|---|---|---|---|---|
| #655 | -1,311.75 | May 01 | 0310125190 | #685 | -190.84 | May 15 | 0970025128 |
| @658 | -331.17 | May 04 | 0970029072 | #686 | -105.00 | May 29 | 0970002688 |
| @660 | -493.40 | May 01 | 0970206190 | #687 | -330.60 | May 18 | 0970023494 |
| #661 | -87.25 | May 07 | 0970029083 | #688 | -200.00 | May 15 | 0970153113 |
| @663 | -118.33 | May 06 | 0970131456 | #689 | -166.99 | May 15 | 0970023050 |
| #664 | -136.61 | May 04 | 0970071374 | @691 | -877.51 | May 15 | 0970213205 |
| #665 | -274.24 | May 01 | 0970270732 | #692 | -560.65 | May 20 | 0310081723 |
| #666 | -150.39 | May 04 | 0970291003 | #693 | -1,097.84 | May 18 | 0970080860 |
| #667 | -350.00 | May 04 | 0970357324 | #694 | -583.79 | May 15 | 0970153171 |
| #668 | -736.70 | May 05 | 0970218281 | #695 | -143.10 | May 29 | 0970161766 |
| #669 | -200.00 | May 01 | 0970206205 | #696 | -196.51 | May 18 | 0970248178 |
| #670 | -114.28 | May 06 | 0970178311 | #697 | -485.00 | May 15 | 0310098512 |
| #671 | -1,884.58 | May 11 | 0310165323 | #698 | -420.00 | May 19 | 0310083180 |
| #672 | -1,125.00 | May 06 | 0440013911 | #699 | -350.00 | May 19 | 0970151701 |
| #673 | -600.00 | May 14 | 0970025408 | #700 | -328.67 | May 18 | 0970074034 |
| #674 | -200.00 | May 08 | 0970004186 | #701 | -600.00 | May 18 | 0970081958 |
| #675 | -200.00 | May 12 | 0970046811 | #702 | -79.68 | May 20 | 0970167787 |
| #676 | -187.11 | May 11 | 0970076294 | #703 | -334.95 | May 22 | 0970024055 |
| #677 | -420.00 | May 11 | 0310114874 | #704 | -648.83 | May 20 | 0970118042 |
| #678 | -420.00 | May 11 | 0310114873 | #705 | -300.00 | May 20 | 0970165607 |
| #679 | -105.49 | May 11 | 0970076293 | #706 | -200.00 | May 22 | 0970153832 |
| #680 | -141.60 | May 13 | 0970136671 | #707 | -1,789.90 | May 26 | 0310187618 |
| #681 | -178.62 | May 11 | 0970023536 | #708 | -400.00 | May 22 | 0970027443 |
| #682 | -550.00 | May 08 | 0310108004 | @710 | -585.00 | May 22 | 0310096946 |
| @684 | -2,789.22 | May 18 | 0310169845 | | | | |

**Total checks paid this statement period: -$24,080.60**
**Total number of checks paid this statement period: 49**

## Electronic withdrawals this statement period

| Date | Amount ($) | Activity | Reference numbers Customer | Bank |
|---|---|---|---|---|
| May 01 | -676.20 | Premium Distribu Fintecheft 043026 87-4384621 | | 9488633059 |
| May 04 | -338.25 | Fabiano Brothers Invoices 4522104/30/26 | | 9488396269 |
| May 04 | -105.96 | Shift4 Shift4 I26050199377 | | 9488386672 |
| May 04 | -19.88 | Shift4 Fees 260430 068880022573731 | | 9488808791 |
| May 04 | -16.00 | National Wine & Fintecheft 050126 87-4384621 | | 9488361128 |
| May 05 | -110.00 | Sporcle, Inc. Purchase G4q88w3s8qf7fvg | | 9488223166 |
| May 06 | -1,102.11 | Comcast-xfinity Cable Svcs 260505 | | 9488946068 |
| May 06 | -729.74 | MI Lottery MI Lottery 260506 0115941 | | 9488960795 |
| May 07 | -386.27 | Great Lakes Wine Fintecheft 050626 87-4384621 | | 9488150611 |
| May 08 | -549.90 | Premium Distribu Fintecheft 050726 87-4384621 | | 9488119679 |
| May 11 | -1,423.26 | Consumers Energy Energybill 260508 | | 9488909792 |

## Basic Business Checking: XXXXXX0342

### Electronic withdrawals this statement period (continued)

| Date | Amount ($) | Activity | Reference numbers | |
|------|-----------|----------|-------------------|------|
| | | | Customer | Bank |
| May 11 | -537.10 | Fabiano Brothers Invoices 4522105/07/26 | | 9488839565 |
| May 11 | -186.66 | State Of Michgwl Liquorsale    #005573730 | | 9488093952 |
| May 11 | -24.00 | National Wine & Fintecheft 050826 87-4384621 | | 9488814588 |
| May 11 | -9.99 | Pmntus Svc Fee Servicefee 260508 | | 9488077050 |
| May 12 | -356.32 | Prog Michigan Ins Prem 260511 | | 9488489537 |
| May 12 | -110.00 | Sporcle, Inc. Purchase Fdcjq6jzq8dp3zz | | 9488248298 |
| May 12 | -81.80 | Fabiano Brothers Invoices 4522105/08/26 | | 9488126471 |
| May 13 | -1,238.74 | MI Lottery MI Lottery 260513 0115941 | | 9488909708 |
| May 13 | -630.01 | State Of Michnws Liquorsale    #006850341 | | 9488732499 |
| May 14 | -274.22 | Great Lakes Wine Fintecheft 051326 87-4384621 | | 9488938634 |
| May 15 | -2,379.34 | IRS  Usataxpymt 051526 220653514068497 | | 9488712323 |
| May 15 | -840.58 | Westguard Ins CO Ins Prem Dobp765316 | | 9488375180 |
| May 15 | -199.65 | Tri-county Bever Fintecheft 051426 87-4384621 | | 9488954557 |
| May 18 | -799.60 | Fabiano Brothers Invoices 4522105/14/26 | | 9488694917 |
| May 18 | -16.50 | National Wine & Fintecheft 051526 87-4384621 | | 9488660532 |
| May 19 | -505.50 | Som  Mitreasbus 260518 8088558 | | 9488353795 |
| May 19 | -110.00 | Sporcle, Inc. Purchase Z7k7vc6vffqxl8z | | 9488189416 |
| May 20 | -1,257.30 | MI Lottery MI Lottery 260520 0115941 | | 9488839386 |
| May 21 | -394.44 | Great Lakes Wine Fintecheft 052026 87-4384621 | | 9488894398 |
| May 21 | -129.00 | Tri-county Bever Fintecheft 052026 87-4384621 | | 9488894632 |
| May 22 | -414.60 | Premium Distribu Fintecheft 052126 87-4384621 | | 9488400438 |
| May 22 | -230.30 | Fabiano Brothers Invoices 4522105/20/26 | | 9488829426 |
| May 26 | -2,420.00 | Spoton Minpmt Jpmvxhhc | | 9488532460 |
| May 26 | -646.53 | Vz Wireless Ve Vzw Webpay 260522 | | 9488156865 |
| May 26 | -548.41 | State Of Michgwl Liquorsale    #005618606 | | 9488321710 |
| May 28 | -738.47 | State Of Michnws Liquorsale    #007172919 | | 9488474818 |
| May 28 | -610.17 | Great Lakes Wine Fintecheft 052726 87-4384621 | | 9488523122 |
| May 28 | -140.00 | Ad Tax & Account ACH Debit 260528 9031406015 | | 9488486834 |
| May 29 | -200.00 | Ad Tax & Account ACH Debit 260529 9031439337 | | 9488151250 |
| May 29 | -75.00 | Ad Tax & Account ACH Debit 260529 9031440149 | | 9488151246 |

**Total Electronic Withdrawals: -$21,561.80**
**Total Number of Electronic Withdrawals: 41**

### Other withdrawals this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|----------------------|
| May07 | -4,720.00 | Withdrawal | 0310068835 |
| May26 | -6,448.86 | Withdrawal | 0310150319 |

**Total Other Withdrawals: -$11,168.86**
**Total Number of Other Withdrawals: 2**

### Fees and service charges this statement period

| Date | Amount ($) | Activity | Bank reference number |
|------|-----------|----------|----------------------|
| May 13 | -89.15 | Service Charge | 0000015671 |
| May 20 | -38.00 | Fee - Overdraft | 9488189416 |
| May 27 | -38.00 | Fee - Returned Item | 9488368984 |
| May 27 | -38.00 | Fee - Returned Item | 0310143550 |
| May 27 | -38.00 | Fee - Returned Item | 0970033157 |
| May 27 | -38.00 | Fee - Returned Item | 0970042002 |
| May 27 | -38.00 | Fee - Returned Item | 0970090427 |
| May 27 | -38.00 | Fee - Overdraft | 9488321710 |
| May 27 | -38.00 | Fee - Overdraft | 9488156865 |
| May 27 | -38.00 | Fee - Overdraft | 0310187618 |