## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - FLINT

In re:                                    Case No. 26-30869-jda
                                          Chapter 11
THE DOCK ON COOLEY LLC,                   Hon. Joel D. Applebaum

    Debtor.

_____/

## SMALL BUSINESS DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION (36-MONTH PLAN)

You are encouraged to carefully review the full text of this Plan, including all exhibits and attachments, before deciding how to vote on the Plan. To assist in review, definitions appear at the end of this Plan.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO CONFIRMATION OF THE PLAN. IF YOU WISH TO OBJECT TO CONFIRMATION OF THE PLAN, YOU MUST DO SO BY AUGUST 7, 2026.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY AUGUST 7, 2026. THE BALLOT MAY BE EMAILED TO BBASSEL@GMAIL.COM OR MAILED TO: ROBERT N. BASSEL, PO BOX T, CLINTON, MI 49236.**

**A HEARING ON CONFIRMATION OF THE PLAN IS SCHEDULED FOR AUGUST 19, 2026 AT 11:00 A.M. AT THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF MICHIGAN, 226 WEST SECOND STREET, FLINT, MICHIGAN 48502.**

**YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOU SHOULD CONSIDER DISCUSSING THIS DOCUMENT WITH AN ATTORNEY.**

# ARTICLE 1
## HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR

## 1.1. Nature of the Debtor's Business.

The Dock on Cooley LLC (the "Debtor") is a Michigan limited liability company operating a restaurant/bar business at 8635 Cooley Lake Road, Commerce Township, Michigan 48382. The business operates from leased premises at the Cooley Lake Road location.

The Debtor's business depends on continued access to the leased premises, continued operation of the bar/restaurant, preservation of the liquor license and related going-concern value, and continued ability to purchase inventory and pay ordinary-course operating expenses.

## 1.1.1. Debtor's Principal.

Perparim "Frank" Gjura is the Debtor's principal and authorized representative. Mr. Gjura is responsible for day-to-day operations and implementation of this Plan. Mr. Gjura will continue to manage the Reorganized Debtor after confirmation.

Mr. Gjura has worked in restaurants and other businesses for approximately the past thirty years. He took pre-college coursework in Albania.

Mr. Gjura took no income from the Debtor during the year before the Petition Date and has taken no compensation from the Debtor postpetition. For purposes of the post-confirmation projections, Mr. Gjura anticipates receiving up to $2,000.00 per month going forward until the restaurant stabilizes, subject to the Debtor's cash flow, the confirmed Plan, and the requirement that the Debtor remain current on Plan obligations.

## 1.2. Filing of the Debtor's Chapter 11 Case.

The Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V, on April 8, 2026 (the "Petition Date"), in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 26-30869-jda. The Debtor elected treatment as a small business debtor and

elected to proceed under Subchapter V of Chapter 11. Kimberly Ross Clayson was appointed as the Subchapter V Trustee.

The Debtor filed this case to preserve its going-concern value, address disputed secured and tax claims, preserve the location and liquor license, assume the business-premises lease, and pay creditors from ongoing operations rather than through a distressed liquidation.

## 1.3. Legal Structure and Ownership.

The Debtor is a Michigan limited liability company. Mr. Gjura is the sole member.

## 1.4. Debtor's Assets.

The Debtor scheduled total assets of $97,180.00, consisting of $97,179.00 in collateral securing the Cooley Lake Bar & Grill, Inc. all-asset claim plus the $1.00 scheduled leasehold interest. The scheduled assets are summarized below and are also used in the liquidation analysis attached as Exhibit A.

| Asset Category | Scheduled Value |
|---|---|
| Cash / Comerica checking account | $1,086.00 |
| Inventory | $12,103.00 |
| Furniture, fixtures and equipment | $20,000.00 |
| Leasehold interest | $1.00 |
| Liquor license | $60,000.00 |
| Prepaids | $3,990.00 |
| Potential claims against third parties | Unknown |
| Total scheduled assets | $97,180.00 |

## 1.5. Debtor's Liabilities.

The following summary is based on the Debtor's schedules, cash-collateral materials, and filed proof-of-claim materials provided for this Plan. The Michigan Department of Treasury filed an amended Claim No. 1 on May 26, 2026, amending the earlier Claim No. 1-1 filed April 28, 2026. Claim No. 1 asserts a total tax claim of $201,335.63, states that the claim is not secured, asserts $165,154.66 as priority under § 507(a)(8), asserts $36,180.97 as unsecured/nonpriority, states a fixed annual interest rate of 8.48%, and reserves rights of setoff. Jaris Lending, LLC filed Claim No. 2 on June 23,

2026, asserting a $68,680.00 claim for money loaned. Claim No. 2 was filed as a secured claim, stating that it is secured by 'Other - All Property' and identifying the basis for perfection as a UCC Financing Statement, but the POC materials reviewed for this Plan did not include an attached UCC-1 financing statement in favor of Jaris. Claim No. 2 identifies First Internet Bank of Indiana as the entity to whom the debt was owed at the time of the last transaction. A UCC search of the Michigan Secretary of State's records for The Dock on Cooley, LLC, certified July 5, 2026, discloses no financing statement naming Jaris Lending, LLC or First Internet Bank of Indiana as secured party against the Debtor. The search identifies only four financing statements on file: (1) Cooley Lake Bar & Grill, Inc. (Filing No. 20220921000539-7, filed 9/21/2022); (2) FBZ Enterprises, LLC (Filing No. 20220921000739-5, filed 9/21/2022); (3) Middesk, Inc. as Representative (Filing No. 20230421000410-7, filed 4/21/2023); and (4) a Michigan Department of Treasury state tax lien (Filing No. 20240108000088-3, filed 1/8/2024), which was released of record on 5/11/2026 (Filing No. SR231500). No filing naming Jaris Lending, LLC or First Internet Bank of Indiana as a secured party appears in the search. In addition, even assuming Jaris/First Internet Bank held a security interest, the claim is treated as fully unsecured because it is fully undersecured under 11 U.S.C. § 506 based on the Debtor's asset values and senior liens. Accordingly, this Plan treats Claim No. 2 as a Class 6 general unsecured claim for distribution purposes, subject to the Debtor's full reservation of rights. The Debtor does not stipulate to the allowance, amount, priority, secured status, lien validity, lien priority, interest, penalties, setoff rights, or collateral valuation of any claim, and all rights to object to claims and liens are reserved.

| Creditor | Nature | Scheduled/Asserted Amount | Plan Treatment Summary |
|---|---|---|---|
| Cooley Lake Bar & Grill, Inc. | Scheduled secured seller/all-asset claim | $143,468.81 total claim | Disputed and subject to offset; contractual payment arrangement reinstated; unimpaired/non-voting Class 2; postpetition/pre-Effective Date payments ; |

| Creditor | Nature | Scheduled/Asserted Amount | Plan Treatment Summary |
|---|---|---|---|
| | | | credited against the allowed Class 2 claim; shall preserve lien until secured claim paid in full, has first priority secured claim, subject to Debtor's ability to object |
| Jaris Lending, LLC / First Internet Bank of Indiana | Filed Claim No. 2; money loaned; claim form asserts all-property secured status based on UCC Financing Statement | $68,680.00 filed claim; asserted secured; Plan treats as fully unsecured | Claim No. 2 is fully unsecured under 11 U.S.C. § 506; no value remains for any junior lien; Debtor also reserves perfection, amount, allowance, authorization/signature/ratification, and priority objections. |
| Michigan Department of Treasury / State of Michigan | Filed amended sales/use tax claim; asserted unsecured priority tax component under § 507(a)(8) | Claim No. 1: $201,335.63 total; $165,154.66 asserted priority; $36,180.97 asserted nonpriority unsecured | all objections reserved by Debtor |

| Creditor | Nature | Scheduled/Asserted Amount | Plan Treatment Summary |
|---|---|---|---|
| State of Michigan scheduled statutory lien claim | Scheduled lien claim; filed amended Claim No. 1 asserts no secured claim | $17,162.28 scheduled; | superseded/reclassified by the filed tax claim |
| Middesk, Inc. as Representative | UCC filing/no known debtor-creditor relationship, to extent an agent for Jaris/First Internet Bank, addressed as general unsecured claim for Jaris | $0.00 scheduled | No distribution |
| The Rubinstein Law Firm | Legal services | $2,236.25 per 20 largest list; | Class 6 general unsecured |
| FBZ Enterprises, LLC | Business-premises lease | $6,000.00/month ongoing rent; scheduled cure amount $0.00 | assumed lease; ongoing rent paid directly |

### 1.5.1. Guaranteed Claims and Non-Debtor Liability.

The Debtor's Schedule H identifies Frank Gjura as a codebtor with respect to the Cooley Lake Bar & Grill, Inc. obligation and the Rubinstein Law Firm claim. Claim No. 2 for Jaris/First Internet Bank includes a Commercial Loan and Security Agreement and Performance Guaranty signed electronically by Perparim Gjura, and the attached agreement states that each Owner guarantees performance of specified obligations and may be jointly and severally liable for those guaranteed obligations. This Plan does not discharge any non-debtor guarantor, owner, or codebtor except to the extent expressly ordered by the Court. Nothing in this Plan modifies any non-debtor liability unless expressly stated in the Confirmation Order. Mr. Gjura denies ever entering into an agreement with Jaris/First Internet Bank.

## 1.6. Significant Events During the Bankruptcy Case.

Petition Date: April 8, 2026.

Cash Collateral and Weekly Reporting: The Debtor has operated under cash-collateral authority and has submitted weekly variance reports. The attached weekly reports reflect ongoing operations, including weekly sales, payroll and required business expenses, and payment or budgeting for rent and the seller secured note. The variance reports also identify a court-ordered rent obligation and a court-ordered secured note payment.

Lease Issues: The Debtor's Schedule G identifies an unexpired lease with FBZ Enterprises, LLC at $6,000 per month, commencing in 2022, with a five-year term and five five-year renewal options through 2051. The Debtor proposes to assume the lease under this Plan. Based on the schedules reviewed for this Plan, the cure amount is treated as $0.00.

## 1.7. Projected Recovery of Avoidable Transfers.

The Debtor has not completed a final investigation of potential avoidance actions. The Debtor is not presently aware of avoidance actions that would materially improve the liquidation recovery after accounting for defenses, litigation cost, and collectability. The Debtor reserves all rights to investigate and pursue estate claims after confirmation, unless expressly released by order of the Court.

## 1.8. Postpetition Transfers.

Postpetition transfers have been made in the ordinary course of business or pursuant to cash-collateral authority, including payments for payroll, inventory, rent, utilities, insurance, and other operating expenses necessary to preserve the business. The Debtor reserves the right to supplement this disclosure based on monthly operating reports and additional variance reports.

## 1.9. Cash Collateral.

The Debtor has relied on cash collateral authority to continue operations and preserve the going-concern value of the restaurant/bar business. This Plan contemplates that any replacement liens and

adequate-protection rights granted under cash-collateral orders will continue only to the extent provided by those orders, this Plan, and the Confirmation Order. The Debtor reserves all rights to challenge the extent, validity, priority, and value of liens.

**ARTICLE 2**
**THE PLAN**

This Plan describes how creditors will be paid over a 36-month plan term. Certain claims are automatically entitled to specific treatment under the Bankruptcy Code and are not placed in a class for voting purposes. Administrative Expenses and Priority Claims are not classified. Claims and Equity Interests are classified below. Each class is either impaired or unimpaired. If this Plan is confirmed, each creditor's recovery is limited to the amount provided in the Plan and the Confirmation Order.

## 2.1. Unclassified Claims.

A. Administrative Expenses.

All Allowed Administrative Expenses shall be paid in full as required by the Bankruptcy Code, unless the holder agrees to different treatment or the Bankruptcy Court orders otherwise. Administrative Expenses include ordinary-course postpetition trade debt, allowed professional fees and expenses, and fees owing to the Subchapter V Trustee. For Plan and feasibility purposes, the Debtor assumes $25,000.00 for Subchapter V Trustee fees and $15,000.00 for Debtor's counsel professional fees, for a total administrative/professional-fee assumption of $40,000.00, subject to fee applications, allowance, any applicable retainer credit, and Court order. The projections model these amounts as paid or reserved in full during Plan months 1 through 12, before the first Class 6 general unsecured distribution begins in Plan month 13. The Debtor may prepay Administrative Expenses earlier if cash flow permits. No Class 6 distribution shall be made unless allowed administrative/professional expenses then due under the Plan and Confirmation Order have been paid in full.

## B. Priority Claims.

The following unclassified priority claims shall be paid as set forth below, subject to objection, allowance, and amendment after the claims bar dates:

| Group / Creditor | Claim Amount | Monthly Treatment | Status / Recovery |
|---|---|---|---|
| Priority Group A - Michigan Department of Treasury / State of Michigan (Claim No. 1) | $201,335.63 total; $165,154.66 asserted priority; $36,180.97 asserted nonpriority unsecured | Est. $5,212/mo x 36 months at asserted 8.48%, subject to objection | Paid in full if allowed as priority; objections reserved; |

The Debtor reserves all rights to object to the amount, priority, interest, penalties, setoff rights, and any asserted basis for priority treatment. Claim No. 1 states that it amends Claim No. 1-1 filed April 28, 2026, asserts a total claim of $201,335.63, states that the claim is not secured, asserts $165,154.66 as priority under § 507(a)(8), and asserts $36,180.97 as nonpriority unsecured. For feasibility purposes only, the Plan models the asserted priority portion over 36 months at the claim's asserted 8.48% annual interest rate, resulting in an estimated monthly payment of $5,212.00.

## 2.2. Classification and Treatment of Claims and Equity Interests.

| Class | Creditor(s) / Interest | Claim Amount | Treatment | Status / Recovery |
|---|---|---|---|---|
| 1 | FBZ Enterprises, LLC lease | Scheduled cure amount $0.00; ongoing rent $6,000/mo | Assumption of lease; ongoing rent paid directly; no cure reserve/payment | Unimpaired as to ongoing rent |
| 2 | Cooley Lake Bar & Grill, Inc. seller/all-asset claim | $143,468.81 scheduled total | $4,717/mo as reinstated contractual payment until paid in full; 5.00% payment approx. $2,786.83 in month 33, subject to postpetition/ pre-Effective Date credits; | Unimpaired under reinstated contract payment treatment; deemed to accept; non-voting; lien retained until paid as provided, does not alter rights |
| 3 | State of Michigan scheduled lien claim / Michigan Department of Treasury Claim No. 1 | No secured amount asserted in filed Claim No. 1; $17,162.28 scheduled/disputed lien claim | No separate Class 3 payment because filed proof of claim controls absent objection | |
| 4 | Jaris Lending, LLC / First Internet Bank of Indiana Claim No. 2 | $68,680.00 filed claim; asserted secured; treated as fully unsecured | Class 4 included solely to address asserted secured status; no | Treated as fully unsecured under § 506; objections reserved. |

| Class | Creditor(s) / Interest | Claim Amount | Treatment | Status / Recovery |
|---|---|---|---|---|
| | | under § 506 because no value remains after senior Cooley claim; no priority asserted. | Class 4 distribution because no collateral value to support the purported secured claim | |
| 5 | Middesk, Inc. as Rep. / other disputed secured claims | Scheduled $0.00. | No distribution | Disputed |
| 6 | General unsecured claims | Approx. $107,097.22 estimated pool | $1,000/month beginning month 13 for 24 months, after admin/professional expenses are paid | Impaired; projected base dividend approx. 22.4%, subject to claims allowance. |
| 7 | Equity interest holder(s) | N/A | No distribution during Plan term; equity retained subject to Plan | Unimpaired/ retained |

**CLASS 1 - FBZ Enterprises, LLC Lease [ Cure Amount $0.00].**
The Debtor shall assume the unexpired business-premises lease with FBZ Enterprises, LLC for the premises at 8635 Cooley Lake Road, Commerce Township, Michigan 48382. The scheduled lease terms are $6,000.00 per month, a commencement date in 2022, a five-year term, and five five-year renewal options through 2051. The Debtor will pay ongoing rent directly to

FBZ Enterprises, LLC in the ordinary course, beginning on the Effective Date and continuing under the assumed lease.

The Debtor has not scheduled a separate prepetition cure amount owed to FBZ Enterprises, LLC. Accordingly, for purposes of assumption under § 365(b)(1), the Debtor proposes a cure amount of $0.00. Any objection to the proposed $0.00 cure amount, any asserted cure amount, or adequate assurance of future performance must be filed by the confirmation-objection deadline, unless the Court orders otherwise. The Debtor reserves all rights to contest the amount of any asserted cure claim, damages claim, default, late charges, fees, costs, and any asserted right to termination or possession.

A Michigan UCC search, certified July 5, 2026, discloses that FBZ Enterprises, LLC also filed a UCC-1 financing statement against the Debtor (Filing No. 20220921000739-5, filed 9/21/2022) covering substantially the same all-asset collateral description as the Cooley Lake Bar & Grill, Inc. lien, filed the same day. FBZ Enterprises, LLC has not filed a proof of claim asserting a secured claim or any amount beyond ongoing lease rent, and the Debtor is not aware of a separate loan or security agreement with FBZ Enterprises, LLC distinct from the lease. The Debtor reserves all rights to investigate, dispute, and object to the amount, validity, enforceability, and priority of any secured claim FBZ Enterprises, LLC may assert on account of this filing, and no separate secured payment is provided for FBZ Enterprises, LLC under this Plan.

**CLASS 2 - Cooley Lake Bar & Grill, Inc. Seller / All-Asset Claim [Unimpaired / Non-Voting].**
Cooley Lake Bar & Grill, Inc. is scheduled as holding a disputed all-asset security interest with a total scheduled claim of $143,468.81. A Michigan UCC search, certified July 5, 2026, confirms this lien as Filing No. 20220921000539-7, filed 9/21/2022, which lapses 9/21/2027 (Plan Month 12) absent a timely UCC-3 continuation statement. The Debtor disputes and reserves all rights concerning allowance, amount, validity, priority, value, offsets, and defenses.

**Class 2 Treatment:** The Debtor shall reinstate the contractual payment arrangement with Cooley Lake Bar & Grill, Inc., including the $4,717.00 monthly contract payment, and Cooley Lake Bar & Grill, Inc. shall retain its allowed lien, if any, on the collateral securing its allowed Class 2 claim until the allowed Class 2 claim is paid as provided in this Plan. Beginning on the first day of the first full calendar month after the Effective Date, the Debtor shall pay Cooley Lake Bar & Grill, Inc. $4,717.00 per month, the reinstated contractual monthly payment amount, until paid in full. For feasibility and

present-value modeling, the current projection shows the present value of $143,468.81 using a 5.00% annual interest rate, with thirty-two (32) monthly payments of $4,717.00, followed by a final projected payment of approximately $2,786.83 in Plan month 33, and no further Class 2 payments thereafter. Payments shall stop when the allowed Class 2 claim, including any required 5.00% present-value interest, has been paid in full. All postpetition payments made to Cooley Lake Bar & Grill, Inc. before the Effective Date shall be credited against the allowed Class 2 claim. Because this treatment reinstates the contractual payment arrangement and leaves Cooley Lake Bar & Grill, Inc.'s legal, equitable, and contractual rights unaltered, Class 2 is treated as unimpaired, is deemed to accept the Plan, and is not entitled to vote.

| Cooley Class 2 Reinstatement / PV Cross-Check | Projected Amount / Treatment |
| --- | --- |
| Starting claim before credits | $143,468.81 |
| Monthly contract payment | $4,717.00 |
| PV rate for feasibility cross-check | 5.00% annual |
| Projected final payment before credits | Approx. $2,786.83 in Plan month 33 |
| Total projected payments before credits | Approx. $153,730.83 |

**CLASS 3 - State of Michigan Scheduled Statutory Lien Claim [Disputed / No Separate Projected Secured Payment].**
The State of Michigan was scheduled as asserting a $17,162.28 statutory lien claim against all assets, with the schedules stating that any such claim was likely junior to the Cooley Lake Bar & Grill, Inc. claim. The Michigan Department of Treasury's amended Claim No. 1, filed May 26, 2026, states that no part of the $201,335.63 tax claim is secured. A Michigan UCC search, certified July 5, 2026, confirms that the corresponding state tax lien (Filing No. 20240108000088-3, filed 1/8/2024, covering the same $17,162.28 balance) was released of record on May 11, 2026 (Filing No. SR231500). The Debtor therefore does not project a separate Class 3 secured distribution, while reserving all rights to object to any asserted lien, priority, secured status, amount, tax, penalty, interest, or setoff component.
Class 3 Treatment: No separate payment shall be made on account of the scheduled State of Michigan lien claim.

**CLASS 4 - Jaris Lending, LLC / First Internet Bank of Indiana Claim No. 2 [Asserted Secured Status Addressed; Treated as Fully Unsecured and Classified in Class 6].**

Jaris Lending, LLC filed Claim No. 2 on June 23, 2026, asserting a $68,680.00 claim for money loaned. Claim No. 2 states that the claim is secured by a lien on 'Other - All Property,' identifies the basis for perfection as a UCC Financing Statement, values the property at $68,680.00, asserts $68,680.00 as secured, asserts no unsecured amount, and does not assert priority status. A UCC search of the Michigan Secretary of State's records for the Debtor, certified July 5, 2026, discloses no financing statement naming Jaris Lending, LLC or First Internet Bank of Indiana as secured party against the Debtor. Separate and apart from perfection and authorization issues, the Debtor treats Claim No. 2 as fully unsecured because, even assuming Jaris/First Internet Bank had a security interest, the claim is fully undersecured under 11 U.S.C. § 506 based on the Debtor's asset values and senior liens. The Debtor contends that no value remains for any junior lien asserted by Jaris/First Internet Bank because of the seniority of Cooley Lake Bar & Grill, Inc.

Class 4 Treatment: Class 4 is included solely to address the asserted secured status of Jaris/First Internet Bank/Claim No. 2; the Debtor proposes no distribution in Class 4 because the claim is treated as unsecured and classified in Class 6. Claim No. 2 shall share pro rata in the Class 6 distribution pool described below on account of its allowed general unsecured claim, subject to the Debtor's reserved rights to object to the claim's amount, allowance, enforceability, asserted secured status, and priority.

**CLASS 5 - Middesk, Inc. [Disputed].**

Middesk, Inc. is scheduled with a UCC filing but a $0.00 claim, and the schedules state that the Debtor is unaware of any debtor-creditor relationship. A Michigan UCC search, certified July 5, 2026, confirms this filing as Filing No. 20230421000410-7, filed 4/21/2023, naming "Middesk, Inc. as Representative" as secured party and covering "All business assets." Class 5 shall receive no distribution because, inter alia, there is no collateral to support any secured status.

**CLASS 6 - General Unsecured Claims [Impaired].**

Class 6 consists of all allowed general unsecured claims. Based on the schedules and proofs of claim reviewed for this Plan, the current scheduled/claimed Class 6 pool for Plan distribution purposes is estimated at approximately $107,097.22, subject to objection, amendment, setoff,

disallowance, reclassification, and allowance. The current estimated Class 6 claims are: (i) Jaris Lending, LLC / First Internet Bank of Indiana, Claim No. 2, $68,680.00, treated under this Plan as fully unsecured because, even assuming Jaris/First Internet Bank had a security interest, the claim is fully undersecured under 11 U.S.C. § 506 based on the Debtor's asset values and senior liens, and because the Debtor further contends that the alleged obligation/security interest was not properly perfected, authorized, signed by the Debtor's principal, or ratified by him; (ii) Michigan Department of Treasury / State of Michigan, nonpriority unsecured portion of Claim No. 1, $36,180.97; and (iii) The Rubinstein Law Firm, $2,236.25.

Class 6 Treatment: Beginning in Plan month 13, after the $40,000.00 administrative/professional-fee reserve has been paid or reserved in full, the Debtor shall pay or reserve not less than $1,000.00 per month for 24 months, for a projected distribution pool of $24,000.00, to be distributed to Class 6 general unsecured creditors pro rata. If the entire $24,000.00 pool is paid to the currently estimated Class 6 pool of $107,097.22, the projected base Class 6 dividend would be approximately 22.4%. The Debtor may pay Class 6 earlier only if administrative/professional expenses then due under the Plan and Confirmation Order have been paid in full.

The Debtor believes Class 6 will receive materially more under this 36-month Plan than in a Chapter 7 liquidation because the liquidation value of the Debtor's assets would be consumed by senior secured claims and administrative costs.

**CLASS 7 - Equity Interest Holder(s) [Unimpaired / Retained].**
The Debtor's equity interest holder, Mr. Gjura,　shall retain his equity interests in the Reorganized Debtor, subject to the terms of this Plan and the Confirmation Order. No distributions shall be made to equity during the Plan term on account of equity interests.

**2.3. Claims Objections.**
The Debtor may object to any Claim within 60 days after the later of (i) the Effective Date, or (ii) the date the proof of claim is filed. Disputed Claims shall be treated as disputed under this Plan, and distributions shall be reserved pending allowance or disallowance by Final Order.

**2.4. Treatment of Executory Contracts and Unexpired Leases.**
The Debtor shall assume the business-premises lease with FBZ Enterprises, LLC as provided in Class 1, with a cure amount of $0.00. Any objection to the proposed cure amount, any asserted cure amount, or adequate assurance of

future performance must be filed by the confirmation-objection deadline, unless the Court orders otherwise. All other executory contracts and unexpired leases shall be assumed unless specifically rejected by motion or by separate provision of the Confirmation Order. Any party asserting a cure claim must file a timely objection to confirmation or such cure claim may be limited to the amount provided in the Confirmation Order.

## 2.5. Means for Implementation of the Plan.

The Plan will be funded from the Debtor's ongoing restaurant/bar operations. The Debtor will maintain an operating reserve to account for seasonal sales variability, inventory purchasing cycles, liquor-license and insurance obligations, payroll timing, utilities, waste/removal expenses, and potential lower-volume months. The business is seasonal: May through October are stronger months. The projection formula limits Mr. Gjura's compensation so that compensation is deferred or reduced in any month necessary to avoid negative ending cash. The Plan therefore preserves operating cash during stronger months so the Debtor can bridge the weaker November through April period while remaining current on ongoing rent, tax, and Plan obligations. Mr. Gjura will continue to manage the business and may defer or reduce insider compensation, if necessary, to preserve feasibility.

## 2.6. Payments and Default Provisions.

Except as otherwise provided, the Debtor shall make required Plan payments beginning on the first day of the first full calendar month after the Effective Date. Payments may be made directly by the Reorganized Debtor unless the Confirmation Order requires payment through the Subchapter V Trustee. From and after the Effective Date, preconfirmation cash-collateral payment obligations, adequate-protection payment obligations, and related budgeting obligations shall be superseded by the confirmed Plan and Confirmation Order. Amounts paid before the Effective Date under any cash-collateral order shall be credited against the corresponding Plan obligation to the extent applicable. In the event of a payment default, the affected creditor must serve written notice of default on the Debtor and Debtor's counsel by email to bbassel@gmail.com. If the default is not contested in writing or cured within ten (10) business days after receipt of the notice, the creditor may file an affidavit of default and seek appropriate relief from the Bankruptcy Court. There shall be no prepayment penalty.

## 2.7. Post-Confirmation Management.

The post-confirmation manager of the Reorganized Debtor shall be Perparim "Frank" Gjura, Principal. Mr. Gjura will be responsible for day-to-day restaurant/bar operations and implementation of the confirmed Plan. He has taken no compensation from the Debtor postpetition and anticipates receiving up to $2,000.00 per month going forward until the restaurant stabilizes, subject to available cash flow and the Debtor remaining current under the Plan.

## 2.8. Tax Consequences of the Plan.

Creditors and equity interest holders concerned with how the Plan may affect their tax liability should consult with their own accountants, attorneys, and advisors. The Debtor does not provide tax advice to creditors or equity interest holders.

## 2.9. Projections in Support of Debtor's Ability to Make Payments.

The Debtor's updated 36-month projections are attached as Exhibit B. The Debtor reserves the right to supplement Exhibit B before confirmation.

### ARTICLE 3
### FEASIBILITY OF PLAN

## 3.1. Ability to Initially Fund Plan.

The Debtor has continued to operate after the Petition Date and has used cash collateral to pay ordinary and necessary operating expenses. Debtor believes it can begin Plan payments on the Effective Date based on available cash balances.

## 3.2. Ability to Make Future Plan Payments and Operate Without Further Reorganization.

The Debtor's updated 36-month projections use the 13-week cash-collateral budget's projected ending cash of $37,537.12 as the October 1, 2026 beginning cash, subject to update based on actual operating results. The model treats June through October as stronger months, November through April as lower-volume months, and May as a shoulder month. The projections model Plan payments beginning October 1, 2026, consistent with a confirmation hearing on August 19, 2026, an Effective Date approximately 30 days thereafter, and the first full calendar month following the Effective Date as provided in Section 2.6. If the Confirmation Order results in a later Effective

Date, that timing would likely further improve projected cash flow. The projections remain subject to claim allowance, claim objections, final fee applications, seasonal sales results, and actual operating performance. The projections represent the Debtor's current reasonable best estimate based on the information available. Creditors should consult their own professionals regarding the projections and risks of Plan performance.

## ARTICLE 4
## LIQUIDATION ANALYSIS

To confirm the Plan, the Bankruptcy Court must find that creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as they would receive in a Chapter 7 liquidation. The liquidation analysis is attached as Exhibit A. The Debtor believes that Chapter 7 liquidation would result in no distribution to general unsecured creditors because the forced-sale value of assets would be consumed by senior secured claims and administrative expenses. The Plan provides a better recovery by preserving going-concern value and funding distributions from future operations.

## ARTICLE 5
## DISCHARGE

5.1. Discharge.

If the Plan is confirmed under § 1191(a) (consensual), then on the Confirmation Date, subject to the occurrence of the Effective Date, the Debtor will be discharged from debts that arose before confirmation to the extent provided by § 1141(d) of the Bankruptcy Code.

If the Plan is confirmed under § 1191(b) (nonconsensual/cramdown), the Debtor shall receive a discharge as soon as practicable after completing all payments due within the first three years of the Plan, or such longer period not exceeding five years as fixed by the Court, to the extent provided by § 1192 and other applicable provisions of the Bankruptcy Code.

On and after the Confirmation Date, all creditors and persons acting in concert with them are enjoined and restrained from levying, seizing, executing, or otherwise exercising control over or interfering with property of the Debtor or Reorganized Debtor in a manner inconsistent with this Plan, the Bankruptcy Code, or the Confirmation Order.

## ARTICLE 6
## GENERAL PROVISIONS

### 6.1. Title to Assets.

If the Plan is confirmed under § 1191(a), confirmation vests all property of the estate in the Debtor, free and clear of all Claims and Equity Interests except as otherwise provided in the Plan or Confirmation Order. If confirmed under § 1191(b), property of the estate includes property specified in § 1186(a), and the Debtor shall remain in possession of property of the estate as provided by the Bankruptcy Code, this Plan, and the Confirmation Order.

### 6.2. Binding Effect.

The provisions of the confirmed Plan will bind the Debtor, the Reorganized Debtor, all creditors, equity interest holders, and other parties in interest, whether or not they accept the Plan.

### 6.3. Severability.

If any provision of this Plan is determined to be unenforceable, that determination shall not limit or affect the enforceability and operative effect of any other provision of this Plan.

### 6.4. Retention of Jurisdiction by the Bankruptcy Court.

The Bankruptcy Court shall retain jurisdiction to: (i) implement and enforce the Plan and Confirmation Order; (ii) resolve disputes arising under the Plan; (iii) determine claims objections; (iv) determine applications for compensation and administrative expenses; (v) adjudicate issues concerning assumption or rejection of executory contracts and unexpired leases; (vi) determine lien validity, priority, and value; (vii) resolve any default under the Plan; and (viii) consider modifications under § 1193.

### 6.5. Captions.

Headings are for convenience only and do not affect the meaning or interpretation of this Plan.

### 6.6. Modification of Plan.

The Debtor may modify the Plan before confirmation under § 1193(a). If the Plan is confirmed under § 1191(b), the Debtor may seek modification after confirmation as permitted by § 1193.

**6.7. Final Decree.**
Once the estate has been fully administered as provided in Bankruptcy Rule 3022, the Debtor shall file a motion for final decree to close the case, unless the Court enters a final decree on its own motion or orders otherwise.

## ARTICLE 7
## DEFINITIONS

**Administrative Expense:** Any cost or expense of administration entitled to priority under § 507(a)(2) and allowed under § 503(b), including allowed professional fees and expenses.

**Allowed Claim:** Any Claim as to which no objection has been filed, or which has been allowed by Final Order.

**Allowed Secured Claim:** A secured claim to the extent allowed under § 506 of the Bankruptcy Code.

**Bankruptcy Code or Code:** Title 11 of the United States Code.

**Bankruptcy Court:** The United States Bankruptcy Court for the Eastern District of Michigan.

**Case:** This Chapter 11, Subchapter V case, Case No. 26-30869-jda.

**Class:** A category of holders of claims or interests that are substantially similar.

**Confirmation Date:** The date upon which the Bankruptcy Court enters the Confirmation Order.

**Creditor:** Any person or entity holding a Claim against the Debtor.

**Debtor:** The Dock on Cooley LLC, debtor and debtor-in-possession in Case No. 26-30869-jda.

**Disputed Claim:** Any Claim that has been objected to, challenged, or otherwise disputed by the Debtor or any party in interest.

**Effective Date:** Thirty (30) days after entry of the Confirmation Order unless the Confirmation Order provides otherwise.

**Final Order:** An order that has not been reversed, stayed, modified, or amended, and as to which the time for appeal has expired or any appeal has been resolved.

**Plan:** This 36-Month Small Business Debtor's Subchapter V Plan of Reorganization, as it may be altered, amended, or modified.

**Reorganized Debtor:** The Debtor on and after the Effective Date.

**Schedules:** The schedules of assets and liabilities and statement of financial affairs filed by the Debtor, as amended.

**Subchapter V Trustee:** Kimberly Ross Clayson, appointed under § 1183(a).

## ARTICLE 8
## LEGAL REQUIREMENTS

Legal requirements, as follows:

A.    Voting procedures

Under the Bankruptcy Code, the only classes that are entitled to vote to accept or reject a plan are classes of claims, or equity interest, that are impaired under the plan. Accordingly, classes of claims or interests that are not impaired are not entitled to vote on the plan.

Creditors that hold claims in more than one impaired class are entitled to vote separately in each class. Such a creditor will receive a separate ballot for all of its claims in each class (in accordance with the records of the Clerk of the Court) and should complete and sign each ballot separately. A creditor who asserts a claim in more than one class and who has not been provided with sufficient ballots may photocopy the ballot received and file multiple ballots.

Votes on the plan will be counted only with respect to claims: (a) that are listed on the Debtor's Schedules of Assets and Liabilities other than as disputed, contingent or unliquidated; or (b) for which a proof of claim was filed on or before the bar date set by the Court for the filing of proofs of claim (except for certain claims expressly excluded from that bar date or which are allowed by Court order). However, any vote by a holder of a claim will not be

counted if such claim has been disallowed or is the subject of an unresolved objection, absent an order of the Court allowing such claim for voting purposes pursuant to 11 U.S.C. § 502 and Bankruptcy Rule 3018.

Voting on the plan by each holder of a claim or interest in an impaired class is important. After carefully reviewing the plan and disclosure statement, each holder of such a claim or interest should vote on the enclosed ballot either to accept or to reject the plan, and then return the ballot by mail to the debtor's attorney by the deadline previously established by the court.

Any ballot that does not appropriately indicate acceptance or rejection of the plan will not be counted.

A ballot that is not received by the deadline will not be counted.
If a ballot is damaged, lost, or missing, a replacement ballot may be obtained by sending a written request to the debtor's attorney.

## B.    Acceptance

The Bankruptcy Code defines acceptance of a plan by an impaired class of claims as acceptance by the holders of at least two-thirds in dollar amount, and more than one-half in number, of the claims of that class which actually cast ballots. The Bankruptcy Code defines acceptance of a plan by an impaired class of equity interests as acceptance by holders of at least two-thirds in number of the equity interests of that class that actually cast ballots. If no creditor or interest holder in an impaired class votes, then that class has not accepted the plan.

## C.    Confirmation

11 U.S.C. § 1129(a) establishes conditions for the confirmation of a plan. These conditions are too numerous and detailed to be fully explained here. Parties are encouraged to seek independent legal counsel to answer any questions concerning the Chapter 11 process.

Among the several conditions for confirmation of a plan under 11 U.S.C. § 1129(a) are these:
1.    Each class of impaired creditors and interest must accept the plan, as described in paragraph VI.B., above.
2.    Either each holder of a claim or interest in a class must accept the plan, or the plan must provide at least as much value as would be received upon liquidation under Chapter 7 of the Bankruptcy Code.

**D. Modification**
The debtor reserves the right to modify or withdraw the plan at any time before confirmation.

**E. Effect of confirmation**
If the plan is confirmed by the Court:
1. Its terms are binding on the debtor, all creditors, equity interest holders and other parties in interest, regardless of whether they have accepted the plan.
2. Except as provided in the plan:

(a) In the case of a <u>corporation</u> that is reorganizing and continuing business:
(1) All claims and interests will be discharged.
(2) Creditors and equity interest holders will be prohibited from asserting their claims against or interest in the debtor or its assets.

(b) In the case of a <u>corporation</u> that is liquidating and not continuing its business:
(1) Claims and interests will not be discharged.
(2) Creditors and equity interest holders will not be prohibited from asserting their claims against or interests in the debtor or its assets.

(c) In the case of an individual or husband and wife:
(1) Claims will be discharged, except as provided in 11 U.S.C. §§ 523 and 727(a). **Unless the court orders otherwise, the discharge will be entered after completion of plan payments as provided in § 1141(d)(5)(a). It is the usual practice of the court to close Chapter 11 cases after confirmation. It is the responsibility of the individual debtor to file a motion to reopen the case for entry of discharge upon completion of plan payments.**
(2) Creditors will be prohibited from asserting their claims except as to those debts which are not discharged or dischargeable under 11 U.S.C. §§ 523 and 727(a).

Because the Debtor is a Michigan limited liability company proposing to reorganize and continue operating, the continuing-entity provisions above apply [E.2(a)].

Dated: July 7, 2026

**THE DOCK ON COOLEY LLC**
By: /s/ Perparim "Frank" Gjura
Perparim "Frank" Gjura, Principal

Respectfully submitted,
/s/ Robert N. Bassel
ROBERT N. BASSEL (P48420)
Attorney for Debtor | P.O. Box T, Clinton, MI 49236
(248) 677-1234 | bbassel@gmail.com

# EXHIBIT A - LIQUIDATION ANALYSIS
## I. Valuation of Assets and Amount(s) Secured Claims in Relation Thereto (as of the Petition Date, April 8, 2026)

The values below are estimates based on the Debtor's schedules. No formal appraisal is presently relied on. Market value is based on scheduled value. Forced sale value reflects estimated liquidation discounts, transfer restrictions, and the costs, risks, and timing of a Chapter 7 liquidation. The Debtor reserves all rights to amend these values and all rights with respect to claims, liens, priorities, and avoidance actions.

| Describe the Assets and Collateral | Creditor Holding Lien | Market Value and Forced Sale Value | Amount of Secured Claim | Equity | Comments |
|---|---|---|---|---|---|
| Cash / Comerica checking | Cooley Lake Bar & Grill, Inc. scheduled all-asset lien; no Jaris/First Internet Bank lien disclosed in Michigan UCC search; State lien released of record 5/11/2026 | $1,086.00 (M) $1,086.00 (FS) | $143,468.81 scheduled Cooley claim; Jaris asserts $68,680 secured, but is treated as fully unsecured under § 506 because no collateral value remains | $0.00 (M) $0.00 (FS) | |
| Inventory | Same as above | $12,103.00 (M) $6,052.00 (FS) | See above | $0.00 (M) $0.00 (FS) | Perishable /restauran t inventory; forced-sale |

| Describe the Assets and Collateral | Creditor Holding Lien | Market Value and Forced Sale Value | Amount of Secured Claim | Equity | Comments |
|---|---|---|---|---|---|
| | | | | | discount applied. |
| Furniture, fixtures, and equipment | Same as above | $20,000.00 (M) $5,000.00 (FS) | See above | $0.00 (M) $0.00 (FS) | Restaurant equipment and fixtures; forced-sale discount applied. |
| Leasehold interest / FBZ lease | | $1.00 (M) $0.00 (FS) | $0.00 | $0.00 (M) $0.00 (FS) | Lease is assumed under the Plan. |
| Liquor license / going-concern license value | Same as above to the extent valid and unavoidable | $60,000.00 (M) $30,000.00 (FS) | See above | $0.00 (M) $0.00 (FS) | Transfer restrictions, timing risk, and forced-sale discount applied. |
| Prepaids | | $3,990.00 (M) $0.00 (FS) | $0.00 | $0.00 (M) $0.00 (FS) | Likely no realizable liquidation value. |
| Potential claims / causes of action | Estate | Unknown (M) $0.00 (FS) | N/A | $0.00 | No presently valued net recovery. Debtor reserves claims and objections. |

| Describe the Assets and Collateral | Creditor Holding Lien | Market Value and Forced Sale Value | Amount of Secured Claim | Equity | Comments |
|---|---|---|---|---|---|
| TOTAL | | $97,180.00 (M) $42,138.00 (FS) | | $0.00 (M) $0.00 (FS) | Total equity if fair market value used = $0.00. Total equity if forced sale value used = $0.00. |

## II. Proceeds of Assets (before deducting amount of secured claims)

| Asset Type / Collateral | Estimated Liquidation Amount(s) |
|---|---|
| Cash / Comerica checking | $1,086.00 |
| Inventory | $6,052.00 |
| Furniture, fixtures, and equipment | $5,000.00 |
| Leasehold interest / FBZ lease | $0.00 |
| Liquor license / going-concern license value | $30,000.00 |
| Prepaids | $0.00 |
| Potential claims / causes of action | $0.00 |
| Total gross proceeds before secured claims and chapter 7 administrative costs | $42,138.00 |

## III. Claims
## (a) Secured Claims

| Secured Claimant | Estimated Amount(s) | Notes |
|---|---|---|
| Cooley Lake Bar & Grill, Inc. | $143,468.81 | Scheduled all-asset seller/security claim. Debtor reserves all |

| Secured Claimant | Estimated Amount(s) | Notes |
|---|---|---|
| | | objections, offsets, and valuation rights. |
| Jaris Lending, LLC / First Internet Bank of Indiana Claim No. 2 | $0.00 allowed secured for liquidation-analysis purposes | Claim No. 2 asserts $68,680.00 secured status, but the Michigan UCC search discloses no financing statement naming Jaris Lending, LLC or First Internet Bank of Indiana as secured party; separate and apart from that, the claim is treated as fully unsecured under § 506 because no value remains for any junior lien after the senior Cooley claim. |
| State of Michigan / Michigan Department of Treasury scheduled lien claim | $0.00 separate allowed secured claim for liquidation-analysis purposes | The filed amended Claim No. 1 asserts no secured claim. |
| Total secured claims used for liquidation analysis | $143,468.81 | Full asserted/scheduled amount exceeds forced-sale proceeds. |

**(b) Administrative Expenses**

| Administrative Expense Category | Estimated Amount(s) |
|---|---|
| United States Trustee Fees | $0.00 |
| Subchapter V Trustee fees | $25,000.00 |
| Debtor's Attorneys / final professional-fee reserve | $15,000.00 |
| | |
| | |
| | |

| Administrative Expense Category | Estimated Amount(s) |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
| Chapter 7 Trustee fees, auction/liquidation costs, and related expenses | $5,000.00 |
| Total estimated administrative expenses | $45,000.00 |

**(c) Pre-petition Unsecured Priority Claims**

| Priority Claimant / Category | Estimated Amount(s) | Notes |
|---|---|---|
| Michigan Department of Treasury / State of Michigan - asserted priority tax component of Claim No. 1 | $165,154.66 | Disputed; subject to objection, allowance, priority determination, and any required interest/present value treatment. |
| Total priority claims | $165,154.66 |  |

**(d) Total Secured, Administrative and Pre-petition Priority Claims**

| Category | Estimated Amount(s) |
|---|---|
| Secured Claims | $143,468.81 |
| Administrative Expenses | $45,000.00 |
| Pre-petition Priority Claims | $165,154.66 |
| Total Secured, Administrative and Pre-petition Priority Claims | $353,623.47 |

**IV. Distribution of Proceeds of Assets in the Event of Liquidation**

| Line Item | Estimated Amount(s) |
|---|---|
| (a) Gross Proceeds Available from Liquidation of Assets | $42,138.00 |
| (b) Less Total of Secured Claims | $143,468.81 |
| Administrative Expenses | $45,000.00 |
| Priority Claims | $165,154.66 |
| Total senior claims deducted before unsecured distribution | $353,623.47 |
| (c) Net Proceeds Available to Pre-petition Unsecured Creditors | $0.00 |

| Line Item | Estimated Amount(s) |
|---|---|
| (Class 6 Plan distribution pool presently estimated at $107,097.22, subject to allowance, amendment, reclassification, and objection) | |
| (d) % Available to Pre-petition Unsecured Creditors | 0.00% |
| (e) Proceeds Available for Equity Interests | $0.00 |

**Risks, Conditions and Assumptions Regarding Stated Values.**

The liquidation analysis assumes a forced sale of restaurant/bar assets rather than continued going-concern operations. It assumes that liquidation would require a chapter 7 trustee, sale costs, turnover/sale procedures, and delay, and that the value of inventory, equipment, license rights, and lease rights would be materially reduced.

The Debtor has not obtained formal appraisals for the liquidation analysis. The market values use scheduled values; forced-sale values apply conservative liquidation discounts. The liquor license value is subject to transfer, regulatory, and timing risks.

Potential claims and causes of action have not been finally investigated. The Debtor is not presently assigning affirmative liquidation value to any cause of action because any recovery is uncertain, would require litigation expense, and is not expected to produce a material net recovery after senior claims and administrative costs. The Debtor reserves all claims, defenses, objections, and avoidance rights.

Based upon the Liquidation Analysis set forth above, the Debtor believes that a liquidation would result in a substantially smaller distribution to general unsecured creditors and equity interest holders than the proposed treatment set forth in the Plan. Secured, administrative, and priority claims exceed the projected forced-sale proceeds, leaving no net liquidation proceeds for the Class 6 pool.

# EXHIBIT B - 36-MONTH PLAN PROJECTIONS

| Month Starting | Oct-26 | Nov-26 | Dec-26 |
|---|---|---|---|
| Month # | 1 | 2 | 3 |
| **Beginning Cash** | **$37,537.12** | **$43,002.41** | **$42,454.79** |
| Net Sales | $104,760 | $86,400 | $83,160 |
| Cost of Goods Sold | $58,666 | $48,384 | $46,570 |
| Gross Profit | $46,094 | $38,016 | $36,590 |
| Lottery/Other Income | $1,833 | $1,512 | $1,455 |
| **Total Income** | **$47,928** | **$39,528** | **$38,046** |
| | | | |
| **Operating Expenses** | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $13,619 | $11,232 | $10,811 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $0.00 | $0.00 | $0.00 |
| Total Operating Expenses | $29,200.08 | $26,813.28 | $26,392.08 |
| | | | |
| **PLAN PAYMENTS** | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $3,333.33 | $3,333.33 | $3,333.33 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| | | | |
| Class 6 GUC Distribution Pool | $0.00 | $0.00 | $0.00 |
| **Total Plan Payments** | $13,262.33 | $13,262.33 | $13,262.33 |
| | | | |
| **Ending Cash** | **$43,002.41** | **$42,454.79** | **$40,846.08** |
| | | | |

| Month Starting | Jan-27 | Feb-27 | Mar-27 |
|---|---|---|---|
| **Month #** | 4 | 5 | 6 |
| **Beginning Cash** | $40,846.08 | $33,224.47 | $23,834.35 |
| Net Sales | $64,800 | $59,400 | $59,400 |
| Cost of Goods Sold | $36,288 | $33,264 | $33,264 |
| Gross Profit | $28,512 | $26,136 | $26,136 |
| Lottery/Other Income | $1,134 | $1,040 | $1,040 |
| **Total Income** | **$29,646** | **$27,176** | **$27,176** |
| | | | |
| **Operating Expenses** | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $8,424 | $7,722 | $7,722 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $0.00 | $0.00 | $0.00 |
| Total Operating Expenses | $24,005.28 | $23,303.28 | $23,303.28 |
| | | | |
| **PLAN PAYMENTS** | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $3,333.33 | $3,333.33 | $3,333.33 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| | | | |
| Class 6 GUC Distribution Pool | $0.00 | $0.00 | $0.00 |
| **Total Plan Payments** | $13,262.33 | $13,262.33 | $13,262.33 |
| | | | |
| **Ending Cash** | **$33,224.47** | **$23,834.35** | **$14,444.24** |
| | | | |

| Month Starting | Apr-27 | May-27 | Jun-27 |
|---|---|---|---|
| **Month #** | 7 | 8 | 9 |
| **Beginning Cash** | $14,444.24 | $6,115.23 | $262.11 |
| Net Sales | $62,640 | $70,200 | $116,640 |
| Cost of Goods Sold | $35,078 | $39,312 | $65,318 |
| Gross Profit | $27,562 | $30,888 | $51,322 |
| Lottery/Other Income | $1,096 | $1,229 | $2,041 |
| **Total Income** | **$28,658** | **$32,117** | **$53,363** |
| | | | |
| **Operating Expenses** | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $8,143 | $9,126 | $15,163 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $0.00 | $0.00 | $0.00 |
| Total Operating Expenses | $23,724.48 | $24,707.28 | $30,744.48 |
| | | | |
| **PLAN PAYMENTS** | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $3,333.33 | $3,333.33 | $3,333.33 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| Class 6 GUC Distribution Pool | $0.00 | $0.00 | $0.00 |
| **Total Plan Payments** | $13,262.33 | $13,262.33 | $13,262.33 |
| | | | |
| **Ending Cash** | **$6,115.23** | **$262.11** | **$9,618.10** |
| | | | |

| Month Starting | Jul-27 | Aug-27 | Sep-27 |
|---|---|---|---|
| **Month #** | 10 | 11 | 12 |
| **Beginning Cash** | **$9,618.10** | **$24,279.59** | **$36,818.87** |
| Net Sales | $132,840 | $126,360 | $113,400 |
| Cost of Goods Sold | $74,390 | $70,762 | $63,504 |
| Gross Profit | $58,450 | $55,598 | $49,896 |
| Lottery/Other Income | $2,325 | $2,211 | $1,985 |
| **Total Income** | **$60,774** | **$57,810** | **$51,881** |
| | | | |
| **Operating Expenses** | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $17,269 | $16,427 | $14,742 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $0.00 | $0.00 | $0.00 |
| Total Operating Expenses | $32,850.48 | $32,008.08 | $30,323.28 |
| | | | |
| **PLAN PAYMENTS** | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $3,333.33 | $3,333.33 | $3,333.33 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| | | | |
| Class 6 GUC Distribution Pool | $0.00 | $0.00 | $0.00 |
| **Total Plan Payments** | $13,262.33 | $13,262.33 | $13,262.33 |
| | | | |
| **Ending Cash** | **$24,279.59** | **$36,818.87** | **$45,113.76** |
| | | | |

| Month Starting | Oct-27 | Nov-27 | Dec-27 |
|---|---|---|---|
| Month # | 13 | 14 | 15 |
| Beginning Cash | $45,113.76 | $51,941.65 | $52,576.25 |
| Net Sales | $107,903 | $88,992 | $85,655 |
| Cost of Goods Sold | $60,426 | $49,836 | $47,967 |
| Gross Profit | $47,477 | $39,156 | $37,688 |
| Lottery/Other Income | $1,888 | $1,557 | $1,499 |
| Total Income | $49,366 | $40,714 | $39,187 |
| | | | |
| Operating Expenses | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $14,027 | $11,569 | $11,135 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $2,000.00 | $2,000.00 | $2,000.00 |
| Total Operating Expenses | $31,608.64 | $29,150.24 | $28,716.40 |
| | | | |
| PLAN PAYMENTS | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $0.00 | $0.00 | $0.00 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| | | | |
| Class 6 GUC Distribution Pool | $1,000.00 | $1,000.00 | $1,000.00 |
| Total Plan Payments | $10,929.00 | $10,929.00 | $10,929.00 |
| | | | |
| Ending Cash | $51,941.65 | $52,576.25 | $52,117.91 |
| | | | |

| Month Starting | Jan-28 | Feb-28 | Mar-28 |
|---|---|---|---|
| **Month #** | **16** | **17** | **18** |
| **Beginning Cash** | **$52,117.91** | **$45,466.29** | **$36,993.12** |
| Net Sales | $66,744 | $61,182 | $61,182 |
| Cost of Goods Sold | $37,377 | $34,262 | $34,262 |
| Gross Profit | $29,367 | $26,920 | $26,920 |
| Lottery/Other Income | $1,168 | $1,071 | $1,071 |
| **Total Income** | **$30,535** | **$27,991** | **$27,991** |
| | | | |
| **Operating Expenses** | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $8,677 | $7,954 | $7,954 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $2,000.00 | $2,000.00 | $2,000.00 |
| Total Operating Expenses | $26,258.00 | $25,534.94 | $25,534.94 |
| | | | |
| **PLAN PAYMENTS** | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $0.00 | $0.00 | $0.00 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| | | | |
| Class 6 GUC Distribution Pool | $1,000.00 | $1,000.00 | $1,000.00 |
| **Total Plan Payments** | $10,929.00 | $10,929.00 | $10,929.00 |
| | | | |
| **Ending Cash** | **$45,466.29** | **$36,993.12** | **$28,519.94** |

| Month Starting | Apr-28 | May-28 | Jun-28 |
|---|---|---|---|
| **Month #** | **19** | **20** | **21** |
| **Beginning Cash** | **$28,519.94** | **$21,139.70** | **$16,309.64** |
| Net Sales | $64,519 | $72,306 | $120,139 |
| Cost of Goods Sold | $36,131 | $40,491 | $67,278 |
| Gross Profit | $28,388 | $31,815 | $52,861 |
| Lottery/Other Income | $1,129 | $1,265 | $2,102 |
| **Total Income** | **$29,518** | **$33,080** | **$54,964** |
| | | | |
| **Operating Expenses** | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $8,387 | $9,400 | $15,618 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $2,000.00 | $2,000.00 | $2,000.00 |
| Total Operating Expenses | $25,968.78 | $26,981.06 | $33,199.38 |
| | | | |
| **PLAN PAYMENTS** | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $0.00 | $0.00 | $0.00 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| Class 6 GUC Distribution Pool | $1,000.00 | $1,000.00 | $1,000.00 |
| **Total Plan Payments** | $10,929.00 | $10,929.00 | $10,929.00 |
| | | | |
| **Ending Cash** | **$21,139.70** | **$16,309.64** | **$27,144.94** |
| | | | |

| Month Starting | Jul-28 | Aug-28 | Sep-28 |
|---|---|---|---|
| Month # | 22 | 23 | 24 |
| Beginning Cash | $27,144.94 | $43,444.92 | $57,559.02 |
| Net Sales | $136,825 | $130,151 | $116,802 |
| Cost of Goods Sold | $76,622 | $72,884 | $65,409 |
| Gross Profit | $60,203 | $57,266 | $51,393 |
| Lottery/Other Income | $2,394 | $2,278 | $2,044 |
| Total Income | $62,598 | $59,544 | $53,437 |
| | | | |
| Operating Expenses | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $17,787 | $16,920 | $15,184 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $2,000.00 | $2,000.00 | $2,000.00 |
| Total Operating Expenses | $35,368.56 | $34,500.88 | $32,765.54 |
| | | | |
| PLAN PAYMENTS | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $0.00 | $0.00 | $0.00 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| | | | |
| Class 6 GUC Distribution Pool | $1,000.00 | $1,000.00 | $1,000.00 |
| Total Plan Payments | $10,929.00 | $10,929.00 | $10,929.00 |
| | | | |
| Ending Cash | $43,444.92 | $57,559.02 | $67,301.40 |
| | | | |

| Month Starting | Oct-28 | Nov-28 | Dec-28 |
|---|---|---|---|
| **Month #** | **25** | **26** | **27** |
| **Beginning Cash** | **$67,301.40** | **$75,189.43** | **$76,698.38** |
| Net Sales | $111,140 | $91,662 | $88,224 |
| Cost of Goods Sold | $62,238 | $51,331 | $49,406 |
| Gross Profit | $48,902 | $40,331 | $38,819 |
| Lottery/Other Income | $1,945 | $1,604 | $1,544 |
| **Total Income** | **$50,846** | **$41,935** | **$40,363** |
| | | | |
| **Operating Expenses** | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $14,448 | $11,916 | $11,469 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $2,000.00 | $2,000.00 | $2,000.00 |
| Total Operating Expenses | $32,029.46 | $29,497.31 | $29,050.46 |
| | | | |
| **PLAN PAYMENTS** | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $0.00 | $0.00 | $0.00 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| | | | |
| Class 6 GUC Distribution Pool | $1,000.00 | $1,000.00 | $1,000.00 |
| **Total Plan Payments** | $10,929.00 | $10,929.00 | $10,929.00 |
| | | | |
| **Ending Cash** | **$75,189.43** | **$76,698.38** | **$77,081.60** |
| | | | |

| Month Starting | Jan-29 | Feb-29 | Mar-29 |
|---|---|---|---|
| Month # | 28 | 29 | 30 |
| Beginning Cash | $77,081.60 | $71,085.74 | $63,213.68 |
| Net Sales | $68,746 | $63,017 | $63,017 |
| Cost of Goods Sold | $38,498 | $35,290 | $35,290 |
| Gross Profit | $30,248 | $27,728 | $27,728 |
| Lottery/Other Income | $1,203 | $1,103 | $1,103 |
| Total Income | $31,451 | $28,830 | $28,830 |
| | | | |
| Operating Expenses | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $8,937 | $8,192 | $8,192 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $2,000.00 | $2,000.00 | $2,000.00 |
| Total Operating Expenses | $26,518.30 | $25,773.55 | $25,773.55 |
| | | | |
| PLAN PAYMENTS | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $4,717.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $0.00 | $0.00 | $0.00 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| Class 6 GUC Distribution Pool | $1,000.00 | $1,000.00 | $1,000.00 |
| Total Plan Payments | $10,929.00 | $10,929.00 | $10,929.00 |
| | | | |
| Ending Cash | $71,085.74 | $63,213.68 | $55,341.62 |
| | | | |

| Month Starting | Apr-29 | May-29 | Jun-29 |
|---|---|---|---|
| **Month #** | **31** | **32** | **33** |
| **Beginning Cash** | **$55,341.62** | **$48,595.28** | **$44,475.62** |
| Net Sales | $66,455 | $74,475 | $123,743 |
| Cost of Goods Sold | $37,215 | $41,706 | $69,296 |
| Gross Profit | $29,240 | $32,769 | $54,447 |
| Lottery/Other Income | $1,163 | $1,303 | $2,166 |
| **Total Income** | **$30,403** | **$34,072** | **$56,613** |
| | | | |
| **Operating Expenses** | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $8,639 | $9,682 | $16,087 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $2,000.00 | $2,000.00 | $2,000.00 |
| Total Operating Expenses | $26,220.40 | $27,263.05 | $33,667.92 |
| | | | |
| **PLAN PAYMENTS** | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $4,717.00 | $4,717.00 | $2,786.83 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $0.00 | $0.00 | $0.00 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| | | | |
| Class 6 GUC Distribution Pool | $1,000.00 | $1,000.00 | $1,000.00 |
| **Total Plan Payments** | $10,929.00 | $10,929.00 | $8,998.83 |
| | | | |
| **Ending Cash** | **$48,595.28** | **$44,475.62** | **$58,421.47** |
| | | | |

| Month Starting | Jul-29 | Aug-29 | Sep-29 |
|---|---|---|---|
| Month # | 34 | 35 | 36 |
| Beginning Cash | $58,421.47 | $80,782.75 | $100,892.59 |
| Net Sales | $140,930 | $134,055 | $120,306 |
| Cost of Goods Sold | $78,921 | $75,071 | $67,371 |
| Gross Profit | $62,009 | $58,984 | $52,935 |
| Lottery/Other Income | $2,466 | $2,346 | $2,105 |
| Total Income | $64,475 | $61,330 | $55,040 |
| | | | |
| Operating Expenses | | | |
| Advertising & Promotion | $500 | $500 | $500 |
| Bookkeeping/Accounting | $600 | $600 | $600 |
| Bank Service Charges | $200 | $200 | $200 |
| Insurance | $3,231.28 | $3,231.28 | $3,231.28 |
| Internet | $550 | $550 | $550 |
| Janitorial | $100 | $100 | $100 |
| Landscaping/Snow | $150 | $150 | $150 |
| Legal/Professional | $500 | $500 | $500 |
| Licenses/Permits | $250 | $250 | $250 |
| Office/Printing/Payroll Processing | $500 | $500 | $500 |
| Uniforms/Waste/Other | $100 | $100 | $100 |
| Wages & Payroll Taxes | $18,321 | $17,427 | $15,640 |
| Rent Expense | $6,000 | $6,000 | $6,000 |
| Repairs & Maintenance | $700 | $700 | $700 |
| Supplies | $550 | $550 | $550 |
| Security | $100 | $100 | $100 |
| Software | $100 | $100 | $100 |
| Telephone/Fax | $300 | $300 | $300 |
| Utilities | $1,050.00 | $1,050.00 | $1,050.00 |
| Principal Compensation Paid (after deferral if needed) | $2,000.00 | $2,000.00 | $2,000.00 |
| Total Operating Expenses | $35,902.17 | $35,008.47 | $33,221.07 |
| | | | |
| PLAN PAYMENTS | | | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $0.00 | $0.00 | $0.00 |
| Michigan Treasury Priority Tax Claim | $5,212.00 | $5,212.00 | $5,212.00 |
| Admin/Professional Fees | $0.00 | $0.00 | $0.00 |
| Jaris Class 4 (No Distribution) | $0.00 | $0.00 | $0.00 |
| Class 6 GUC Distribution Pool | $1,000.00 | $1,000.00 | $1,000.00 |
| Total Plan Payments | $6,212.00 | $6,212.00 | $6,212.00 |
| | | | |
| Ending Cash | $80,782.75 | $100,892.59 | $116,499.54 |

| Month Starting | TOTAL |
|---|---|
| **Month #** | |
| **Beginning Cash** | **$37,537.12** |
| Net Sales | $3,338,172 |
| Cost of Goods Sold | $1,869,376 |
| Gross Profit | $1,468,796 |
| Lottery/Other Income | $58,418 |
| **Total Income** | **$1,527,214** |
| | |
| **Operating Expenses** | |
| Advertising & Promotion | $18,000 |
| Bookkeeping/Accounting | $21,600 |
| Bank Service Charges | $7,200 |
| Insurance | $116,326.08 |
| Internet | $19,800 |
| Janitorial | $3,600 |
| Landscaping/Snow | $5,400 |
| Legal/Professional | $18,000 |
| Licenses/Permits | $9,000 |
| Office/Printing/Payroll Processing | $18,000 |
| Uniforms/Waste/Other | $3,600 |
| Wages & Payroll Taxes | $433,962 |
| Rent Expense | $216,000 |
| Repairs & Maintenance | $25,200 |
| Supplies | $19,800 |
| Security | $3,600 |
| Software | $3,600 |
| Telephone/Fax | $10,800 |
| Utilities | $37,800 |
| Principal Compensation Paid (after deferral if needed) | $48,000.00 |
| Total Operating Expenses | $1,042,888.44 |
| | |
| **PLAN PAYMENTS** | |
| Cooley Lake Bar & Grill Secured/Seller Claim | $153,730.83 |
| Michigan Treasury Priority Tax Claim | $187,632.00 |
| Admin/Professional Fees | $40,000.00 |
| Jaris Class 4 (No Distribution) | $0.00 |
| Class 6 GUC Distribution Pool | $24,000.00 |
| **Total Plan Payments** | $405,362.83 |

| **Ending Cash** | **$116,499.54** |
|---|---|
| | |