**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, FLINT DIVISION**

| | |
|---|---|
| In re:<br>THE DOCK ON COOLEY LLC,<br>Debtor. | Case No. 26-30869<br>Chapter 11 (Subchapter V)<br>Hon. Joel D. Applebaum |

/

**DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §§ 1112(b) AND 349, EFFECTIVE ONLY AFTER SATISFACTION OF SETTLEMENT CONDITIONS**

The Dock on Cooley LLC, debtor and debtor in possession (the "Debtor"), moves under 11 U.S.C. §§ 1112(b) and 349, Fed. R. Bankr. P. 1017, 2002, and 9014, and L.B.R. 9014-1 (E.D. Mich.), for dismissal of this Chapter 11 case after consummation of the settlement and Sale that are the subject of the Debtor's contemporaneously filed Sale Motion and after satisfaction of the conditions stated in paragraph 2 of the Settlement Agreement. The Debtor files this Motion contemporaneously with the Sale Motion as required by the Settlement Agreement, but will not request entry of a dismissal order until the conditions stated in paragraph 2 have been satisfied. In support, the Debtor states:

## BACKGROUND AND SETTLEMENT CONDITIONS

1. The Debtor filed this Subchapter V Chapter 11 case on April 8, 2026. The Debtor operates the Prime 7 restaurant and bar from 8635 Cooley Lake Road, Commerce Township, Michigan.

2. Contemporaneously with this Motion, the Debtor is filing its Motion for Entry of an Order Approving Settlement and Authorizing Sale of Business Assets Free and Clear (the "Sale Motion"). The parties have reached agreement on the terms of the Settlement Agreement. Signatures are being obtained, and the Debtor will file the fully executed Settlement Agreement promptly after all signatures are obtained.

3. The Settlement Agreement provides that, upon entry of the order approving the Sale, the parties shall consummate the sale of the Business Assets within fourteen (14) days. At Closing, Cooley will pay $49,283.00 in cash as net purchase proceeds (the "Net Purchase Proceeds"). The Settlement Agreement expressly provides that the Net Purchase Proceeds are proceeds of the Business Assets and property of the Debtor's estate. Cooley expressly consents to the Carve-Out and distribution described in paragraph 2 of the Settlement Agreement, including $35,000.00 for professional-fee escrows and $14,283.00 to be deposited into a Second DIP Account maintained by the Debtor. The parties also will execute the documents necessary to transfer the Liquor License to Cooley and place it in escrow pending approval of the transfer by the Michigan Liquor Control Commission ("MLCC").

4. At the sale closing, the Business Assets will be transferred to Cooley; the Debtor will surrender the Premises to FBZ; FBZ will accept the surrender; and the Lease will terminate without continuing rent, repair, restoration, holdover, or other Lease obligations of the Debtor or Gjura. The Liquor License transfer application will be executed and the Liquor License placed in escrow pending MLCC approval of the transfer, as provided in paragraph 4 of the Settlement Agreement.

5. The Settlement Agreement requires Cooley to file a UCC-3 terminating Michigan UCC Financing Statement No. 20220921000539-7 and FBZ to file a UCC-3 terminating Michigan UCC Financing Statement No. 20220921000739-5, with evidence of each filing delivered to Debtor's counsel within three business days after Closing. The Settlement releases become effective only upon Closing and Cooley's payment of the full $49,283.00 Net Purchase Proceeds in the manner required by paragraph 2. The Debtor and Gjura, on behalf of themselves and their respective successors and assigns, release Cooley and FBZ and each of their respective current and former shareholders, members, managers, officers, directors, employees, agents, representatives, attorneys, accountants, professionals, affiliates, predecessors, successors, assigns, and insurers (the "Creditor Released Parties"). Cooley and FBZ, on behalf of themselves and their

respective successors and assigns, release the Debtor and Gjura and each of their respective current and former shareholders, members, managers, officers, directors, employees, agents, representatives, attorneys, accountants, professionals, affiliates, predecessors, successors, assigns, and insurers (the "Debtor Released Parties"). The releases include known and unknown claims arising from the settled transactions and proceedings and any alleged defamation, subject to the exceptions in paragraph 8 of the Settlement Agreement. Each Released Party is an intended third-party beneficiary and may enforce the releases.

6. The Settlement Agreement requires the Circuit Court Action, Sixth Judicial Circuit Court Case No. 25-215077-CB, to be dismissed with prejudice as to the Debtor and Gjura immediately upon Closing, without costs or attorney fees to any party, with a file-stamped copy promptly provided to Debtor's counsel.

7. Paragraph 2 of the Settlement Agreement requires Cooley to pay the full $49,283.00 Net Purchase Proceeds at Closing as follows: $20,000.00 to the Subchapter V Trustee's IOLTA/client trust account, $15,000.00 to Debtor's counsel's IOLTA/client trust account, and $14,283.00 to the Second DIP Account. The professional-fee amounts remain escrowed pending Court allowance and authorization of payment. Any unused

professional-fee escrow is returned to the Debtor and deposited into the Second DIP Account unless otherwise ordered. The Second DIP Account and all funds in it remain property of the estate. Subject to Court approval, the initial $14,283.00 deposited into the Second DIP Account is to be paid to Gjura as an administrative expense for his covenant not to compete, release, and cooperation necessary to close the transaction.

## CAUSE EXISTS AND DISMISSAL IS PREFERABLE TO CONVERSION

8. Consistent with paragraph 2 of the Settlement Agreement, the Debtor will not file a certificate of non-response, sign a stipulated order, or otherwise request entry of an order dismissing this case until after (a) Cooley has paid the full $49,283.00 Net Purchase Proceeds in the manner required by paragraph 2 and all amounts that the Court requires to be paid or escrowed from those proceeds as a condition to dismissal have been paid or escrowed; (b) Cooley and FBZ have filed the UCC-3 terminations required by paragraph 4 and delivered evidence of filing to Debtor's counsel; and (c) the Circuit Court Action has been dismissed as provided in paragraph 11. Upon satisfaction of those conditions, the Debtor will promptly file a certificate of non-response or seek a stipulated order or hearing date, as applicable, and request entry of the dismissal order, subject to Court approval.

9. Upon consummation of the Sale and satisfaction of the foregoing conditions, cause will exist for dismissal under § 1112(b)(1), and dismissal will be preferable to conversion. The Sale transfers all Business Assets owned by the Debtor, tangible and intangible, except financial records that the Debtor or its principal needs to retain, the Second DIP Account, and funds held in that account. Cooley's and FBZ's claims and liens, the Guaranty, the Lease claims, and the state-court litigation will have been resolved under the Settlement. The Debtor's filed Plan disclosed that it was not then aware of avoidance actions that would materially improve liquidation recovery after defenses, litigation cost, and collectability, and its liquidation analysis projected no recovery for general unsecured creditors in Chapter 7 because senior secured claims and administrative costs consumed available asset value. Any professional-fee escrows or Second DIP Account funds remaining at dismissal will be subject to the Sale Order, the Settlement Agreement, and the Court's retained jurisdiction rather than further business operations or Chapter 7 administration.

10. The $49,283.00 Net Purchase Proceeds are estate property, and their distribution is part of the Court-approved Sale and Settlement rather than a distribution created by dismissal. Cooley expressly grants the Carve-Out from its asserted secured claim and lien. Before the Debtor

requests dismissal, the full Net Purchase Proceeds must have been paid in the manner required by paragraph 2 and all amounts the Court requires to be paid or escrowed from those proceeds as a condition to dismissal must have been paid or escrowed. The Debtor requests that the dismissal order preserve the Sale Order and the Court-approved disposition of any professional-fee escrow or Second DIP Account funds that remain undistributed when dismissal is entered.

## THE SALE AND SETTLEMENT SHOULD SURVIVE DISMISSAL

11. Section 349(b) generally restores specified prepetition rights and revests remaining estate property unless the Court, for cause, orders otherwise. Once the Sale has been consummated, cause will exist to protect the completed transfer of the Business Assets and the rights acquired in reliance on the Sale Order. Dismissal should not unwind the transfer of the Business Assets, the Lease termination, the broad releases in favor of the Creditor Released Parties and Debtor Released Parties, their intended third-party-beneficiary enforcement rights, the lien terminations, or the state-court dismissal, and should not impair the pending Liquor License application, escrow, or continuing transfer obligations under the Settlement Agreement. If Closing occurs with the Liquor License transfer application executed and the Liquor License placed in escrow pending

MLCC approval, a later denial or failure to obtain MLCC approval should not unwind the completed transfer of the other Business Assets or the other completed settlement transactions.

12. Consistent with the Settlement Agreement, the Court should retain the limited jurisdiction permitted by law to interpret and enforce the Sale Order and Settlement Agreement. To the extent professional fees remain escrowed or funds remain in the Second DIP Account when dismissal is entered, the dismissal order should provide, for cause under § 349(b), that those funds remain subject to the Sale Order and do not revest free of those restrictions until the Court authorizes their disposition. The Court should retain jurisdiction to adjudicate the applicable fee applications, authorize disbursement of the professional-fee escrows, direct any unused professional-fee amount into the Second DIP Account, and resolve the Court-approved administrative payment to Gjura and any remaining disposition of the Second DIP Account.

## CONCURRENCE

13. Pursuant to L.B.R. 9014-1(h), Debtor's counsel sought concurrence from the Office of the United States Trustee, the Subchapter V Trustee, Cooley, and FBZ.

## NOTICE

14. The Debtor will provide at least twenty-one (21) days' notice of the hearing on this Motion to all creditors and parties in interest as required by Fed. R. Bankr. P. 2002(a)(4), together with notice to the Office of the United States Trustee, the Subchapter V Trustee, Cooley, FBZ, and all other parties entitled to notice.

WHEREFORE, the Debtor respectfully requests that, after the Debtor certifies or otherwise establishes satisfaction of the conditions in paragraph 2 of the Settlement Agreement, the Court enter the proposed order attached as Exhibit 1 dismissing this case, preserving the completed Sale and Settlement, and granting such other relief as is just and proper.

Dated: September 22, 2026
/s/ Robert N. Bassel
Robert N. Bassel (P48420)
Attorney for Debtor in Possession
P.O. Box T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, FLINT DIVISION**

| | |
|---|---|
| In re:<br>THE DOCK ON COOLEY LLC,<br>Debtor. | Case No. 26-30869<br>Chapter 11<br>(Subchapter V)<br>Hon. Joel D. Applebaum |

/

**ORDER DISMISSING CHAPTER 11 CASE AND PRESERVING COMPLETED SALE AND SETTLEMENT**

This matter is before the Court on the Debtor's Motion to Dismiss Chapter 11 Case (the "Motion"), filed contemporaneously with the Sale Motion pursuant to paragraph 2 of the Settlement Agreement. The Court finds that, before entry of this Order, the sale of the Business Assets and the other closing steps required before dismissal have been completed; the Debtor transferred the Business Assets except the financial records and Second DIP Account expressly excluded by the Settlement Agreement; the parties executed the application to transfer the Liquor License to Cooley and placed the Liquor License in escrow pending MLCC approval; Cooley paid the full $49,283.00 Net Purchase Proceeds in the manner required by paragraph 2; all amounts the Court required to be paid or escrowed from those proceeds as a condition to dismissal have been paid or escrowed; the required Cooley and FBZ UCC-3 terminations have been filed and evidence delivered to Debtor's counsel; the Circuit Court Action has been dismissed; the broad mutual releases in paragraph 8 of the Settlement Agreement have become effective; the Debtor no longer has an operating business or Business Assets to reorganize; and dismissal rather than conversion is in the best interests of creditors and the estate.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that

1. The Motion is GRANTED.

2. Before entry of this Order, Cooley paid the full $49,283.00 Net Purchase Proceeds in the manner required by paragraph 2 of the Settlement Agreement, including $20,000.00 to the IOLTA/client trust account of the Subchapter V Trustee, $15,000.00 to the IOLTA/client trust account of Debtor's counsel, and $14,283.00 to the Second DIP Account, and all amounts that the Court required to be paid or escrowed from the

Net Purchase Proceeds as a condition to dismissal have been paid or escrowed. The professional-fee amounts remain subject to Court allowance and the Sale Order. Any unused professional-fee amount shall be returned to the Debtor and deposited into the Second DIP Account unless otherwise ordered.

3. The dismissal of this case does not vacate, alter, or ratify any distributions and escrows previously approved in the Sale Order and Settlement Agreement. The $49,283.00 Net Purchase Proceeds are estate property and were paid or escrowed pursuant to the Sale Order. To the extent any professional-fee escrow or Second DIP Account funds remain undistributed on the Dismissal Effective Date, for cause under 11 U.S.C. § 349(b) those funds shall remain subject to the Sale Order, Settlement Agreement, and this Order and shall not revest free of those restrictions until further order of this Court.

4. For cause under 11 U.S.C. § 349(b), dismissal shall not vacate, unwind, or otherwise disturb the Sale Order, Settlement Agreement, completed transfer of the Business Assets, the Liquor License transfer application and escrow or the continuing obligations concerning that transfer, termination of the Lease, the releases in favor of the Creditor Released Parties and Debtor Released Parties, the right of each Released Party to enforce those releases as an intended third-party beneficiary, the lien terminations, or dismissal of Sixth Judicial Circuit Court Case No. 25-215077-CB. If MLCC approval is later denied or not obtained, that circumstance shall not, by reason of this dismissal, unwind the completed transfer of the other Business Assets or the other completed settlement transactions.

5. No claim or obligation released under paragraph 8 of the Settlement Agreement, including any released claim for alleged defamation, and no lien, deficiency, Guaranty obligation, Lease claim, attorney fee, late charge, interest, or other obligation satisfied or released under the Settlement Agreement is reinstated or revived by dismissal. The rights of the Creditor Released Parties and Debtor Released Parties, including their rights as intended third-party beneficiaries, remain effective according to the Settlement Agreement and Sale Order.

6. The Court retains limited jurisdiction, to the extent permitted by law, to interpret and enforce the Sale Order and Settlement Agreement, including the releases and intended third-party-beneficiary rights; to resolve disputes concerning obligations expressly surviving the sale closing, including the pending Liquor License transfer process; to adjudicate the

applicable professional fee applications and authorize disbursement of the professional-fee escrows; to direct any unused portion of a professional-fee escrow into the Second DIP Account as required by paragraph 2 of the Settlement Agreement; and to authorize the Court-approved administrative payment to Gjura and any remaining disposition of the Second DIP Account. The professional-fee escrows and Second DIP Account shall remain subject to this retained jurisdiction until disbursed pursuant to Court order.

7. The service of the Subchapter V Trustee terminates upon entry of this Order. The requirements concerning funding or escrow of the Subchapter V Trustee's fees and expenses under paragraph 2 of the Settlement Agreement have been satisfied, subject to Court allowance and disbursement from the Trustee's escrow.

8. All pending plans, motions and hearings are moot as of the Dismissal Effective Date except matters expressly preserved by this Order or the Sale Order.

9. This case is DISMISSED AS TO THE DEBTOR effective immediately upon entry of this Order (the "Dismissal Effective Date").

10. Except as otherwise provided by the Sale Order, Settlement Agreement, and this Order, remaining property and rights shall be treated in accordance with 11 U.S.C. § 349(b).

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, FLINT DIVISION**

| | |
|---|---|
| In re:<br>THE DOCK ON COOLEY LLC,<br>Debtor. | Case No. 26-30869<br>Chapter 11 (Subchapter V)<br>Hon. Joel D. Applebaum |

/

**NOTICE OF DEBTOR'S MOTION TO DISMISS CHAPTER 11 CASE**

PLEASE TAKE NOTICE that The Dock on Cooley LLC has filed a Motion to Dismiss Chapter 11 Case once it is fully administered. The Debtor will not request entry of a dismissal order until the Court-approved sale of the Business Assets has been consummated and the conditions stated in paragraph 2 of the Settlement Agreement have been satisfied.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the Court to dismiss this Chapter 11 case, effective only after consummation of the Court-approved sale and satisfaction of the settlement conditions described in the Motion, or if you want the Court to consider your views on the Motion to Dismiss Chapter 11 Case, within twenty-one (21) days after service of this Notice, you or your attorney must:

1. File with the Court a written response or answer explaining your position. The response or answer must comply with Fed. R. Civ. P. 8(b), (c), and (e), as applicable.

   United States Bankruptcy Court
   Eastern District of Michigan
   226 West Second Street
   Flint, Michigan 48502

   If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it within the twenty-one (21) day response period stated above. All attorneys are required to file pleadings electronically.

   You must also send a copy to:

   Robert N. Bassel (P48420), Attorney for Debtor in Possession
   P.O. Box T, Clinton, Michigan 49236
   248.677.1234 | bbassel@gmail.com

   and to all other parties entitled to service under the Bankruptcy Rules and the Local Bankruptcy Rules.

2. If a response or answer is timely filed and served, the Clerk will schedule a hearing on the Motion and you will be served with notice of the date, time, and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: September 22, 2026
/s/ Robert N. Bassel
Robert N. Bassel (P48420), Attorney for Debtor in Possession
P.O. Box T, Clinton, MI 49236 | 248.677.1234 | bbassel@gmail.com

**EXHIBIT 3**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, FLINT DIVISION**

| | |
|---|---|
| In re:<br>THE DOCK ON COOLEY LLC,<br>Debtor. | Case No. 26-30869<br>Chapter 11 (Subchapter V)<br>Hon. Joel D. Applebaum |

/

**BRIEF IN SUPPORT OF DEBTOR'S MOTION TO DISMISS**

**ARGUMENT**

Under 11 U.S.C. § 1112(b)(1), the Court may dismiss or convert a Chapter 11 case for cause, choosing the remedy that is in the best interests of creditors and the estate. The statutory examples of "cause" in § 1112(b)(4) are illustrative rather than exhaustive, and the Court makes a case-specific inquiry into the Debtor's circumstances. 11 U.S.C. §§ 1112(b)(4), 102(3).

Cause will exist after consummation of the Sale because the Debtor's operating business and all Business Assets will have been transferred under the Sale Order except financial records that the Debtor or its principal needs to retain, the Lease will have terminated, and the principal disputes with Cooley and FBZ will have been resolved. The Liquor License transfer process may remain subject to MLCC approval, with the transfer application executed and the Liquor License held in escrow as provided in the Settlement Agreement. The retained financial records have no material liquidation value. The Debtor's filed Plan further disclosed no presently

known avoidance action expected to materially improve liquidation recovery and projected no Chapter 7 distribution to general unsecured creditors because senior secured claims and administrative expenses exhausted available asset value. There will therefore be no identified remaining reorganization or liquidation purpose that justifies continued Chapter 11 expense. Conversion would add a Chapter 7 trustee and additional administrative expense without an identified corresponding benefit to creditors.

Dismissal should preserve the completed Sale and Settlement once the conditions for entry of the dismissal order have been satisfied. Section 349(b) generally restores specified prepetition rights unless the Court orders otherwise for cause. After the sale of the Business Assets has been completed in reliance on a final Court order and the Settlement releases have become effective, cause will exist to order that dismissal not revive the Cooley or FBZ liens, the Guaranty, Lease claims, or any other obligations or claims discharged by the Settlement, including claims released in favor of the Creditor Released Parties and Debtor Released Parties and their intended third-party-beneficiary enforcement rights. Dismissal likewise should not impair the Liquor License application, escrow, or continuing transfer obligations. If MLCC approval is later denied

or not obtained, dismissal should not itself unwind the completed transfer of the other Business Assets or the other completed settlement transactions.

The Motion does not seek a structured dismissal that creates a new priority-skipping distribution. See Czyzewski v. Jevic Holding Corp., 580 U.S. 451 (2017). The distributions at issue arise under the separately noticed and Court-approved Sale and Settlement, before dismissal, from the consensual Carve-Out and distribution of the $49,283.00 Net Purchase Proceeds described in paragraph 2 of the Settlement Agreement. The Sixth Circuit has enforced a clear contractual carve-out permitting bankruptcy professionals to be paid from collateral subject to a secured creditor's lien. E. Coast Miner LLC v. Nixon Peabody LLP (In re Licking River Mining, LLC), 911 F.3d 806, 810-13 (6th Cir. 2018). Dismissal is requested only after Cooley has funded the full Net Purchase Proceeds as required by paragraph 2 and all amounts the Court requires to be paid or escrowed from those proceeds as a condition to dismissal have been paid or escrowed. Any remaining professional-fee escrow or Second DIP Account funds will remain subject to the Sale Order and the Court's retained jurisdiction.

For those reasons, dismissal is preferable to conversion and should be granted on the terms of the proposed order.

Dated: September 22, 2026
/s/ Robert N. Bassel

Robert N. Bassel (P48420)
Attorney for Debtor in Possession
P.O. Box T/Clinton, MI 49236
248.677.1234/bbassel@gmail.com



26-30869-jda Doc 103 Filed 09/22/26 Entered 09/22/26 09:34:37 Page 18 of 21

**EXHIBIT 4**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, FLINT DIVISION**

In re:
THE DOCK ON COOLEY LLC,
Debtor.

Case No. 26-30869
Chapter 11 (Subchapter V)
Hon. Joel D. Applebaum

/

## CERTIFICATE OF SERVICE

I certify that on 9.22.2026, I electronically filed the foregoing Motion and its exhibits with the Clerk of the Court using the ECF system, which will send notice to registered ECF participants, and I served the Motion and Notice by first-class mail on all creditors and parties in interest on the matrix unless they have already gotten notice under the ECF filing system.

Dated: September 22, 2026
/s/ Robert N. Bassel (P48420)
Attorney for Debtor in Possession
P.O. Box T
Clinton, MI 49236
248.677.1234
bbassel@gmail.com

**EXHIBIT 5**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, FLINT DIVISION**

| | |
|---|---|
| In re: | Case No. 26-30869 |
| THE DOCK ON COOLEY LLC, | Chapter 11 (Subchapter V) |
| Debtor. | Hon. Joel D. Applebaum |

/

**DECLARATION OF PERPARIM GJURA IN SUPPORT OF MOTION TO DISMISS**

I, Perparim Gjura, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1. I am the principal and authorized representative of The Dock on Cooley LLC and have personal knowledge of the Settlement Agreement, the proposed Sale, and the Debtor's operations.

2. The Debtor is filing its Sale Motion and this Motion to Dismiss contemporaneously as required by paragraph 2 of the Settlement Agreement. I understand that the Debtor will not request entry of a dismissal order until after the sale of the Business Assets has been consummated and the other conditions stated in paragraph 2 of the Settlement Agreement have been satisfied.

3. If the Sale closes, Cooley will pay $49,283.00 in Net Purchase Proceeds. I understand that those funds are proceeds of the Business Assets and property of the Debtor's bankruptcy estate and that Cooley consents to the Carve-Out and distribution described in paragraph 2 of the Settlement Agreement.

4. At Closing, Cooley will pay $20,000.00 to the IOLTA/client trust account of the Subchapter V Trustee, $15,000.00 to the IOLTA/client trust account of Debtor's counsel, and $14,283.00 to the Second DIP Account. I understand that the professional-fee amounts remain escrowed until the Court allows and authorizes payment, that any unused amount will be returned to the Debtor and deposited into the Second DIP Account unless otherwise ordered, and that the Second DIP Account and all funds in it remain property of the estate. Subject to Court approval, the initial $14,283.00 is to be paid to me as an administrative expense for my covenant not to compete, release, and cooperation in the transaction.

5. I understand that the Debtor will not request entry of a dismissal order until Cooley has paid the full $49,283.00 Net Purchase Proceeds in

the manner required by paragraph 2, all amounts the Court requires to be paid or escrowed from those proceeds as a condition to dismissal have been paid or escrowed, Cooley and FBZ have filed the required UCC-3 terminations and delivered evidence of filing to Debtor's counsel, and the Circuit Court Action has been dismissed. At Closing, the Debtor is to transfer all Business Assets other than financial records that the Debtor or I reasonably need to retain and the Second DIP Account and its funds, surrender the Premises to FBZ, terminate the Lease, and execute the application to transfer the Liquor License to Cooley and place the Liquor License in escrow pending MLCC approval. The Settlement releases become effective upon Closing and Cooley's payment of the full $49,283.00 Net Purchase Proceeds.

6. After the Sale closes and the required Net Purchase Proceeds have been paid or escrowed, the Debtor will have no operating business and no material Business Assets to reorganize. Any remaining professional-fee escrow or Second DIP Account funds will be held and administered under the Sale Order, the Settlement Agreement, and further Court order. I am not aware of any remaining asset or recovery source that would make conversion to Chapter 7 more beneficial to creditors than dismissal. In my judgment, continued Chapter 11 administration or conversion would create additional expense without a corresponding benefit, and dismissal will be preferable to conversion.

**VERIFIED UNDER PENALTY OF PERJURY**

Executed on: 9.22.2026

/s/ Perparim Gjura: